1  KOHUT & KOHUT LLP
   RONALD J. KOHUT (SBN 66463)
2  LAURA KOHUT HOOPIS (SBN 139143)
   3554 Round Barn Blvd., Suite 204
3  Costa Mesa, CA 95403
   Telephone: 707-573-3100
4  Facsimile: 707-573-3101
   Email: ronald@kohutlaw.com
5
6  Attorneys for Defendant AT&T Mobility LLC

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10  AT&T MOBILITY LLC,                        )
                                             )  Case No.
11            Plaintiff,                      )
                                             )
12       v.                                   )  **COMPLAINT FOR INTERPLEADER**
                                             )
13  GENERAL CHARLES E. "CHUCK"                )  [28 U.S.C. § 1335(a)]
    YEAGER (RET.); ED BOWLIN; CONNIE          )
14  BOWLIN; AVIATION AUTOGRAPHS;              )
    BOWLIN & ASSOCIATES, INC.; LAW            )
15  OFFICES OF JOANNA R. MENDOZA, P.C.;       )
    DE LA PENA & HOLIDAY, LLP; LESSER         )
16  LAW GROUP,                                )
                                             )
17            Defendants.                     )

18       Plaintiff AT&T Mobility LLC ("AT&T Mobility") alleges as follows:

19                        **THE STAKEHOLDER**

20       1.    Plaintiff AT&T Mobility is a limited liability corporation organized and existing

21  Under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia.

22                         **THE CLAIMANTS**

23       2.    On information and belief, AT&T Mobility alleges that Defendant General

24  Charles E. "Chuck" Yeager (Ret.) ("Yeager") is an individual who has resided at all relevant

25  times in Penn Valley, California.

26       3.    On information and belief, AT&T Mobility alleges that Defendants Ed Bowlin

27  and Connie Bowlin  are individuals who have resided at all relevant times in Griffin, Georgia.

28

                                            0
_____
                        **COMPLAINT FOR INTERPLEADER**

1    4.    On information and belief, AT&T Mobility alleges that Defendant Aviation

2  Autographs is a business entity with its principal place of business in Griffin, Georgia.

3    5.    On information and belief, AT&T Mobility alleges that Defendant Bowlin &

4  Associates, Inc. is a business entity with its principal place of business in Griffin, Georgia.

5  (Hereinafter, Ed Bowlin, Connie Bowlin, Aviation Autographs, and Bowlin & Associates are

6  collectively referred to as "the Bowlins").

7    6.    On information and belief, AT&T Mobility alleges that Defendant The Law

8  Offices of Joanna R. Mendoza, P.C. ("Mendoza") is a California professional corporation, with

9  its principal place of business in Granite Bay, California.

10    7.    On information and belief, AT&T Mobility alleges that Defendant De la Pena &

11  McDonald, LLP ("DLPM") is a California Limited Liability Company, with its principal place

12  of business in San Francisco, California.

13    8.    On information and belief, AT&T Mobility alleges that Defendant Lesser Law

14  Group is a California professional corporation, with its principal place of business in San Rafael,

15  California.

16                           **THE UNDERLYING ACTION**

17    9.    On or about November 21, 2007, Yeager filed an action in the Eastern District of

18  California, styled *General Charles E. "Chuck" Yeager (Ret.) v. AT&T Mobility, LLC, et al.*, Case

19  No. CIV S07-2517 KJM GGH (the "Underlying Action"), in which Yeager asserted various

20  statutory and common law claims based upon AT&T Mobility's purported violation of Yeager's

21  right of publicity.

22    10.    On June 8, 2012, the jury entered a defense verdict for AT&T Mobility on

23  Yeager's common law right of publicity claim and against AT&T Mobility on Yeager's statutory

24  right of publicity claim.

25    11.    On June 11, 2012, a money judgment in the amount of $135,000 (the "Judgment")

26  was entered in favor of Yeager and against AT&T Mobility in the Underlying Action.

27

28

_____
**COMPLAINT FOR INTERPLEADER**

1

**JURISDICTION AND VENUE**

2      12.      This Court has jurisdiction over this interpleader action under the provisions of

3   28 U.S.C. § 1335(a) because:

4                  (a)      There is diversity of citizenship between Yeager, who resides in the state

5                              of California, and the Bowlins, who reside in the state of Georgia;

6                  (b)      AT&T Mobility has deposited with the Clerk of the Court the full amount

7                              due on the Judgment in the amount of $308,668.95, which includes

8                              accrued interest (the "Deposited Funds"); and

9                  (c)      The Deposited Funds against which all defendants have asserted adverse

10                             claims exceeds $500.

11     13.       This Court is a proper venue for this action under 28 U.S.C. § 1397 because

12   Yeager is a resident of this judicial district.

13

**ADVERSE CLAIMS**

14     14.      Defendant Yeager, as the prevailing plaintiff in the Underlying Action, claims

15   entitlement to the amount deposited with the court by AT&T Mobility in satisfaction of the

16   Judgment.

17     15.      On June 25, 2010, the Bowlins filed a notice of lien in the Underlying Action,

18   claiming entitlement to $275,597 of any amounts otherwise payable by AT&T Mobility to

19   Yeager in satisfaction of the Judgment.

20     16.      On June 13, 2012, Mendoza filed a notice of lien in the Underlying Action,

21   claiming entitlement to $6,614.51 of any amounts otherwise payable by AT&T Mobility to

22   Yeager in satisfaction of the Judgment.

23     17.      On August 22, 2012, DLPM filed a notice of lien in the Underlying Action,

24   claiming entitlement to $41,234.12 of any amounts otherwise payable by AT&T Mobility to

25   Yeager in satisfaction of the Judgment.

26

27

28

_____

**COMPLAINT FOR INTERPLEADER**

18.     On December 31, 2012, Lesser Law Group asserted a lien in the Underlying Action, claiming entitlement to $145,976.91 of any amounts otherwise payable by AT&T Mobility to Yeager in satisfaction of the Judgment.

### NECESSITY FOR INTERPLEADER

19.     AT&T Mobility has no interest in or claim to the Deposited Funds.

20.     Pursuant to 28 U.S.C. § 1335(a), AT&T Mobility is entitled to join all defendants in a single action and to require each to seek a judicial determination as to lawful ownership of the Deposited Funds so as to avoid the possibility of multiple litigation and double or inconsistent liability.

21.     AT&T Mobility should be discharged from any further participation in this proceeding other than a judgment barring any further claims against AT&T Mobility as to the Deposited Funds.

22.     AT&T Mobility has incurred costs and reasonable attorney's fees in bringing this in this Action an amount to be shown at the hearing concerning the propriety of interpleader and the discharge of AT&T Mobility.

///

///

///

///

///

///

///

///

///

///

///

///

3

_____
**COMPLAINT FOR INTERPLEADER**

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff AT&T Mobility prays for judgment as follows:

3      1.  This Court relieve and discharge AT&T Mobility from any further liability on any

4    claim that has or may in the future be made concerning the Judgment in the underlying action;

5      2.  This Court enjoin the defendants from commencing any enforcement or other

6    action against AT&T based on the Judgment in the underlying action;

7      3.  This Court determine which of the defendants is entitled to the amount of the

8    Deposited Funds, or in the alternative, the proportionate share of each defendant in the Deposited

9    Funds;

10     4.  AT&T Mobility recover its costs and attorney's fees in this action; and

11     5.  AT&T Mobility have any and all other further relief to which it may be entitled.

12

13                KOHUT & KOHUT LLP

14

15        By:   _/s/  Ronald J. Kohut_
           Ronald J. Kohut, Esq.

16              Attorneys for Plaintiff
           AT&T Mobility LLC

17

18

19

20

21

22

23

24

25

26

27

28

4

_____
**COMPLAINT FOR INTERPLEADER**