1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

AT&T MOBILITY LLC,

12

Plaintiff,

13

v.

14

GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al.,

15

16

Defendants.

Civ. No.  S-13-0007 KJM DAD

ORDER

17

PARSONS BEHLE & LATIMER, PLC,

18

Plaintiff in Intervention,

19

v.

20

GENERAL CHARLES E. "CHUCK" YEAGER (RET.),

21

22

Defendant.

23

24

25

26

27

A motion to intervene filed by Parsons Behle & Latimer, PLC (PBL) and a motion to substitute Connie Bowlin in her capacity as executor and representative for the Estate of Ed Bowlin in place of decedent Ed Bowlin are both pending before the court.  Defendant Yeager has opposed the motion to intervene; no one has opposed Mrs. Bowlin's motion.  The court ordered both matters submitted on the pleadings and now GRANTS both motions.

28

1

1  I. BACKGROUND

2          On November 21, 2007, Robert Eliason with the law firm of Wild, Carter &

3  Tipton filed a complaint on Yeager's behalf against AT&T, raising claims of the violation of the

4  common law right of privacy and California Civil Code § 3344, among other claims.  *Yeager v.*

5  *AT&T*, Civ. No. S-07-2517 KJM GGH ("Yeager docket"), ECF No. 1.

6          On September 9, 2008, the court granted Eliason's motion to withdraw as counsel

7  and substituted plaintiff in propria persona.  ECF No. 31.  On March 16, 2009, Steven McDonald

8  of De La Pena & McDonald LLP substituted in as counsel for Yeager.  Yeager docket,  ECF

9  No. 33.

10          On March 8, 2010, the court granted plaintiff's substitution of attorney, relieving

11  attorney McDonald and substituting Charles Harder of Wolf, Rifkin, Shapiro, Schuman &

12  Rabkin, LLP as counsel and substituting plaintiff in propria persona.  Yeager docket, ECF No. 73.

13  On October 19, 2010, the court granted Harder's motion to withdraw as counsel and substituted

14  plaintiff in propria persona.  Yeager docket, ECF No. 84.

15          On June 25, 2010, Connie Bowlin, Ed Bowlin and Aviation Autographs (the

16  Bowlins), judgment creditors, filed a lien.  Yeager docket, ECF No. 77.

17          On November 16, 2010, attorney Joanna Mendoza substituted in as counsel for

18  plaintiff.  Yeager docket, ECF No. 88.  The court granted Mendoza's motion to withdraw on

19  April 11, 2011, again substituting Yeager in propria persona.  Yeager docket, ECF Nos. 95 & 96.

20          On October 12, 2011, attorney John Zarian of Zarian Midgley & Johnson PLLC

21  substituted in as counsel for Yeager.  Yeager docket, ECF No. 106.   In November 2011, Zarian

22  Midgley merged with Parsons Behle.  *See AT&T Mobility v. Yeager, et al*., Civ. No. S-13-0007

23  KJM DAD (AT&T docket), ECF No. 72-3 ¶ 4.

24          On June 8, 2012, Yeager prevailed in a jury trial against AT&T on his claim that

25  AT&T violated his right to publicity under California Civil Code § 3344 by using

26  plaintiff's name to promote its cell phone service.  Yeager docket, ECF No. 222.  The jury

27  awarded Yeager $135,000.  Yeager docket,  ECF No. 227 at 2.

28  /////

1    On June 13, 2012, attorney Mendoza filed a notice of a lien claim.  Yeager docket,

2  ECF No. 231.  She withdrew the lien claim on March 21, 2013.  Yeager docket, ECF No. 296.

3    Yeager filed a  motion for attorney's fees on July 9, 2012. Yeager docket,  ECF

4  No. 243.  In support of the motion for attorneys' fees, Yeager submitted billing records from

5  counsel Zarian Midgley & Johnson and its successor firm Parsons, Behle & Latimer as well as

6  billing records from his many former counsel.  *See generally* Yeager docket, ECF No. 243.

7    De La Pena & McDonald filed a notice of a lien claim on August 22, 2012, but

8  withdrew it on April 23, 2013.  Yeager docket, ECF Nos. 259, 300.

9    On December 18, 2012, the court granted plaintiff's motion for $160,757 fees for

10 PBL's work on the case, but denied his request for $132,150.72 in fees owed to his previous

11 counsel, holding that the invoices of the previous counsel were not properly authenticated.

12 Yeager docket, ECF No. 270 at 5.  The court also granted in part plaintiff's request for costs

13 under California Civil Code § 3344, granting $5728.42 of the $15,437.72 requested, and granted

14 in part plaintiff's request for costs under Federal Rule of Civil Procedure 54(d) (granting

15 $7100.30 of the $36,681.63 requested).  *Id.*  The court directed AT&T to remit a total of

16 $173,585.72 within fourteen days of the date of the order.  *Id.*

17    On December 28, 2012, the Bowlins filed a motion to intervene as judgment lien

18 creditors, seeking an order for disbursement of funds.   Yeager docket, ECF No. 271.

19    On January 2, 2013, plaintiff filed a motion for leave to file a supplemental motion

20 for attorneys' fees.  Yeager docket, ECF No. 277.  In that motion, Yeager sought an award of

21 $26,039 in attorneys' fees and additional costs incurred between July 1, 2012 and September 30,

22 2012.  Yeager docket, ECF Nos. 277 & 278.

23    Also on January 2, 2013, AT&T filed the instant interpleader action, naming

24 Yeager, the Bowlins, Mendoza, DeLaPena & McDonald and the Lesser Law Group as

25 defendants, and  deposited $308,668.85 into the court.  AT&T docket, ECF No. 1.

26    On January 16, 2013, Yeager filed a motion asking the court to reconsider its

27 decision not to award plaintiff the fees incurred by previous counsel.  Yeager docket, ECF

28 No. 279.

3

1      On February 15, 2013, Attorney Zarian filed a motion to withdraw as counsel

2  alleging among other things that Yeager had failed to pay the firm's invoices.  Yeager docket,

3  ECF No. 289.  The court directed Zarian to show cause why the request should not be denied in

4  light of then-pending motions for reconsideration and for additional fees.   Yeager docket,  ECF

5  No. 295.   On April 23, 2013, Yeager opposed Zarian's motion to withdraw.  Yeager docket, ECF

6  No. 301.

7      On April 16, 2013, the court granted the parties' stipulation for dismissal of AT&T

8  from the interpleader action subject to its depositing any supplemental attorneys' fees awarded

9  with the court.  AT&T docket, ECF No. 50.

10      On August 20, 2013, the court granted PBL's request for an additional award of

11  $7763.63 in fees and denied the motion for reconsideration.  Yeager docket, ECF No. 305.

12      On October 1, 2013, AT&T deposited an additional $7763.63 with the court and

13  on October 7, 2013, the court dismissed AT&T from the action.  AT&T docket, ECF No. 64.

14      On October 2, 2013, the court granted PBL's motion to withdraw as counsel in the

15  underlying case and discharged the order to show cause.  Yeager docket, ECF No. 306.

16      Zarian filed the instant motion on behalf of PBL on December 5, 2013.  AT&T

17  docket, ECF No. 72.  Only Yeager has opposed the motion.  AT&T docket, ECF No. 86.

18  II.  THE MOTION TO INTERVENE

19      Federal Rule of Civil Procedure 24(a) provides:

20          On timely motion, the court must permit anyone to intervene who
            . . . claims an interest relating to the property or transaction that is
21          the subject of the action, and is so situated that disposing of the
            action may as a practical matter impair or impede the movant's
22          ability to protect its interest, unless existing parties adequately
            represent that interest.
23

24      The court applies a four part test to determine whether intervention of right is

25  proper under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant

26  must have a 'significantly protectable' interest relating to the property or transaction that is the

27  subject of the action; (3) the applicant must be so situated that the disposition of the action may,

28  as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the

4

1   applicant's interest must not be adequately represented by the existing parties in the lawsuit."

2   *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  "'In

3   determining whether intervention is appropriate, courts are guided primarily by practical and

4   equitable considerations, and the requirements for intervention are broadly interpreted in favor of

5   intervention.'"  *United States v. Aerojet Gen'l Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010)

6   (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).  PBL argues it

7   easily satisfies all the requirements for intervention as of right.  Yeager argues the motion is not

8   timely and is not proper because its sole purpose is debt collection.

9       A. Timeliness

10      A court must consider three factors in determining whether a motion to intervene

11  is timely:  "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the

12  prejudice to the other parties; and (3) the reason for and length of the delay."  *League of United*

13  *Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange v.*

14  *Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986)).  The concept of timeliness is flexible, depending on

15  the circumstances before the court.  *Alisal Water Corp.*, 370 F.3d at 921; *United States v. State of*

16  *Or.*, 745 F.2d 550, 552 (9th Cir. 1984) ("Mere lapse of time is not determinative.").  The most

17  important factor in considering timeliness is "the issue of prejudice to the existing parties."  *Id.*

18      PBL argues its motion is timely because little substantive discovery has been

19  exchanged and no dispositive motions have been filed, and its intervention would not prejudice

20  any of the parties.  It also argues it could not intervene earlier because the court had not granted

21  its motion to withdraw as counsel in the Yeager case.  Motion, AT&T docket, ECF No. 72-1 at 8-

22  9.  Yeager counters that intervention will prompt him to file a cross complaint which will disrupt

23  the schedule set in the pretrial scheduling order.  AT&T docket, ECF No. 86 at 4-5.

24      i. Stage in the Proceedings

25      The scheduling order in this case was issued on November 21, 2013 and set

26  April 25, 2014 as the date for hearing dispositive motions, with a final pretrial conference of

27  July 11, 2014 and a court trial date of September 8, 2014.  Although these dates are not far off,

28  nothing significant has occurred in this case.  No dispositive motions have been set for April 25

5

1  despite the fact that the time for calendaring such motions has passed and the court has not

2  otherwise considered the merits of this case.  This supports a finding of timeliness.  *CEP Emery*

3  *Tech Inv. LLC v. JPMorgan Chase Bank, N.A.*, No. 09–04409 SBA, 2010 WL 1460263, at *3

4  (N.D. Cal. Apr. 12, 2010) (allowing intervention when court had not addressed the merits); *see*

5  *League of United Latin Am. Citizens*, 131 F.3d at 1303 ("the fact that the district court has

6  substantively—and substantially—engaged the issues in this case weighs heavily against allowing

7  intervention as of right").

8                          ii.  Prejudice to the Other Parties

9          Yeager says if PBL's motion is granted, he will seek leave to file a cross-

10  complaint against PBL based on its mishandling of the underlying case and "a simple interpleader

11  action" will become "greatly expanded."  AT&T docket, ECF No. 86 at 5.  However, the inquiry

12  is not whether the changed posture of the case will cause prejudice, but rather whether

13  intervention "would prejudice the existing parties because of the passage of time."  *State of Or.*,

14  745 F.2d at 553.  Had PBL been joined by AT&T when the interpleader was filed, Yeager would

15  have had to decide then whether to expand this "simple interpleader."  As the prejudice Yeager

16  identifies does not arise from the lapse of time, this does not undercut a finding of timeliness.

17                          iii.  Reason for and Length of the Delay

18          PBL says it could not seek to intervene until this court granted its motion to

19  withdraw as counsel, given Yeager's refusal to consent to its withdrawal, and that it moved

20  expeditiously once the motion was granted.  ECF No. 72-1 at 9. This too supports a finding of

21  timeliness.

22        B.  Significant Protectable Interest

23          "'[W]hether an applicant for intervention demonstrates sufficient interest in an

24  action is a practical, threshold inquiry.  No specific legal or equitable interest need be

25  established.'"  *Black & Veatch, Corp. v. Modesto Irrigation Dist.*, No. 1:11-cv-0069-LJO-SKO ,

26  2011 WL 4842319, at *7 (E.D. Cal. Oct. 12, 2011) (quoting *Berg*, 268 F.3d at 818).  Instead "[i]t

27  is generally enough that the interest is protectable under some law, and there is a relationship

28  /////

1    between the legally protected interest and the claims at issue." *Wilderness Soc'y v. United States*

2    *Forest Serv*., 630 F.3d 1173, 1779 (9th Cir. 2011) (internal citation & quotation marks omitted).

3         PBL has presented evidence that Yeager entered into a contract for representation

4    with its successor Zarian & Midgley; when the Zarian firm merged into PBL, the latter continued

5    to represent plaintiff under the terms of that contract; and there is still an outstanding balance due

6    it under the contract.  Decl. of John Zarian, AT&T docket, ECF No. 72-3 ¶¶ 3-7.  It also argues

7    that a portion of the funds AT&T has deposited with the court is comprised of the fees and costs

8    this court awarded to Yeager as prevailing party under California Civil Code § 3344 and those

9    funds awarded to the "prevailing party" belong to the attorney under California law.   AT&T

10   docket, ECF No. 72-1 at 11.

11        Yeager counters that intervention for the purpose of debt collection is not allowed.

12   He also argues that any debt owed to PBL is not liquidated because there has been no arbitration

13   of the fee dispute, because PBL did not inform Yeager of the right to arbitrate the fee dispute.

14   AT&T docket, ECF No. 86 at 4-5.

15        In reply, PBL says that the cases Yeager cites do not support his position and that

16   mandatory fee arbitration does not apply in this case.

17        In *Alisal Water Corp*., a case upon which Yeager relies, the Ninth Circuit said that

18   "an allegedly impaired ability to collect judgments arising from past claims does not, on its own,

19   support a right to intervention.  To hold otherwise would create an open invitation for virtually

20   any creditor of a defendant to intervene in a lawsuit where damages might be awarded."  370 F.3d

21   at 920.  PBL's claim, in contrast, does not stem from a past judgment, but is related to this action.

22        California's Mandatory Fee Arbitration Act (MFAA), California Business &

23   Professions Code §§ 6200, et seq., "provides a quick and inexpensive method for clients, at their

24   option, to resolve fee disputes with their attorneys."  *Perez v. Grajales*, 169 Cal. App. 4th 580,

25   585 (2008).  However the law does not apply to "[d]isputes where the fee or cost to be paid by

26   the client or on his or her behalf has been determined pursuant to statute or court order."  CAL.

27   BUS. & PROF. CODE § 6200(b)(3).  As this court has already awarded the fees for prevailing in the

28   underlying litigation, the MFAA does not apply.  *Vasquez v. Aartman, Inc*., No. CV-F-02-5624

7

1   AWI-LJO, 2005 WL 1836949, at *5-6 (E.D. Cal. Aug. 1, 2005) (finding the exception applied

2   when the court had preliminarily approved the appropriate payment of attorneys' fees).

3        Accordingly, without conclusively deciding at this stage that the fees belong to the

4   attorney and not the client, PBL has made a sufficient showing of a protectable interest in support

5   of its motion to intervene.

6       C.  Impairment of the Interest

7        The third prong of the *Berg* test, *supra*, requires the proposed intervenor to show

8   that resolution of the action may practically impair its ability to protect its interest.  *California*

9   *ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).  As the Ninth Circuit

10  observes, "'[i]f an absentee would be substantially affected in a practical sense by the

11  determination made in an action, he should, as a general rule, be entitled to intervene.'"  *Berg*,

12  268 F.3d at 822 (quoting FED. R. CIV. P. 24 advisory committee's notes to 1966 amendment).

13  Should the fund in this case be distributed without PBL's participation, its interest in recovery

14  will be affected.

15      D.  Adequacy of Representation

16       Proposed intervenors generally have a low burden to show that their interests are

17  inadequately represented, as required by the fourth prong of the *Berg* test.  *Arakaki v. Cayetano*,

18  324 F.3d 1078, 1086 (9th Cir. 2003).  Courts consider the following three factors in deciding

19  whether the burden is met: "(1) whether the interest of a present party is such that it will

20  undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is

21  capable and willing to make such arguments; and (3) whether a proposed intervenor would offer

22  any necessary elements to the proceeding that other parties would neglect."  *Id*. (citing

23  *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).  "The most

24  important factor in determining the adequacy of representation is how the interest compares with

25  the interests of existing parties."  *Id*.

26       Each of the parties to the action will likely take positions adverse to PBL's.  For

27  example, the Bowlins assert their position as a judgment creditor entitles them to priority, AT&T

28  /////

8

1   docket, ECF No. 7, while Yeager claims the entire fund himself. *Id.*, ECF No. 18.  None of the

2   parties will advance PBL's interests.

3              Accordingly, PBL has satisfied the requirements for intervention of right.

4   III.  THE MOTION TO SUBSTITUTE A PARTY

5              Connie Bowlin asks the court to substitute her, in her capacity as the personal

6   representative of and executor of the Estate of Ed Bowlin, in place of the decedent Ed Bowlin, on

7   the claim that the Bowlins and their businesses are entitled to $275,596.58 in attorneys' fees and

8   costs awarded in *Yeager v. Bowlin*, Civ. No. S-08-102 WBS JFM.  AT&T docket, ECF No. 87.

9   The request is unopposed.

10             Under Rule 25(a), "[i]f a party dies and the claim is not extinguished, the court

11  may order substitution of the proper party."  FED. R. CIV. P. 25(a).  Under California law, "a

12  cause of action for or against a person is not lost by reason of the person's death, but

13  survives. . . ."  CAL. CODE CIV. PRO. § 377.20(a).  Also under the federal common law, "claims

14  that are remedial in nature survive the claimant's death . . . ."  *E.E.O.C. v. Timeless Inv., Inc.*,

15  734 F. Supp. 2d 1035, 1057 (E.D. Cal. 2010).   The substitution is proper.

16             IT IS THEREFORE ORDERED that:

17             1.  PBL's motion to intervene, ECF No. 72, is granted; and

18             2.  Connie Bowlin's motion to substitute her in her capacity as Ed Bowlin's

19  personal representative in the place of Ed Bowlin, ECF No. 87, is granted.

20  DATED:  April 10, 2014.

21

22

23                                    _____

                                      UNITED STATES DISTRICT JUDGE
24

25

26

27

28