UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC, | Civ. No. 2:13-cv-00007-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al., | |
| Defendants. | |

| |
|---|
| PARSONS BEHLE & LATIMER, PLC, |
| Plaintiff in Intervention, |
| v. |
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), |
| Defendant. |

On August 22, 2014, the court conducted a final pretrial conference. John Zarian appeared for Parsons Behle & Latimer (PBL); R. Parker White appeared for General Yeager; there was no appearance for Connie Bowlin or the Lesser Law Group.

After hearing, and good cause appearing, the court makes the following findings and orders:

1

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1335(a) and 1397. Jurisdiction and venue are not contested.

JURY/NON-JURY

No party has requested a jury trial.

UNDISPUTED FACTS

Regarding Parsons, Behle, Latimer (PBL):

1. Yeager retained Zarian, Midgley & Johnson, PLLC (Zarian Midgley) in October 2011 in connection with the case of *Yeager v. ATT Mobility*, 2:07-CV-2517.

2. Zarian Midgley merged with PBL in November 2011.

3. Zarian Midgley and then PBL billed Yeager on an hourly basis.

4. Yeager failed to pay the amounts due and owes money to PBL.

5. PBL represented Yeager during the trial of *Yeager v. ATT Mobility* and secured a money judgment of $135,000 for Yeager.

6. PBL also secured an award of attorneys' fees in the amount of $173,585.72 and $7,763.63.

Regarding Connie Bowlin, the Estate of Ed Bowlin, Aviation Autographs, and Bowlin and Associates (collectively the Bowlins):

1. On March 3, 2009, Charles "Chuck" Yeager (Yeager) filed a second amended complaint against Connie Bowlin, Ed Bowlin, Aviation Autographs, and Bowlin & Associates, among others, alleging breach of the common law right of privacy, violations of California Civil Code § 3344, the Lanham Act, California's Unfair Business Practices and False Advertising Acts, fraud, breach of oral and written agreements, unjust enrichment, open book account, and equitable rescission. *Yeager v Bowlin*, 2:09-CV-1012 WBS CKD.

2. On January 6, 2010, the court granted the Bowlins' motion for summary judgment.

3. On February 4, 2010, Yeager filed a notice of appeal of this judgment.

/////

/////

  4. On February 26, 2010, the district court granted the Bowlins' request for $5,214.22 in costs and on June 7, 2010, the district court approved the Bowlins' request for $275,596.58 in attorneys' fees.

  5. On June 25, 2010, the Bowlins filed a notice of judgment lien in the amount of $275,597 in *Yeager v. ATT Mobility*.

  6. Yeager appealed the district court's order, which the Ninth Circuit affirmed on September 10, 2012.

  7. On August 8, 2013, the Ninth Circuit granted the Bowlins' request for attorneys' fees in part and referred the matter to the Appellate Commissioner, who in turn referred it to the Circuit Mediator, who referred it back to the Appellate Commissioner. The matter is still pending before the Circuit.

  Regarding the Lesser Law Group:

  1. On December 2, 2009, the Lesser Law Group (LLG) and Yeager entered into an amended Attorney-Client Engagement Agreement whereby Lesser would act as counsel of record in several pending suits.

  2. In addition, as part of this agreement, the firm provided advice to Yeager and Victoria Yeager regarding *Yeager v. ATT Mobility*, though the firm did not act as counsel of record.

  3. In the amended engagement agreement, Yeager granted LLG a lien.

  4. Thereafter the Yeagers became indebted to LLG for fees and costs totaling $145,976.91.

  5. The Yeagers have not paid any of that amount.

  6. Yeager has filed a malpractice action against LLG, Sacramento Superior Court Case No. 24-2011-00109638-CU-PN-GDS and LLG has cross-complained for its fees.

DISPUTED FACTUAL ISSUES

  1. Whether Yeager's contract with Zarian was assigned to PBL.

  2. The amount Yeager owes PBL.

  3. The amount Yeager owes LLG.

  4. The priority of the claims.

3

SPECIAL FACTUAL INFORMATION REGARDING PBL'S BREACH OF CONTRACT CLAIM

The October 2011 retention was not modified, nor are there any misrepresentations of fact, mistake or other matters affecting its validity. PBL alleges Yeager breached the October 2011 retention agreement and seeks damages for the breach.

DISPUTED EVIDENTIARY ISSUES

None identified.

STIPULATIONS/AGREED STATEMENTS

None.

RELIEF SOUGHT

In its breach of contract action, PBL seeks monetary damages in the amount of $106,408.52, prejudgment interest, and attorneys' fees and costs.

LLG seeks an order that its lien is valid and enforceable and has priority over the Bowlins' lien, and that the interpled funds be paid to LLG before being paid to the Bowlins or Yeager.

The Bowlins seek an order that they have priority over PBL and LLG.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

None.

WITNESSES

PBL expects to call General Yeager, Victoria Yeager, Kevin Pollei, and Dean Larson as witnesses.

Yeager expects to call General Yeager and Victoria Yeager.

/////

1    Each party may call any witnesses designated by the other.
2    A.    The court will not permit any other witness to testify unless:
3         (1) The party offering the witness demonstrates that the witness is for the purpose
4         of rebutting evidence that could not be reasonably anticipated at the pretrial
5         conference, or
6         (2) The witness was discovered after the pretrial conference and the proffering
7         party makes the showing required in "B," below.
8    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial,
9    the party shall promptly inform the court and opposing parties of the existence of the unlisted
10   witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.
11   The witnesses will not be permitted unless:
12        (1) The witness could not reasonably have been discovered prior to the
13        discovery cutoff;
14        (2) The court and opposing parties were promptly notified upon discovery
15        of the witness;
16        (3) If time permitted, the party proffered the witness for deposition; and
17        (4) If time did not permit, a reasonable summary of the witness's testimony
18        was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

20   PBL's exhibits are identified in attachment A.  At trial, PBL's exhibits shall be listed
21   numerically.
22   Yeager will offer canceled checks and bank statements as exhibits.  At trial, Yeager's
23   exhibits shall be listed alphabetically.
24   The court encourages the parties to generate a joint exhibit list to the extent possible.
25   Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.
26   All exhibits must be premarked.
27   The parties must prepare exhibit binders for use by the court at trial, with a side tab
28   identifying each exhibit in accordance with the specifications above.  Each binder shall have an

1  identification label on the front and spine. The parties must exchange exhibits as soon as possible
2  before trial.  Any objections to exhibits will be addressed the morning of trial.
3       A. The court will not admit exhibits other than those identified on the exhibit lists
4  referenced above unless:
5            1. The party proffering the exhibit demonstrates that the exhibit is for the purpose
6               of rebutting evidence that could not have been reasonably anticipated, or
7            2. The exhibit was discovered after the issuance of this order and the proffering
8               party makes the showing required in Paragraph "B," below.
9       B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly
10 inform the court and opposing parties of the existence of such exhibits so that the court may
11 consider their admissibility at trial. The exhibits will not be received unless the proffering party
12 demonstrates:
13           1. The exhibits could not reasonably have been discovered earlier;
14           2. The court and the opposing parties were promptly informed of their existence;
15           3. The proffering party forwarded a copy of the exhibits (if physically possible) to
16              the opposing party.  If the exhibits may not be copied the proffering party must
17              show that it has made the exhibits reasonably available for inspection by the
18              opposing parties.
19 DEPOSITION TRANSCRIPTS
20      Counsel must lodge the sealed original copy of any deposition transcript to be used at trial
21 with the Clerk of the Court no later than seven days before trial.
22 FURTHER DISCOVERY OR MOTIONS
23      None anticipated.
24 AMENDMENTS/DISMISSALS
25      None anticipated.
26 SETTLEMENT
27      The parties attended a settlement conference on February 12, 2014.   The Bowlins and
28 Yeager reached a partial settlement.

MOTIONS IN LIMINE

PBL may file motions in limine to resolve any evidentiary issues. They will be addressed the morning of trial.

SEPARATE TRIAL OF ISSUES

The Bowlins have asked that the issues raised by PBL's complaint in intervention be tried first and the remainder of the case stayed while the Ninth Circuit decides what fees they are entitled to and the Superior Court determines the amount of fees, if any, Yeager owes the LLG. Thereafter, the parties can try the priority of the liens, if that is necessary. The other parties have not objected to this procedure.

Accordingly, the case will proceed to the trial of PBL's complaint in intervention only on September 8, 2014.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

PBL has requested attorneys' fees in its complaint-in-intervention.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Court trial is set for September 8, 2014 at 9:00 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last one day. The parties are directed to Judge Mueller's trial schedule outlined at the "important information" link located on her web page on the court's website.

MISCELLANEOUS

1. Trial briefs are due seven days before trial.

2. LLG and the Bowlins are directed to file status reports, beginning sixty days after the issuance of this order and every sixty days thereafter, notifying the court of the progress of the Bowlins' fee application in the Ninth Circuit and the litigation in Sacramento County Superior Court.

/////

/////

OBJECTIONS TO PRETRIAL ORDER

    Each party is granted five days from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: August 25, 2014.

_____
UNITED STATES DISTRICT JUDGE