UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC, | No. 2:13-cv-0007-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP, | |
| Defendants. | |

R. Parker White has filed a motion to withdraw as counsel for defendant-in-intervention General Charles E. "Chuck" Yeager (Ret.). ECF No. 129. Plaintiff-in-intervention Parsons Behle & Latimer responded, generally opposing Mr. White's withdrawal, ECF No. 134, and General Yeager also opposes the motion, ECF No. 137. The matter was submitted without a hearing. Having considered the parties' filings and Mr. White's and General Yeager's in camera submissions, the court grants the motion.

The local rules of this district require an attorney who would withdraw and leave his or her client *in propria persona* to obtain leave of the court upon a noticed motion. E.D. Cal.

1

1 L.R. 182(d). The local rules also provide that withdrawal is governed by the Rules of
2 Professional Conduct of the State Bar of California. *Id.* California Rule of Professional Conduct
3 3-700(A)(2) requires an attorney take "reasonable steps to avoid reasonably foreseeable prejudice
4 to the rights of the client, including giving due notice to the client, allowing time for employment
5 of other counsel, complying with rule 3-700(D) [on release of a client's papers and property], and
6 complying with applicable laws and rules." The Rules do not allow an attorney to withdraw
7 unless, among other reasons, the withdrawal is because "[t]he client . . . renders it unreasonably
8 difficult for the member to carry out the employment effectively . . . or . . . [t]he [attorney]
9 believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the
10 existence of other good cause for withdrawal." Cal. R. Prof. Conduct 3-700(C)(1)(d), (C)(6).

11 The decision to grant or deny a motion to withdraw is within the court's discretion.
12 *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D.
13 Cal. Mar. 24, 2011) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th
14 Cir. 1982)). District courts in this circuit have considered several factors when evaluating a
15 motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the
16 other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide*
17 *Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Resource,*
18 *Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489 at *2 (E.D. Cal. 2009); *Beard v.*
19 *Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). The
20 correct resolution is the one which is equitable in light of the circumstances of the particular case.
21 *See CE Resources*, 2009 WL 3367489, at *2 (denying motion to withdraw despite client's
22 consent because withdrawal would have left corporation unrepresented in violation of local rules).

23 Here, Mr. White seeks to withdraw because General Yeager's conduct has
24 rendered continued representation unreasonably difficult. Mot. Withdraw 2-3, ECF No. 129. Mr.
25 White notified General Yeager of his intent to withdraw on October 20, 2014, and provided
26 General Yeager with all pertinent deadlines on the same day. White Decl., *id.* at 4-5. General
27 Yeager opposes the motion because he has fulfilled his obligations as a client, perceives no
28 difficulty in his relationship with Mr. White, has been unable to obtain representation, is not a

1  lawyer, is 91 years old, and suffers hearing loss.  Opp'n Mot. Withdraw ¶¶ 4-6, ECF No. 137.
2  Parsons Behle opposes the motion for largely the same reasons.  *See* Resp. 2-3, ECF No. 134.
3  Mr. White and General Yeager have also provided the court with more detailed descriptions of
4  their positions for review in camera.  *See* Minute Order, ECF No. 138.
5  　　　　An evidentiary hearing is now set for February 24, 2015, on the question of Mr.
6  White's authority to enter a settlement agreement on General Yeager's behalf.  Order 9, ECF No.
7  139; Minute Order, ECF No. 141.  General Yeager argues he will be prejudiced should Mr.
8  White's motion be granted and the hearing goes forward, citing his lack of legal training,
9  advanced age, and hearing loss.  Opp'n Mot. Withdraw ¶¶ 4-6, ECF No. 137.  Were the court to
10 deny Mr. White's motion, he would be required to represent General Yeager at the evidentiary
11 hearing in which General Yeager will present evidence that Mr. White had no authority to enter a
12 settlement agreement, and at which Mr. White may be required to testify.  *See* Order 8:25-9:2,
13 ECF No. 139.  Requiring Mr. White's continued representation would subject him to possible
14 conflicts of interest, render his representation unreasonably difficult, unnecessarily complicate the
15 proceedings, and likely prejudice both General Yeager and Parsons Behle.  Having carefully
16 considered the parties' positions, the court finds granting the pending motion will not stand in the
17 way of the evidentiary hearing proceeding to clarify basic facts relevant to whether the parties
18 previously have reached a settlement.
19 　　　　Mr. White's motion to withdraw is GRANTED.
20 　　　　IT IS SO ORDERED.
21 　DATED: January 13, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE