1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AT&T MOBILITY LLC,                              No.  2:13-cv-0007-KJM-DAD

12                    Plaintiff,

13           v.                                       ORDER

14    GENERAL CHARLES E. "CHUCK"
      YEAGER (RET.); ED BOWLIN; CONNIE
15    BOWLIN; AVIATION AUTOGRAPHS;
      BOWLIN & ASSOCIATES, INC.; LAW
16    OFFICES OF JOANNA R. MENDOZA,
      P.C.; DE LA PENA & HOLIDAY, LLP;
17    LESSER LAW GROUP,

18                    Defendants.

19

20

21             On November 21, 2014, the court issued an order on Parsons Behle & Latimer's

22    motion to enforce a settlement agreement between itself and General Charles E. ("Chuck")

23    Yeager (Ret.).  Order Nov. 21, 2014, ECF No. 139.  In that order the court concluded the

24    settlement agreement was enforceable and General Yeager bound if his then-attorney, R. Parker

25    White,[1] had authority to enter it on his behalf.  *Id.* at 5.  Applying California law, the court set an

26    evidentiary hearing on the question of Mr. White's authority, noting General Yeager would bear

27    _____

28    [1] The court granted Mr. White's motion to withdraw on January 14, 2015.  ECF No. 145.

                                              1

1   the burden to demonstrate Mr. White acted without authority. *Id.* at 8–9. The hearing was

2   originally set for January 20, 2015, *id.* at 9, but was later reset for March 24, 2015, *see* Minute

3   Order, ECF No. 141; Minute Order, ECF No. 161. On February 23, 2015, Victoria Yeager,

4   General Yeager's wife, filed an *ex parte* application to intervene. ECF No. 162. Ms. Yeager's

5   request to intervene is primarily motivated by her desire to "participate fully in the evidentiary

6   hearing," for example by "cross-examining witnesses, calling witnesses, submitting evidence, and

7   in opposing Parson Behle's Motion . . . ." Mem. P.&A. 2, ECF No. 162–1. Parsons Behle

8   opposed the request. ECF No. 163.

9   I.      DISCUSSION

10          First, Parsons Behle opposes Ms. Yeager's request as procedurally improper. *Id.*

11   at 2. Pro se litigants are held to the same standard as those represented by a lawyer. *See* E.D.

12   Cal. L.R. 183(a). Nevertheless, by long tradition, federal courts may afford unrepresented

13   litigants leniency in their filings. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

14   curiam); *Fajeriak v. McGinnis*, 493 F.2d 468, 470 (9th Cir. 1974); *Forte v. Cnty. of Merced*, No.

15   11-00318, 2014 WL 4745923, at *10 (E.D. Cal. Sept. 23, 2014). Because a motion noticed on the

16   court's civil law and motion calendar could not be timely resolved before the evidentiary hearing,

17   the court will consider Ms. Yeager's *ex parte* request and Parsons Behle's opposition to it.

18          Second, Parsons Behle opposes the request as untimely and because Ms. Yeager

19   does not describe in which capacity she seeks intervention, or the property or transaction in which

20   she claims an interest.

21          Federal Rule of Civil Procedure 24 governs intervention. First, intervention may

22   be mandatory:

23          [T]he court must permit anyone to intervene who . . . claims an
            interest relating to the property or transaction that is the subject of
24          the action, and is so situated that disposing of the action may as a
            practical matter impair or impede that movant's ability to protect its
25          interest, unless existing parties adequately represent that interest.

26   Fed. R. Civ. P. 24(a). A court may also permit anyone to intervene who "has a claim or defense

27   /////

28   /////

2

that shares with the main action a common question of law or fact." *Id.* R. 24(b).  The Ninth

Circuit has distilled these requirements for Rule 24(a):

> (1) [T]he application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  The court's decision

on an application to intervene is "guided primarily by practical and equitable considerations, and

the requirements for intervention are broadly interpreted in favor of intervention." *United States*

*v. Aerojet Gen'l Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (citation omitted).

In addition, any motion to intervene "must state the grounds for intervention and

be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

Fed. R. Civ. P. 24(c).  The Ninth Circuit has waived this requirement and "approved intervention

motions without a pleading where the court was otherwise apprised of the grounds for the

motion." *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir.1992).  Failure to

attach a pleading is "a 'purely technical' defect which does not result in the 'disregard of any

substantial right.'"  *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009)

(citation omitted).  Ms. Yeager's request, although filed without a pleading, sufficiently informs

the court of its grounds, and will not be denied for this technical failure alone.  Ms. Yeager may

adopt General Yeager's pleading in this matter as her own.

A.    Timeliness

"Intervention, both of right and by permission, can occur only '[o]n timely

motion.'"  *Peruta v. Cnty. of San Diego*, 771 F.3d 570, 572 (9th Cir. 2014) (quoting Fed. R. Civ.

P. 24(a)–(b)).  A motion's timeliness is evaluated in terms of "'(1) the stage of the proceeding at

which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and

length of the delay.'"  *Id.* (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th

Cir. 2004)).  "Mere lapse of time alone is not determinative."  *United States v. State of Or.*,

/////

745 F.2d 550, 552 (9th Cir. 1984).  The most important factor in considering timeliness is "the issue of prejudice to the existing parties." *Id.*

The first and third factors, the stage of the proceeding and the reason for and length of the delay, suggest Ms. Yeager's request is untimely.  This case was filed in January 2013, Compl., ECF No. 1, General Yeager was served the same month, ECF No. 11, and answered the complaint in February 2013. ECF No. 16.  Parsons Behle moved to intervene on December 5, 2013, ECF No. 72, and its motion was granted on April 11, 2014, ECF No. 91, approximately ten months ago.  Parsons Behle moved to enforce the settlement agreement on October 10, 2014, nearly five months ago.  As noted above, the court has already determined the settlement agreement is enforceable if Mr. White had authority to settle the case.  Ms. Yeager has provided no explanation for her delay other than noting Mr. White's motion to withdraw was granted in mid-January of this year.  Mem. P.&A 8.  General and Ms. Yeager's interests in this case have not changed with Mr. White's withdrawal.

The second factor, prejudice to other parties, weighs in favor of Ms. Yeager's request.  The court is aware of no delay Ms. Yeager's intervention would cause.  The focused hearing probing a narrow question will go forward on March 24, 2015, with or without her presence.  Parsons Behle has described no specific prejudice it will suffer or delay that could result, relying instead on generalized speculation that her intervention will "interrupt the resolution of the one remaining issue [and] will unduly delay and prejudice the adjudication of the original parties' rights."  Resp. Mot. Intervene 2:17–18, ECF No. 163.

On balance, although Ms. Yeager's request was delayed, there is no clear prejudice Parsons Behle will suffer should her request be granted.  It is timely for purposes of Rule 24.

B.      Significantly Protectable Interest

This inquiry is a practical one.  *Berg*, 268 F.3d at 818.  Ms. Yeager need not establish a specific legal or equitable interest.  *Id.*  The interest is usually sufficient if "protectable under some law" and that interest is related to the claims at issue in the existing litigation. *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1779 (9th Cir. 2011) (internal citation and quotation marks omitted).

4

Here, Ms. Yeager's contractual rights could be impaired if the settlement agreement is enforced.  The text of that agreement identifies her as a "Party."  *See Ex Parte Request Intervene*, Ex. A, at 1, ECF No. 162-1.  Its paragraph 4 includes a release: "Except for the obligations created hereunder . . . the Parties . . . hereby completely release and forever discharge one another . . . from any and all actual or potential claims . . . and any and all actual or potential causes of action of any type . . . ."  *Id.* Ex. A, ¶ 4.  Ms. Yeager's interest is sufficiently protectable to satisfy this prong.

C.     Protection of the Interest

Rule 24 requires the proposed intervenor to show that resolution of the action may practically impair her ability to protect her interest.  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).  "'If an absentee would be substantially affected in a practical sense by the determination made in an action, [s]he should, as a general rule, be entitled to intervene.'"  *Berg*, 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 advisory committee's notes to 1966 amendment).  Here Ms. Yeager's rights with respect to any claim against Parsons Behle could be impaired if the settlement agreement is enforced.

D.     Existing Adequate Representation of the Interest

Proposed intervenors generally have a low burden to show that their interests are inadequately represented.  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  Courts consider the following three factors in deciding whether the burden is met:

> (1) [W]hether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (citing *Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).  "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties."  *Id.*

/////

/////

5

1        Here, General Yeager's legal interests include each of those asserted by Ms.

2   Yeager.[2]  She has made no effort to show otherwise.  Her request is instead based on General

3   Yeager's incapacity to represent her interests without an attorney.  General Yeager is 92, and at a

4   recent status conference appeared unable to answer certain of the court's questions.  All things

5   considered, the court cannot conclude he is "capable [of] and willing" to assert arguments on Ms.

6   Yeager's behalf, assuming he continues to represent himself.

7   II.      CONCLUSION

8        Ms. Yeager's *ex parte* request to intervene is GRANTED IN PART, subject to the

9   following limitations:

10       First, this order makes Ms. Yeager a party to the litigation and entitles her to assert

11  defenses on her behalf.  She may not assert defenses on General Yeager's behalf or speak for him.

12  He remains a party to this action and is not represented, and must therefore appear and present his

13  case personally.  *See* E.D. Cal. L.R. 183(a) ("Any individual who is representing himself or

14  herself without an attorney must appear personally or by courtesy appearance by an attorney

15  admitted to the Bar of this Court and may not delegate that duty to any other individual, including

16  husband or wife, or any other party on the same side appearing without an attorney.").

17       Second, in light of the court's prior determination that the settlement agreement is

18  conditionally enforceable, Order Nov. 21, 2014, ECF No. 139, Ms. Yeager's defense is limited in

19  the same way General Yeager's is, to evidence that Mr. White lacked authority to enter the

20  agreement.

21       IT IS SO ORDERED.

22  DATED:  March 3, 2015.

23

24  _____
    UNITED STATES DISTRICT JUDGE

25

26  _____
    [2] The text of the settlement agreement appears to assign General Yeager obligations in addition to
    those of Ms. Yeager.  *See* Mem. P.&A. Ex. A, ¶ 2 ("Gen. Yeager"—not Ms. Yeager—"agrees to

27  pay Parsons Behle the total sum of Sixty Five Thousand Dollars ($65,000) (the 'Settlement
    Funds') through the disbursement  of funds deposited with the Court by AT&T in the Interpleader

28  Action, such Settlement Funds to be paid within thirty (30) days.").