1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AT&T MOBILITY LLC,                          No.  2:13-cv-0007-KJM-DAD

12              Plaintiff,

13         v.                                     ORDER

14    GENERAL CHARLES E. "CHUCK"
      YEAGER (RET.); ED BOWLIN; CONNIE
15    BOWLIN; AVIATION AUTOGRAPHS;
      BOWLIN & ASSOCIATES, INC.; LAW
16    OFFICES OF JOANNA R. MENDOZA,
      P.C.; DE LA PENA & HOLIDAY, LLP;
17    LESSER LAW GROUP,

18              Defendants.

19

20

21           The court held an evidentiary hearing on March 24, 2015, to allow the parties to

22    present evidence regarding attorney Parker White's authority to enter a settlement agreement on

23    General Charles E. "Chuck" Yeager's (Ret.) and Victoria Yeager's behalf.  *See* Minutes, ECF No.

24    167.  During the hearing, General Yeager represented himself, and Victoria Yeager represented

25    herself.  The court previously has seen General Yeager in trial of a related case in June 2012.  *See*

26    Case No. 07-cv-2517 (E.D. Cal.).  During that trial, while represented by counsel, General Yeager

27    took the stand and testified clearly in response to questions.  In contrast, at the hearing in this case

28    on March 24th, General Yeager's demeanor and responses to the court's questions appeared

                                                    1

1    markedly different.  As a result, the court developed a concern that General Yeager may not be

2    competent to represent himself in this matter.  When asked at the end of the hearing whether

3    General Yeager was competent to represent himself, Victoria Yeager answered emphatically that

4    he was not.  Having carefully considered the matter, the court's impression is that a hearing is

5    necessary to address the threshold question of General Yeager's competence to represent himself

6    at this point in time.

7                    The court has ordered closing briefs following the evidentiary hearing to be filed

8    by April 21, 2015.  In these same briefs the parties are now directed to respond to the court's

9    impression that a hearing on General Yeager's competence is required.  *See* Fed. R. Civ. P.

10   17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to

11   protect a minor or incompetent person who is unrepresented in an action.").  *See also Shankar v.*

12   *United States Dep't of Homeland Sec.*, No. 13-01490, 2014 WL 523960 (N.D. Cal. Feb. 6, 2014);

13   *Elder-Evins v. Casey*, No. 09-05775, 2012 WL 2577589 (N.D. Cal. July 3, 2012).

14                   IT IS SO ORDERED.

15    DATED:  March 25, 2015.

16

17   _____
                  UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28