1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AT&T MOBILITY LLC,                              No.  2:13-cv-0007-KJM-DAD

12                    Plaintiff,

13        v.                                          ORDER

14    GENERAL CHARLES E.
      "CHUCK"YEAGER (RET.); ED
15    BOWLIN; CONNIEBOWLIN;
      AVIATION AUTOGRAPHS;BOWLIN &
16    ASSOCIATES, INC.; LAWOFFICES OF
      JOANNA R. MENDOZA,P.C.; DE LA
17    PENA & HOLIDAY, LLP; LESSER LAW
      GROUP,
18
                      Defendants.
19

20

21           On March 24, 2015, the court held an evidentiary hearing to allow the parties to

22    present evidence on Parker White's authority to enter a settlement agreement on General Charles

23    E. "Chuck" Yeager's (Ret.) and Victoria Yeager's behalf.  *See* Minutes, ECF No. 167.  The court

24    has previously held that by asserting Mr. White lacked authority, General Yeager waived his

25    attorney-client privilege as to documents addressing Mr. White's authority.  *See* Order Feb. 11,

26    2015, at 4–6, ECF No. 158.

27           At the March 24 evidentiary hearing, after the court clarified the scope of the

28    waiver on the record, Mrs. Yeager introduced what was labeled as Exhibit A, an email addressed

                                                    1

1   to Mr. White dated September 4, 2014, 5:46 p.m.  That e-mail was admitted at Mrs. Yeager's

2   request over Parsons Behle's objection that it was incomplete without its attachment.  *See*

3   Minutes, ECF No. 167.

4   In a related case, *Yeager et al. v. Parsons Behle & Latimer, et al.*, No. 2:14-cv-

5   2544-KJM-DAD, General and Mrs. Yeager seek damages for Parsons Behle's alleged legal

6   malpractice and related claims.  Compl., Not. Removal Ex. A, Case No. 14-cv-2544, ECF

7   No. 1-1.  On March 20, 2015, the assigned magistrate judge in that case held a hearing on General

8   and Mrs. Yeager's motion to remand in that case.  *See* Minutes, Case No. 14-cv-2544, ECF No.

9   31.  On March 25, 2015, the day after the evidentiary hearing in this case, Parsons Behle

10  submitted to Judge Drozd the supplemental declaration of John Zarian in opposition to the

11  Yeagers' motion to remand; this declaration attached Exhibit A, the exhibit Mrs. Yeager

12  introduced at the evidentiary hearing before this court.  *See* Zarian Decl., Case No. 14-cv-2544,

13  ECF No. 32.

14  The next day, Parsons Behle filed a noticed motion for clarification in this court

15  seeking to clarify that it may disclose Exhibit A in the related case.  ECF No. 168.  In a

16  declaration attached to this motion, Mr. Zarian reports,

17  
18  Upon receipt of the foregoing supplemental declaration, Ms. Yeager immediately sent an email taking the position that the foregoing use of Ms. Yeager's email—which was admitted as
19  Exhibit "A" during the evidentiary hearing—was a "misuse" of the document because any waiver of the attorney-client privilege was limited "to the evidentiary hearing."
20  . . .
21  
22  Ms. Yeager and I were unable to resolve the foregoing dispute. In subsequent emails, Ms. Yeager threatened to file "ex parte motions" seeking unspecified "sanctions" for having brought her email to the
23  attention of Judge Drozd in the formally related Removed Action.

24  Zarian Decl. ¶¶ 11–12, ECF No. 168-2.

25  As provided by Local Rule 230(g), Parsons Behle's motion is submitted on the

26  record.  E.D. Cal. L.R. 230(g).  Addressing the suggestion that Mrs. Yeager can limit

27  consideration of Exhibit A to the proceedings before the undersigned, as this court previously has

28  observed: "[s]ustaining the privilege" in these circumstances "would allow the client to use it

2

1  both as sword and shield, impermissibly." Order Feb. 11, 2015, ECF No. 158; *see also Chevron*

2  *Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *People ex rel. Herrera v. Stender*,

3  212 Cal. App. 4th 614, 647 (2012).  General and Mrs. Yeager previously have waived any

4  privilege that would have protected Exhibit A, including in the related case, by asserting that Mr.

5  White lacked authority to settle this case on their behalf.[1]  This court has not limited the waiver to

6  this case.  Mrs. Yeager confirmed the waiver by introducing, and General Yeager by allowing the

7  introduction of, Exhibit A at the evidentiary hearing before this court.  The motion for

8  clarification, ECF No. 168, is GRANTED as set forth here.

9         IT IS SO ORDERED.

10   DATED:  March 30, 2015.

11

12  _____
           UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [1]   The waiver by General Yeager occurred initially before this court had reason to raise
questions regarding his competency to represent himself in this action, a question the court has

28  now asked the parties to brief.  *See* ECF 169.