General Charles E. "Chuck" Yeager (Ret.)
P.O. Box 1146
Penn Valley, CA 95946
In pro se

Victoria Yeager
P.O. Box 1507
Penn Valley, CA 95946
(530) 432 7063
editor@chuckyeager.com
in pro se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>Defendants.<br>_____<br><br>PARSONS BEHLE & LATIMER, PLC,<br><br>Plaintiff-in-Intervention,<br><br>v. | CASE NO:   2:13-CV-00007 KJM-DAD<br><br>*The Honorable Kimberly J. Mueller*<br>Courtroom 3<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER RE THE MOTION FOR CLARIFICATION AND ENTER A NEW ORDER |

---
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**
1

GENERAL CHARLES E. "CHUCK" YEAGER (RET.),

    Defendant-in-Intervention.

MEMORANDUM OF POINTS AND AUTHORITIES

INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 6(c) and Civil Local Rule 144(c), General Charles E. Yeager and Victoria Yeager, (the "Yeagers"), hereby apply the Court *ex parte* to Vacate the Order granting the Motion for Clarification And Enter a New Order per Federal Rule of Evidence 502(d) that the privilege is not waived by disclosure connected with the litigation pending before the court – in which even the disclosure is also not a waiver in any other federal or state proceeding. The Yeagers request this because attorney-client privilege is sacrosanct and because Parsons Behle & Latimer, Kennedy Luvai, and John Zarian ("Parsons"), through their attorney, John Zarian, have already misused evidence by mischaracterizing and misstating evidence and what was stated in a Court hearing in a related case, *Yeager v Parsons Behle*, Case No.2:14-cv-02544-JAM-CKD ("Related Case"). Issuing the new order would prevent Parsons from misusing attorney client privileged evidence again and would properly protect the Yeagers and attorney-client privilege.

//

BACKGROUND

This Court ordered an evidentiary hearing regarding Defendant-in-Intervention General Charles E. Yeager's attorney Parker White without authorization settling this case for General Yeager and his wife, Victoria Yeager, Plaintiff in Intervention. [Victoria Yeager Declaration ("VY Decl.") P. 2, lines 10-15]

This Court further ordered that attorney-client privilege was waived as to the limited issue of authorization re the evidentiary hearing. (VY Decl. P. 2, lines 16-17)

On March 20, 2015; the Court in the Related Case heard the Yeagers' Motion for Remand based on the following in the motion and at the hearing:

    a.  that Mr. Zarian agreed the Yeagers could *choose* Sacramento County Superior Court of California – location, forum and venue - for a trial in the case of a dispute between Mr. Zarian and the Yeagers.

    b.  that no lawyer would take the Related Case if filed in Federal Court.

    c.  that it would be highly prejudicial to require the Yeagers to handle a Federal Court case in pro se instead of remanding it to Sacramento County Superior Court where the Yeagers have some knowledge of procedure.

    d. In Federal Court, the Yeagers stand no chance which is highly prejudicial

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**

3

  e. that none of the cases cited to oppose the remand are on point as none are between an attorney and client wherein an attorney is required to, at a minimum, tell the client that the agreement has to be in writing and certainly it is up to the attorney to make sure there is an agreement in writing if required

  f. John Zarian was already the Yeagers attorney when he was hired for the Yeager v AT&T case and so was required to protect his clients.

  g. The Yeagers, in the final analysis, in filing in pro per, *chose* Sacramento County Superior Court per their agreement with John Zarian.

(VY Decl. P. 3, lines 4-Page 5 line 5)

  On March 24, 2015; the Honorable Judge Mueller held an evidentiary hearing in the related case. In the hearing, Victoria Yeager discussed four emails showing Parker White did not have authorization. (VY Decl. P. 4, lines 7-9)

  Parsons and John Zarian, on approximately March 25, 2015, the very next day, in the Related Case, filed a late supplemental declaration attaching one of the exhibits presented by Victoria Yeager in the evidentiary hearing and mischaracterized it as well as misrepresented what was stated in the Court in the Related Case. (VY Decl. P. 4, lines 10-16)

  Parsons and John Zarian did this to greatly prejudice both Courts against the Yeagers and to gain an advantage arguing after argument was closed in the Related Case and arguing before the final briefs in this case.

After filing his Supplement Declaration and Exhibit and in a rare move, emailing a "courtesy copy" to Victoria Yeager, which Parsons had not done re almost all other previous filings (in fact refused to do so on some occasions), John Zarian threatened sanctions and then demanded that the Yeagers withdraw their Motion to Remand. (VY Decl. P. 4, lines 17-20)

Two days later, John Zarian suggested the Yeagers did not need to file a response to his (highly prejudicial and misleading) Supplemental Declaration. (VY Decl. P. 4, lines 21-24). This clearly shows Mr. Zarian's intent to prejudice the Court unfettered.

Then Parsons filed a noticed Motion for Clarification in this case. (VY Decl. P. 4, line 25)

Before the time for the Yeagers to file an opposition expired, the Court granted the noticed Motion for Clarification. (VY Decl. P. 5, lines 1-3)

The Yeagers did a meet and confer with Parsons re the issues in this ex parte application. Because there was no agreement and just more threats from Parsons, the Yeagers told Parsons they would be filing this ex parte application. (VY Decl. P. 5, lines 4-7)

## LEGAL STANDARD

Under Local Rule 144(c), the Court may, in its discretion, grant an *ex parte* request for an extension of time "upon the affidavit of counsel that a stipulation

---
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**
5

extending time cannot be reasonably obtained, explaining the reasons why such a stipulation cannot be obtained, and the reasons setting forth why an extension is necessary." E.D. Cal. L.R. 144(c).

Because the issues involved attorney-client privileged materials that have been filed openly in a related case by opposition and mischaracterized in that case and this one, the issues are time sensitive to limit exposure, prejudice and abuse. Further, several decisions may be decided based on Parsons highly prejudicial filings before a notice motion could be heard

According to Federal Rule of Evidence 502(a) re attorney client privilege limits a waiver of privilege normally to the communication or materials disclosed, and not to the entire subject matter of the communication. The scope of any waiver is therefore confined to the information disclosed unless "fairness" requires further disclosure.

Federal Rule of Evidence 502(d) Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding.

## ARGUMENT

Attorney-client privilege is sacrosanct according to the American Bar Association. There are few times when an attorney may violate the privilege

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**

6

without punishment. One of those is to prove s/he had authorization to settle a case. The allowance is usually limited in scope to the issue and to the proceeding to allow the attorney to prove the authorization so as to keep sacrosanct as much as possible the attorney-client privilege. This is also so that if it is the attorney's mistake, as is the case here at a minimum, the client is minimally impacted re privilege

    This is what Victoria Yeager had understood at the time this Court's order re the attorney-client privilege waiver to be and that the waiver was limited to the evidentiary hearing only and in re the question of authorization only and that evidence including, but not limited to, evidence ordered by this Court to be turned over by Parker White, could not be used elsewhere. (VY Decl. P. 2, lines 18-22)

    Even with this understanding, the Yeagers did not trust Mr. Zarian as he has a history of violating California Rule of Professional Conduct 5-200 by mischaracterizing and misstating evidence to prejudice the Courts. (VY Decl. P. 3, lines 1-3) So the Yeagers were very limited in what they disclosed regarding no authorization as they were concerned about Mr. Zarian and what he would do. Even if the Court would reprimand him, the horse would have already left the barn. (VY Decl. P. 2, lines 24-26)

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**

7

The Yeagers serious concerns have been realized by Mr. Zarian's misuse and incendiary mischaracterization of an exhibit and by his flurry of three filings re that exhibit after the evidentiary hearing. Two in the related case, one in this one.

The Court has cited a case where it would be prejudicial for the client to wield privilege as a sword and a shield. This is applicable to an issue and has to do with fairness. The issue was whether Parker White had authorization to settle this case, which he did not.

However, here, it is Parsons and Mr. Zarian who are trying to (mis)use it and are being grossly unfair. It is Parsons and Mr. Zarian who have highly prejudiced the Court against the Yeagers by Mr. Zarian's misuse, incendiary mischaracterization, and misrepresentation of the evidence and the hearing in the Related Case in violation of California Rule of Professional Conduct 5-200.

It is a slippery slope as misusing the evidence in the Related Case, could require the Yeagers to reveal more attorney-client privileged information to defend themselves. This is highly prejudicial against and abusive towards the Yeagers and should be disallowed.

Since the material does not add anything to the equation for the Related Case except by Mr. Zarian's mischaracterization, it is a thinly veiled excuse for Mr. Zarian to try to prejudice the Courts.

As a consequence of their mischaracterization and misrepresentation of what was stated in the hearing in the related case in order to prejudice the Court, Mr. Zarian and Parsons should not be allowed to benefit and should be precluded from attempting this again.

According to Federal Rule of Evidence 502(a) re attorney client privilege limits a waiver of privilege normally to the communication or materials disclosed, and not to the entire subject matter of the communication. The scope of any waiver is therefore confined to the information disclosed unless "fairness" requires further disclosure.

Federal Rule of Evidence 502(d) Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding.

This rule gives more protection to the attorney-client privilege. It is not the Yeagers' fault that Parker White acted without authorization and so the Yeagers should not have to pay for Mr. White's actions, let alone have to pay again and again. (VY Decl. P. 5, lines 9-17).

The Yeagers had not had a chance to oppose the Motion for Clarification before the Court issued its Order. Per E.D. Cal. L.R. 230(c), the Yeagers' opposition would have been due April 8, 2015. (VY Decl. P. 5, lines 1-2)

--------------------------------------------------------------------------------
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**
9

## CONCLUSION

The Yeagers hope that the Court now has a more complete understanding of the events that have transpired regarding Mr. Zarian and Parsons Behle. As such, the Yeagers request that the Court vacate the current order and enter a new order that the privilege or protection is not waived by disclosure connected with this litigation pending before this court — in which event the disclosure is also not a waiver in any other federal or state proceeding including, but not limited to, the Related Case.

Further, the Yeagers would like to request a settlement conference for both this and the related case in this Court. John Zarian has expressed an interest in settling these cases. (VY Decl. P. 5, lines 18-22)

DATED THIS 7 April, 2015.

                                                */s/ Charles E. Yeager /s/*
                                                General Charles E. Yeager

                                                */s/ Victoria Yeager /s/*
                                                Victoria Yeager

c. GCYI

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**
10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Victoria Yeager /s/*
Victoria Yeager
c. GCYI

---
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE THE ORDER AND ENTER A NEW ORDER**
11