1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al.,<br><br>  Defendants. | No.  2:13-cv-0007-KJM-DAD<br><br><br><br>ORDER |

On March 31, 2015, the court issued an order granting Parsons Behle & Latimer's motion for clarification. ECF No. 170. In that order the court confirmed General Yeager and Victoria Yeager had waived any privilege that would have protected the document introduced as Exhibit A at the March 24, 2015 evidentiary hearing, including in the related case, *Yeager et al. v. Parsons Behle & Latimer, et al.*, No. 2:14-cv-2544-KJM-DAD. On April 8, 2015, General and Ms. Yeager filed an ex parte application requesting the court reconsider that order. ECF Nos. 172, 173.

All motions, including for reconsideration, must be noticed and filed in accordance with this District's Local Rules and the Federal Rules of Civil Procedure. *See* E.D. Cal. L.R. 230. The standing order allows limited exceptions to that rule for *ex parte* applications:

/////

1

> The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the ex parte application in order to advise that such request is being made.  In addition, the document(s) must indicate whether or not an opposition will be filed.  The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the failure of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

Standing Order 5, ECF No. 55-1.  The Yeagers' application, if a motion, was not filed in accordance with the Local Rules.  If intended as an *ex parte* application, its filing did not comply with this court's standing order.  The court has overlooked procedural shortcomings in the Yeagers' filings while cautioning that "[p]ro se litigants are held to the same standard as those represented by a lawyer."  Order Mar. 5, 2015, at 2, ECF No. 164 (citing E.D. Cal. L.R. 183(a)).  The Yeagers' future failures to follow local rules and this court's standing order can be expected to face appropriate sanctions, including the striking of noncompliant motions or applications.

An application for reconsideration must describe "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j).  The Yeagers have described no new or different facts or circumstances.  They argue only that the "attorney-client privilege is sacrosanct"; that Ms. Yeager understood General Yeager's waiver did not reach any proceedings outside the evidentiary hearing; and that the scope of the waiver should be limited in consideration of fairness.  The court considered these points before issuing its previous order.  Reconsideration now would lead to no different conclusion.

The motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: April 16, 2015.

_____
UNITED STATES DISTRICT JUDGE

2