John N. Zarian (SBN 145080)
Brook B. Bond (SBN 144815)
Kennedy K. Luvai (*pro hac vice*)
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
E-Mail:    *JZarian@parsonsbehle.com*
           *Bbond@parsonsbehle.com*
           *Kluvai@parsonsbehle.com*

Attorneys for Plaintiff-in-Intervention
Parsons Behle & Latimer, PLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>              Plaintiff,<br><br>v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>              Defendants.<br><br>PARSONS BEHLE & LATIMER, PLC<br><br>              Plaintiff-in-Intervention,<br><br>v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.),<br><br>              Defendant-in-Intervention. | Case No.: 2:13-CV-0007 KJM DAD<br><br>*The Honorable Kimberly J. Mueller*<br>Courtroom 3<br><br>**PLAINTIFF-IN-INTERVENTION'S CLOSING BRIEF RE: EVIDENTIARY HEARING HELD ON MARCH 24, 2015** |

Plaintiff-in-intervention Parsons Behle & Latimer, PLC ("Parsons Behle") respectfully submits the following closing brief concerning the evidentiary hearing held before this Court on March 24, 2015, and requests that its pending Motion to Enforce Settlement Agreement (the "Motion") be granted and that the parties' settlement agreement be enforced against defendant-in-intervention General Charles E. "Chuck" Yeager (Ret.) ("Gen. Yeager") and against intervenor Victoria Yeager ("Mrs. Yeager").

## BACKGROUND

On November 21, 2014, this Court issued an order (the "Order") concerning Parson Behle's pending Motion. (Dkt. 139.) In the Order, which summarizes many of the relevant facts, the Court concluded that Parsons Behle and Gen. Yeager did, in fact, entered into a settlement agreement through Gen. Yeager's counsel, Parker White. (Order, at 5.) The only issue left to be determined was the question of Mr. White's authority. (Id. ("If indeed Mr. White had authority, Yeager is bound.").) That remaining issue was the subject of an evidentiary hearing before this Court on March 24, 2015.

## DISCUSSION

### A.     MR WHITE HAD AUTHORITY TO ENTER INTO THE SETTLEMENT.

Mr. White testified that he was given authority to enter into the settlement agreement reached with Parsons Behle. (Transcript, 47:24-49:25.) He explained that, in exchange for representing the Yeagers for free, he demanded authority to "eliminate" litigation and understood that the Yeagers had accepted his advice. (Id.) Based on in-person conversations with the Yeagers, Mr. White was led to understand that he was authorized to enter into any "reasonable settlement agreement" with respect to the claims asserted by Parsons Behle in this action. (Id., 52:5-16, 55:8-115.) As Mr. White later confirmed to the Yeagers over the phone, he was given this "authority" to settle during in-person meetings at the outset of the representation, and the Yeagers were thus "bound." (Id., 60:9-61:5, 16-18.)

The Yeagers never refuted the foregoing testimony by Mr. White. To be sure, during Mrs. Yeager's testimony, she suggested that they never approved the specific language of the settlement agreement signed by Mr. White. (*See* Transcript, 90:24-91:11.) However, neither she nor Gen. Yeager (who failed to testify) directly controverted Mr. White's testimony regarding broad settlement authority. (*See* Transcript, 103:18-104:7 (sustaining outside the scope objection after the parties had rested).)

**B.    MR. WHITE AND HIS STAF BELIEVED HE HAD SETTLEMENT AUTHORITY.**

Clearly, Mr. White and his staff believed he had entered into a binding settlement agreement on behalf of the Yeagers, further corroborating Mr. White's testimony regarding his settlement authority.

Following a request from opposing counsel, and at Mr. White's behest, Brenda Mojarro (his paralegal) confirmed that the settlement agreement reflected the agreement of the *parties*. (Transcript, 18:6-19:3, 24:23-25:21, 47:3-23, 51:10-52:4.) Thereafter, Mr. White's office prepared and filed a notice of settlement – reviewed and approved by Mr. White – advising the Court that the *parties* had reached a settlement. (Id., 22:15-23, 45:5-8, 53:19-54:6.) Even as of September 24, 2014, Mr. White believed the written agreement would be signed forthwith and that the Yeagers were "in agreement" with the settlement. (Id., 57:4-58:5.) When the Yeagers refused to cooperate (or even to meet with their counsel), Mr. White and his staff were genuinely "surprised." (Id., 26:17-22, 57:4-58:5, 59:23-60:8, 61:6-15.)

**C.    THE YEAGER'S CONDUCT IS NOT CONSISTENT WITH THEIR POSITION.**

Mr. White's conduct is consistent with the settlement authority he testified he was given. By contrast, the Yeagers' conduct is *not* consistent with the position they are now taking before this Court.

As of Friday, September 5, 2014, the trial of this case was scheduled for Monday, September 8. (Transcript, 20:10-18, 36:16-37:18,) The Yeagers had notice of that trial date. (Id., 20:23-21:8, 37:19-23, 39:10-40:11) However, neither the Yeagers nor their counsel appeared for trial on September 8. (Id., 54:20-24.) It is undisputed that the Yeagers were advised the trial had been vacated (id., 27:15-28:1, 54:25-55:1, 88:12-19, 93:16-96:5); however, Mrs. Yeager now claims that she had no understanding of the "reasons" or surrounding circumstances. (*See* id., 93:16-96:5, *see also* id., 91:24-92:16 (unable to state exactly when she learned trial date had been vacated).) This testimony is not credible.

Furthermore, the Yeagers would not and could not have been ready for trial on Monday, September 8. After testifying under oath that they were "home" on Friday, September 5, 2014, Mrs. Yeager said she could not recall where they were on that date. (Transcript, 96:20-97:13.) Then, faced with discrepancies in the time stamps on her emails, Mrs. Yeager was forced to admit that they were out of town that entire week and that, as of September 5, 2014 (when the Yeagers were told the trial had been vacated), they had done *nothing at all* to prepare for trial the following Monday. (Id., 97:18-99:12.) This conduct by the Yeagers is consistent with *Mr. White's* testimony that he had authority to settle the

2

case. The Yeagers' conduct also suggests the Yeagers led Mr. White to believe he had settlement authority, so as to scuttle a trial for which they were unprepared – only to renege on the settlement at a later date.

**D.  MRS. YEAGER'S TESTIMONY AT THE HEARING WAS NOT CREDIBLE.**

This Court has previously ruled that Gen. Yeager waived any (compulsory) counterclaim for legal malpractice allegedly committed during the (successful) AT&T trial. (Dkt., at 6.) No such counterclaim was ever filed. Mrs. Yeager claims she hired Mr. White to file that counterclaim and instructed him to file it, but suggests she did not know it was not asserted. (Transcript, 87:16-19, 99:17-101:18.) Alternatively, she claims a decision was made to file the claim in state court, but then suggests that decision was only made after the trial date was vacated (long after Gen. Yeager's answer was filed). (Id.) Ultimately, Mrs. Yeager simply argued at the hearing that Mr. White was "not truthful." (Id.)

Mrs. Yeager's testimony, as observed by this Court, was not credible. She could not explain inconsistencies regarding Gen. Yeager's unasserted counterclaim. Even as she directs every aspect of Gen. Yeager's (many) pending legal actions, Mrs. Yeager claims that she had no understanding of the "reasons" or circumstances surrounding the vacated trial date in this case. Mrs. Yeager produced a handful of emails at the evidentiary hearing, presumably believing they were helpful, but did not produce other relevant emails, failed to produce attachments, and could not answer questions relating to the authenticity of the emails she produced. (Transcript, 93:2-15, 102:3-13; *see also* id., 84:17-85:18.) Presently, she claims that Gen. Yeager's only limitation on March 24, 2014 was his "hearing loss," even though Gen. Yeager repeatedly told the Court that he could hear fine. (Id., 6:3-9 ("This is very good.").)

Mrs. Yeager's conduct since the hearing is also dubious. After the hearing, she approached the undersigned and requested that the parties agree to split the cost of an original transcript (and copy) of the hearing on March 24, 2015. In part due to a delay in requesting the transcript (as a consequence of a miscommunication by counsel's staff), the parties jointly requested a continuance of the due date for these briefs (which the Court granted). The undersigned counsel then paid for the original transcript and asked Mrs. Yeager to pay her share, only to learn that she had separately obtained a copy (at much lower

3

4833-7493-7123.1

cost) from the court reporter. Mrs. Yeager thus reneged on her agreement to split the cost of a transcript, ironically, just as she (and Gen. Yeager) reneged on their settlement agreement with Parsons Behle.

## CONCLUSION

For all of the foregoing reasons, Parsons Behle respectfully submits that the Court should grant its pending Motion to Enforce Settlement Agreement (Dkt. 128).

DATED this 12th day of May, 2015

                                      PARSONS BEHLE & LATIMER


                                      By */s/ John N. Zarian*
                                          John N. Zarian
                                          Brook B. Bond
                                          Kennedy K. Luvai
                                          Attorney for Plaintiff-in-Intervention
                                          Parsons Behle & Latimer, PLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of May, 2015, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Kennedy K. Luvai*
Kennedy K. Luvai
