UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL CHARLES E. "CHUCK"YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>    Defendants. | No. 2:13-cv-0007-KJM-DAD<br><br>ORDER |

The court held an evidentiary hearing on March 24, 2015, to allow the parties to present evidence on Parker White's authority to enter a settlement agreement on behalf of General Charles E. "Chuck" Yeager (Ret.) and Victoria Yeager. *See* Minutes, ECF No. 167. At that hearing, General Yeager represented himself, and Victoria Yeager represented herself. Based on General Yeager's demeanor and responses to the court's questions at the hearing, the court developed a concern that General Yeager may not be competent to represent himself in this matter and ordered the parties to respond to that concern in closing briefs. Order Mar. 26, 2015, ECF No. 169. Specifically, the court ordered the parties to address the court's impression that a

1

hearing on General Yeager's competency is required. *Id.* The parties submitted responsive briefs on May 12, 2015. *See* Gen. Yeager Brief, ECF No. 180; Parsons Behle & Latimer Brief, ECF No. 182; Mrs. Yeager Brief, ECF No. 182. The court notes that General Yeager's brief is identical to Mrs. Yeager's brief except for the electronic signature page.

For the reasons described below, the court instructs General Yeager to appear to advise the court whether he consents to appointment of a guardian ad litem, and if he does not, why the court should not set an evidentiary hearing on his competence.

I.     LEGAL STANDARD

Federal Rule of Civil Procedure 17(c) requires a court to appoint a guardian ad litem or take "whatever measures it deems proper to protect an incompetent person during litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.* (*Acres*), 795 F.2d 796, 805 (9th Cir. 1986). The court is under "legal obligation" to consider whether an incompetent person is adequately protected. *Id.* In a non-habeas civil case, if an incompetent person is unrepresented, the court may not enter a judgment on the merits without complying with Rule 17(c). *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). The court may raise the issue *sua sponte*. *See Acres*, 795 F.2d at 805 (a motion is not required); s*ee also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) ("[N]othing in [Rule 17(c)] prevents a district court from exercising its discretion to consider *sua sponte* the appropriateness of appointing a guardian ad litem for a litigant whose behavior raises a significant question regarding his or her mental competency." (emphasis omitted)). "The obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after a determination of incompetence has been made by the court in which the issue is raised." *Forte v. Cnty. of Merced*, No. 11-0318, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing *Ferrelli*, 323 F.3d at 201) (emphasis omitted).

In *Krain*, the Ninth Circuit held that if a "substantial question" exists regarding the mental competence of a party proceeding without counsel, the "preferred procedure" is a hearing to determine whether the party is competent. 880 F.2d at 1121. In *Allen*, the court made this rule more concrete: "[a] party proceeding pro se in a civil lawsuit is entitled to a competency

2

determination when substantial evidence of incompetence is presented." 408 F.3d at 1153. The Ninth Circuit did not define the phrases "substantial question" and "substantial evidence," but several modes of proof may be inferred: sworn declarations from the pro se party, from others who know him, or from treating psychiatrists or psychologists; or medical records or other documents that suggest the person is disabled. *See Allen*, 708 F.3d at 1152–54; *Krain*, 880 F.2d at 1121. The court's own impression may be sufficient "if it should appear during the course of proceedings that a party may be suffering from a condition that materially affects his ability to represent himself . . . or otherwise understand the nature of the proceedings." *Acres*, 795 F.2d at 805 (citations omitted); *see also Shack v. Knipp*, No. 12-794, 2012 WL 4111652, at *4 (S.D. Cal. Sept. 17, 2012) (describing sources of evidence); *Golden Gate Way, LLC v. Stewart*, No. 09-04458, 2012 WL 4482053, at *3 (N.D. Cal. Sept. 28, 2012) (concluding a 94-year-old man "did not have capacity to participate in this litigation in any meaningful fashion" based on, among other reasons, "the court's observations of [his] actions over the course of this litigation").

If a person is not acting in a representative capacity, as here, his capacity to sue is determined by the law of his domicile, in this case, California. Fed. R. Civ. P. 17(b)(1). "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way*, 2012 WL 4482053, at *2 (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001)); *see also Shankar v. United States Dep't of Homeland Sec.*, No. 13-01490, 2014 WL 523960, at *14 (N.D. Cal. Feb. 6, 2014) (same); *Elder-Evins v. Casey*, No. 09-05775, 2012 WL 2577589, at *2 (N.D. Cal. July 3, 2012) (same). The court may appoint a guardian ad litem for an unrepresented person only if he consents or upon notice and a hearing. *Golden Gate Way*, 2012 WL 4482053, at *2; *Shankar*, 2014 WL 523960, at *14; *Elder-Evins*, 2012 WL 2577589, at *2; *Jessica G.*, 93 Cal. App. 4th at 1187–88.

II.  DISCUSSION

Based on the court's observations of General Yeager in this case, compared to its observations in the past, the court concludes a substantial question exists regarding General

3

Yeager's current mental competence and capacity to proceed pro se in this case.  As the court previously noted, *see* Order Mar. 26, 2015, ECF No. 169, during a trial in a related case in June 2012, General Yeager was represented by counsel, took the stand, and responded clearly to questions, *see* Trial Tr., *Yeager v. Cingular Wireless, et al.*, No. 07-2517 (E.D. Cal. filed Nov. 21, 2007), ECF Nos. 235–240.  In the evidentiary hearing on March 24, 2015, however, General Yeager's demeanor, behavior, and responses to questions raised a substantial question about his ability to understand and respond independently to the proceedings.

First, at the conclusion of the evidentiary hearing, the court asked General Yeager whether he could file a closing brief by April 21, 2015.  Hr'g Tr. 105, ECF No. 178.  He did not respond, and the court asked whether he understood, but he did not answer.  *Id.*  The court then asked Mrs. Yeager whether General Yeager was competent to represent himself:

> THE COURT: . . . Let me ask this, Mrs. Yeager, in your questions to Mr. White, you referenced disability --
>
> MRS. YEAGER: Yes, Your Honor.
>
> THE COURT: -- and you have never made any suggestion that Mr. Yeager is not able to represent himself.  The Court understands there are hearing issues, and there are infirmities, natural infirmities associated with longevity.
>
> MRS. YEAGER: He is not able to represent himself at all.  In fact, I was just realizing that he actually did need to testify as to whether he authorized Mr. White or not, and so --
>
> THE COURT: That can't be your decision.
>
> MRS. YEAGER: No, and I understand that. But he doesn't understand that either, and so he can't represent himself.

*Id.* at 106.  Plaintiff-in-intervention Parsons Behle & Latimer, PLC agreed in its post-hearing briefing that "there exists 'substantial evidence of incompetence' sufficient to necessitate a competency hearing under Rule 17(c)."  Post-Hearing Brief 11, ECF No. 182.

Second, the court previously concluded General Yeager bore the burden at the evidentiary hearing to demonstrate his former attorney had acted without authority.  Order Nov. 21, 2014, at 8, ECF No. 139.  At the hearing, however, General Yeager himself did not testify, called no witnesses, asked no questions of any witness, introduced no exhibits, and made no

4

objections. When asked whether he would examine witnesses, he expressed confusion and responded that he did not know. *See, e.g.*, Hr'g Tr. at 6. Again, his responses and behavior raise substantial questions about his ability to participate in this litigation.

Third, at the evidentiary hearing, General Yeager relied heavily on Mrs. Yeager's assistance. She often wrote answers for him to repeat to the court, *see, e.g.*, *id.* ("The Court: The record should reflect that Mrs. Yeager is writing answers, apparently, for Mr. -- for General Yeager to read."), and although he confirmed many times he could hear the court's questions,[1] he looked to Mrs. Yeager in obvious anticipation of her instructions. As noted, General and Mrs. Yeager's post-hearing briefs are identical in substance. *Compare* Gen. Yeager Post-Hr'g Brief, ECF No. 180, *with* Mrs. Yeager Post-Hr'g Brief, ECF No. 183. Mrs. Yeager also is a party in this litigation: she intervened for the limited purpose of defending her interests at the evidentiary hearing. But her interests, if not adverse to the general's, are at least different, as the court noted in its previous order. *See* Order Mar. 5, 2015, at 6 n.2, ECF No. 164 ("The text of the settlement agreement appears to assign General Yeager obligations in addition to those of Mrs. Yeager.") (citing Mem. P. & A. Ex. A, ¶ 2, ECF No. 162-1).

All of these circumstances raise substantial questions about General Yeager's ability to protect his interests as distinguished from those of Mrs. Yeager as well as those of Parsons Behle, if he continues to appear without counsel.

III. CONCLUSION

Based on the course of the proceedings in this case, it appears General Yeager "may be suffering from a condition that materially affects his ability to represent himself . . . or otherwise understand the nature of the proceedings." *Acres*, 795 F.2d at 805 (citations omitted). The court therefore orders as follows:

---

[1] At the hearing, General Yeager wore a headset to amplify the speech of the court, witnesses, and the parties: He confirmed he was able to hear. *See, e.g.*, Hr'g Tr. 6 ("The Court: All right. General Yeager, does that make it easier for you to hear me? Gen. Yeager: This is very good."); *id.* at 7 ("The Court: So, I need each of you [General and Mrs. Yeager] to answer. Gen. Yeager: If I have trouble hearing, she'll relay. The Court: All right. But I need your answers to stand. Gen Yeager: Yes, ma'am. The Court: As your answers independently. Gen. Yeager: Yes.").

(1) The court sets a hearing for Tuesday, June 2, 2015, 2:00 p.m., at which General Yeager must appear to advise the court whether he will consent to the appointment of a guardian ad litem in this case.

(2) If General Yeager consents to the appointment of a guardian ad litem, he shall identify at the hearing the names of two persons who are able to serve as guardian ad litem in this case. General Yeager shall be prepared to explain each proposed guardian ad litem's qualifications and say whether each would consent to fulfilling that role. So that it is clear, given her separate interests, Mrs. Yeager does not qualify to serve as guardian ad litem in this case.

(3) If General Yeager does not consent to the appointment of a guardian ad litem, the court at hearing will (a) set a next hearing on the issue of his competence and whether his interests are adequately protected in this action and (b) set a schedule for the *in camera* submission of evidence related to a determination of his competence.

IT IS SO ORDERED.

DATED: May 21, 2015.

_____
UNITED STATES DISTRICT JUDGE