UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC, | No. 2:13-cv-0007-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| GENERAL CHARLES E. "CHUCK"YEAGER (RET.), et al., | |
| Defendants. | |

On June 2, 2015, the court held a hearing to determine whether General Charles E. "Chuck" Yeager (Ret.) would consent to the appointment of a guardian ad litem to represent him in this litigation. General Yeager did not give consent. For the reasons below, a hearing and briefing schedule are set on General Yeager's competence to continue in this case without representation.

I.  BACKGROUND

    A.  Procedural History

On October 10, 2014, Intervenor Parsons Behle & Latimer moved to enforce its settlement agreement with General Yeager and his wife, Victoria Yeager. ECF No. 128. In a previous order, the court concluded the agreement is enforceable if the attorney who signed it on

1

1  General Yeager's behalf, Parker White, had authority to do so.  Order Nov. 21, 2014, ECF
2  No. 139.
3        The court held an evidentiary hearing on March 24, 2015, to allow the parties to
4  present evidence on White's authority.  *See* Minutes, ECF No. 167.  At that hearing, General
5  Yeager represented himself, and Victoria Yeager represented herself.  Based on General Yeager's
6  demeanor and responses to the court's questions at the hearing, the court developed a concern that
7  he is not competent to continue without representation.  Order Mar. 26, 2015, ECF No. 169.  The
8  court ordered the parties to address the court's impression that a hearing on General Yeager's
9  competency is required.  *Id.*  The parties submitted responsive briefs on May 12, 2015.  ECF Nos.
10  180, 182, 183.
11       After reviewing the parties' briefs and the transcript of the evidentiary hearing, the
12  court found that substantial evidence cast doubt on General Yeager's competence.  Order May 21,
13  2015, ECF No. 185.  The court set a hearing for June 2, 2015, at which General Yeager was to
14  appear and (1) advise the court whether he would consent to the appointment of a guardian ad
15  litem; (2) identify the names of two persons who are able to serve as guardian ad litem; and
16  (3) explain each proposed guardian ad litem's qualifications and say whether each would consent
17  to fulfilling that role.  *Id.*
18       On May 26, 2015, General and Mrs. Yeager requested the June 2 hearing be
19  continued for forty-three days, citing medical appointments and a busy hearing schedule in other
20  pending cases.  Ex Parte App. Continue, ECF No. 186.  Parsons Behle filed an opposition, Opp'n,
21  ECF No. 190, and the court denied the request, Minute Order, ECF No. 191.
22    B.    Consent Hearing
23       The hearing went forward as scheduled.  General Yeager and Victoria Yeager
24  appeared, each pro se.  Kennedy Luvai appeared on behalf of Parsons Behle, and Mark Serlin
25  appeared on behalf of the Bowlin parties.  General Yeager was provided with a headset to amplify
26  the court's and the parties' speech.  The court's staff also provided simultaneous written
27  transcription of the hearing, which was displayed on a screen General Yeager could see and read.
28  A few minutes into the hearing, in an effort to ensure General Yeager could hear and see the court

and understand its questions, the court stepped down from the bench and stood at the lectern immediately in front of General Yeager.

General Yeager confirmed several times that he could hear the court's questions and could read them on the screen.  When asked whether he understood the purpose of the hearing, he expressed confusion and did not respond.  When asked whether he understood what a guardian or guardian ad litem was, he was again confused and did not answer.  When asked whether he was willing to have the court appoint someone to assist him with the litigation, he said, "Next question."  When asked again, he said he would appoint Mrs. Yeager.  The court's previous order clarified that because Mrs. Yeager's interests in this litigation differ from those of General Yeager, she cannot be appointed as his guardian ad litem.  Order May 21, 2015, at 6, ECF No. 185.  When the court asked whether General Yeager would agree to the appointment of some other person, he did not respond.

Mrs. Yeager informed the court General Yeager had brought a written declaration to the hearing, and the court asked General Yeager whether he wanted to read it.  He read the names of the some of the parties in this case, apparently from the caption, and then read the following:

> I, Charles E. Yeager, declare I object to the court stopping me from assigning Victoria Yeager as guardian ad litem.  I'm quite able to make decisions such as whichever[1] to settle and on what terms.

Rough Tr. 15:11–14.  General Yeager expressed surprise after reading these sentences and asked the court, "Are you objecting if Victoria helps me?"  *Id.* at 15:18.  The court asked General Yeager whether he wanted to read anything else from the declaration, and he responded "Other than 'I, Charles E. Yeager declare' and a couple of sentences."  *Id.* at 15:23–24.  After a discussion with the other parties, the court again asked General Yeager whether he had anything else to say, and he said no.  *Id.* at 18:12–14.

---

[1] In the copy of the declaration filed after the hearing, this sentence reads, "I am quite able to make decisions such as whether to settle and on what terms."  Gen. Yeager Decl. ¶¶ 1–2, ECF No. 194.

3

1         The court allowed the written declaration to be filed after the hearing. The

2 sentences General Yeager read at the hearing appear on its first page. *See* Gen. Yeager Decl.

3 ¶¶ 1–2, ECF No. 194. On the declaration's second page, it continues:

> I have hearing loss which prevents me from being able to hear all the details and keep up with the speed of Court.
>
> If I get to still make my own decisions and the guardian for this Federal case is only to help the Court and me in Court hearings, procedures, and communications; I consent to Victoria Yeager, Jerry Karnow, and/or Tammy Karnow, as my guardian, in that order.
>
> All three have agreed to serve as guardian for this case.
>
> Jerry Karnow is Game Warden for California Fish and Game.
>
> Tammy Karnow is a registered nurse.

*Id.* ¶¶ 3–7. General Yeager's signature follows, declaring "the foregoing to be true and correct under the laws of perjury of the State of California." *Id.* at 2.

II.     DISCUSSION

        A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law, but federal law governs questions of appropriate procedure, *Estate of Escobedo v. City of Redwood City*, No. 03-03204, 2006 WL 571354, at *7–9 (N.D. Cal. Mar. 2, 2006) (citing, *inter alia*, *Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 134–35 (3rd Cir. 2002), *M.S. v. Wermers*, 557 F.2d 170, 174 n.4 (8th Cir. 1977)).

        The appointment of a guardian ad litem may affect a litigant's due process rights. *See, e.g.*, *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (holding a guardian ad litem has authority to hire a lawyer, hire expert witnesses, settle the case, and generally control the litigation); *see also Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971); *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 651 (2d Cir. 1999); *Thomas v. Humfield*, 916 F.2d 1032, 1033–34 (5th Cir. 1990). To determine what process is due, the court must consider (1) the interest affected, (2) the risk of an erroneous deprivation of that interest without an appropriate safeguard, and (3) the government's interest, here the court's interest in the just and efficient resolution of this case. *See*

*Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976); *see also Neilson*, 199 F.3d at 651 (applying these factors to the appointment of a guardian ad litem); *Thomas*, 916 F.2d at 1034 (same). Federal courts have generally concluded that notice and a hearing are the minimum required. *See, e.g.*, *Sturdza v. United Arab Emirates*, 562 F.3d 1186, 1188 (D.C. Cir. 2009); *Golden Gate Way, LLC v. Stewart*, No. 09-04458, 2012 WL 4482053, at *3 (N.D. Cal. Sept. 28, 2012). Otherwise, the details may vary from one case to the next. *See, e.g., Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."); *Sturdza*, 562 F.2d at 1188 ("When the party for whom the guardian is sought claims to be competent, at least 'some hearing' is required. Although this need not always take the form of a 'full adversary hearing,' at a minimum it entails 'notice and an opportunity to be heard.'" (quoting *Thomas* 916 F.2d at 1033)); *accord Nielson*, 199 F.3d at 651.

Here, General Yeager's due process interest is his control of the litigation. Should the court conclude General Yeager is not competent to continue in this litigation pro se and appoint a guardian ad litem, his personal control of this litigation may be diminished. If the court underestimates his competence in error, he may be deprived of control of the litigation without justification. On the other side of the scale, as noted, the court's interest is the just and efficient resolution of this litigation. The case cannot be resolved justly and efficiently if General Yeager cannot comprehend, prosecute, and control his case. He must have notice and an opportunity to be heard on the question.

The court's previous orders have informed General Yeager of the court's concern that he is not competent to continue without representation. *See* ECF Nos. 169, 185. His behavior, demeanor, and answers to questions at the hearings on March 24, 2015 and June 2, 2015 reaffirmed the court's concerns. He was given notice and an opportunity to advise the court whether he would consent to the appointment of a guardian, but he could not answer the court's questions, did not understand the purpose of the June 2 hearing, and did not consent to the appointment of a guardian. Although General Yeager's written declaration describes his purported consent to the appointment of certain persons as guardians, he seemed unfamiliar with that document at the hearing, chose not to read the second page, and he appears not to have

known the critical second page existed.  The court cannot rely on the declaration as reflecting his personal knowledge or accurately describing his consent.

A hearing is therefore set below to receive evidence of General Yeager's competence.

III.  CONCLUSION

The court orders as follows:

(1) A hearing is SET for Tuesday, **August 25, 2015, at 10:00 a.m.**  General Yeager shall appear and be prepared to answer the court's questions regarding his competence to proceed further without representation.  Other parties may also appear at the hearing.  The court credits General Yeager's presence at hearings in this case to date.  Should General Yeager not appear at the hearing set in this order, the court will consider his absence as consent to the appointment of any qualified guardian ad litem without further notice

(2) By Friday, **August 21, 2015**, General Yeager shall submit any evidence of his competency for the court's *in camera* review, without filing it on the docket.  General Yeager may submit any such evidence by email to kjmorders@caed.uscourts.gov.  By the same date, General Yeager shall file any requests for partial closure of the August 25 hearing or the sealing of documents.

IT IS SO ORDERED.

DATED:  August 11, 2015.

UNITED STATES DISTRICT JUDGE