UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al.,<br><br>            Defendants. | No.  2:13-cv-0007-KJM-DAD<br><br><br><br>ORDER |

By previous order, the court set a hearing for Tuesday, August 25, 2015, at 10:00 a.m. and ordered General Yeager to appear and answer the court's questions regarding his competence to proceed further without representation. Order Aug. 11, 2015, at 6, ECF No. 205. The court also ordered General Yeager to submit evidence of his competency for the court's *in camera* review by August 21, 2015. *Id.*

General Yeager and Victoria Yeager have now filed an ex parte application to continue the hearing and *in camera* filing deadline to September 21 and 25, 2015, respectively. ECF No. 207. The ex parte application lists five reasons for the request:

   (1) General and Victoria Yeager must attend a medical appointment on August 25;

   (2) Jerry Karnow, whom the Yeagers propose to serve as General Yeager's guardian
       ad litem, is unavailable on August 25;

1

   (3) The Yeagers require more time to gather evidence of General Yeager's competency;

   (4) The Yeagers, who represent themselves in this case, "have been inundated with various court filings and deadlines" and need time to "get their affairs in order"; and

   (5) The Yeagers can only reach the courthouse by a 2.5-hour drive, and "Tuesdays and Thursdays are difficult."

*Id.* The Yeagers have submitted no declarations or other evidence to support their request.

  In a previous order, the court summarized this district's Local Rules and the court's standing order on the noticing and scheduling of motions and ex parte applications. *See* Order Apr. 17, 2015, ECF No. 176 (citing E.D. Cal. L.R. 230, Standing Order, ECF No. 55-1). The court cautioned that "The Yeagers' future failures to follow local rules and this court's standing order can be expected to face appropriate sanctions, including the striking of noncompliant motions and applications." *Id.*

  The court's standing order requires ex parte applications attach an affidavit including a satisfactory explanation of, among other things, "(1) the need for the issuance of such an order." Standing Order 5, ECF No. 55-1. The Yeagers' application includes no affidavit.

  The ex parte request is DENIED without prejudice to renewal based on reasons (1), (3) and (4) above with support in the form of (1) affidavit(s) as required by the court's standing orders; (2) declarations of persons with personal knowledge of the matters asserted in the application; and (3) any applicable supporting documentation. Mr. Karnow's unavailability does not provide a basis for any continuance given the purpose of the August 25 hearing, given his status as a proposed guardian ad litem.

  IT IS SO ORDERED.

DATED: August 19, 2015.

_____
UNITED STATES DISTRICT JUDGE