UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC, | No. 2:13-cv-0007-KJM-DAD |
| Plaintiffs, | |
| v. | ORDER |
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al., | |
| Defendants. | |

On September 14, 2015, the court held an evidentiary hearing on the question of General Charles E. "Chuck" Yeager's competency to proceed in this case without representation. Minutes, ECF No. 218. Before that hearing, the court ordered General and Mrs. Victoria Yeager to submit, by August 31, 2015 for the court's *in camera* review, "[t]he assignment of rights described in paragraph sixteen of the declaration of Victoria Yeager, filed August 24, 2015, ECF No. 214-1," among other things. Order Aug. 24, 2015, at 3, ECF No. 216.

No assignment was submitted for *in camera* review by August 31, but Mrs. Yeager brought a copy to the September 14, 2015 evidentiary hearing. At hearing, General and Mrs. Yeager agreed to provide a copy of that document to Kennedy Luvai of Parsons Behle & Latimer, defendants-in-intervention. The court allowed General and Mrs. Yeager until Friday, September 18, 2015, to submit a request to file the assignment of rights under seal.

1

1    The Yeagers filed their request as ordered.  ECF No. 219.  They argue that disclosure of the assignment would improperly reveal their private financial information.  *Id.* at 4–5.  Mrs. Yeager also describes how in June of this year, a man who claimed he had been raised by General Yeager harassed them at home.  *See generally* V. Yeager Aff., ECF No. 219-1.  The man left only after Mrs. Yeager threatened deadly force.  *Id.* ¶ 8. The same person had sent General Yeager messages on Facebook.  *Id.* ¶¶ 5, 8.  She also reports, "General Yeager and I have been stalked many times," *id.* ¶ 4, and "We have several legal matters in which this sort of information has and continues to be misused which is an expensive and timely distraction from the issues at hand," *id.* ¶ 3.

I.    LEGAL STANDARD

The common-law "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  A litigant may request court records be sealed or redacted.  *See id.* (listing traditional examples).  In the Ninth Circuit, courts faced with requests to seal or redact begin "with a strong presumption favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The party seeking to seal or redact a document "bears the burden of overcoming this strong presumption" by "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (quotation marks and alterations omitted).

The Ninth Circuit has repeatedly confirmed, however, that the traditional compelling-reasons standard applies only "to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136 and *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  The "usual presumption of the public's right of access is rebutted" "for a sealed discovery document attached to a non-dispositive motion." *Id.* at 447 (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (quotation marks omitted)

2

(emphasis in *Kamakana*).  Rather than "compelling reasons," only "good cause" to withhold the information must be shown.  *Kamakana*, 447 F.3d at 1180.

The court's decision is a matter of discretion.  *Hagestad*, 49 F.3d at 1434.

II.     DISCUSSION

The Yeagers themselves raised the assignment of rights in support of their position at the evidentiary hearing.  *See* Objections & Resp. 12, ECF No. 214 ("The Court should be aware that General Yeager has assigned his rights in this case and the underlying rights to both Victoria Yeager and himself in joint ownership with right of survivorship.  Therefore, even if the Court were to appoint a guardian ad litem with full authority in spite of the Yeagers' objections and the evidence before the Court, the guardian could not settle the entire case." (record citation omitted)).  As noted above, the purpose of the evidentiary hearing was a determination of General Yeager's competence to proceed without representation, as a step in the process of considering appointment of a guardian ad litem.

The Ninth Circuit has not provided detailed guidance on the distinction between dispositive and non-dispositive motions.  *Traylor Bros. v. San Diego Unif. Port Dist.*, No. 08-1019, 2009 U.S. Dist. LEXIS 53827, at *3–4 (S.D. Cal. June 25, 2009).  It is clear, nevertheless, that dispositive matters include at least those that resolve the merits of an underlying dispute.  *See, e.g.*, *Kamakana*, 447 F.3d at 1179 (motions for summary judgment are dispositive); *Foltz*, 331 F.3d at 1135–36 (summary judgment is dispositive because it "adjudicates substantive rights and serves as a substitute for trial").  Non-dispositive matters do not resolve the case, or are only "tangentially related" to it.  *See Kamakana*, 447 F.3d at 1179; *see also Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. 12-1971, 2015 WL 604055, at *1 (N.D. Cal. Feb. 11, 2015) (petitions for attorneys' fees are not dispositive); *Traylor Bros.*, 2009 U.S. Dist. LEXIS 53827, at *3–5 (a motion to disqualify is not dispositive).  The finding of competency or incompetency and the appointment of a guardian ad litem are matters only tangentially related to the merits of this action, which concerns at its heart the distribution of the interpleaded funds.  The correct standard here is therefore the "good cause" standard.

/////

1     Although the good cause standard is less exacting than the compelling reasons
2  standard, *see Kamakana*, 447 F.3d at 1180, the party seeking to seal or redact a record must show
3  what "specific prejudice or harm will result if no protective order is granted," *Foltz*, 331 F.3d at
4  1130.  Broad and unsupported allegations fall short.  *Beckman Indus., Inc. v. Int'l Ins. Co.*,
5  966 F.2d 470, 476 (9th Cir. 1992); *accord Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir.
6  2014) (the need "to avoid embarrassment or annoyance" does not suffice under this standard).

7     Here, the Yeagers have not described what specific prejudice or harm will result
8  should the assignment of rights be publicly available, but have made only general statements of
9  possible harm.  They do not explain how the assignment would be misused or how its disclosure
10 would cause them any specific harm, financial or otherwise.  A trespassing stalker, particularly
11 one dissuaded only by threat of deadly force, is a cause for concern, but the court cannot conclude
12 that should this person have access to the assignment of rights, the Yeagers or their finances
13 would face any greater danger.  The document reveals no financial details or account balances,
14 for example.  Its language discloses little more than what the Yeagers have divulged in previous
15 public filings.  Although the public has a diminished interest in the details of General Yeager's
16 competency and the appointment of a guardian ad litem, it has an interest nonetheless.  *See Pintos*
17 *v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (noting a "weaker public interest"). If
18 the Yeagers wish the court to address their position that any guardian ad litem the court appoints
19 could not have full authority to prosecute or settle General Yeager's case, in light of the terms of
20 their assignment agreement, the assignment must be made a part of the public record.

21 III.    CONCLUSION

22     In light of the foregoing, the motion is DENIED.  Within seven days of the filing
23 of this order, the Yeagers may elect to (1) file the assignment on the docket or (2) withdraw
24 reliance on that document.  *See Mitchell v. Cate*, No. 11-1240, 2014 WL 1671589, at *5 (E.D.
25 Cal. Apr. 28, 2014).  Should the Yeagers elect to withdraw reliance, the hard copy filed at the
26 evidentiary hearing will be returned to the Yeagers.  *See* E.D. Cal. L.R. 141(e)(1).
27 /////
28 /////

1    This order resolves ECF No. 219.

2    IT IS SO ORDERED.

3    DATED: September 24, 2015.

_____
UNITED STATES DISTRICT JUDGE