UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY, LLC, | No. 2:13-cv-0007-KJM-DAD |
| Plaintiff, | ORDER |
| v. | |
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al., | |
| Defendants. | |

In a previous order, the court found that the appointment of a guardian ad litem was necessary to protect the interests of General Charles E. "Chuck" Yeager (Ret.) in this case. Order Nov. 10, 2015, ECF No. 223. In this order the court appoints James E. Houpt as guardian ad litem.

I.    LEGAL STANDARD

As discussed in the court's previous order, *see id.* at 9–17, Federal Rule of Civil Procedure 17(c) may require a court to appoint a guardian ad litem to protect an incompetent person during litigation. *See Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014); *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).

1

A guardian ad litem need not possess any special qualifications. *See* 6A Charles A. Wright, et al., Fed. Prac. & Proc. Civ. § 1572 (3d ed.). But in general a guardian ad litem must be truly dedicated to the best interests of the ward. *See, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). He must not face a conflict of interest. *See, e.g.*, *Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist.*, No. 09-03557, 2010 WL 370333, at *4 (N.D. Cal. Jan. 25, 2010); *Bhatia v. Corrigan*, No. 07-2054, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007). Courts may also consider a potential guardian's experience, objectivity, expertise, and any previous relationship with the ward. *See Nichols v. Nichols*, No. 10-651, 2011 WL 2470135, at *4 (D. Or. June 20, 2011). In addition, because "a non-lawyer 'has no authority to appear as an attorney for others than himself,'" if a guardian ad litem is not a lawyer, he or she must be represented in turn by counsel. *Johns v. County of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

A guardian ad litem acts under the court's supervision and is an officer of the court. *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 652 (2d Cir. 1999); *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978). "[E]very step in the proceeding occurs under the aegis of the court." *Dacanay*, 573 F.2d at 1079. For example, although a guardian ad litem "may negotiate a proposed compromise to be referred to the court, he cannot render such a compromise effective merely by giving his consent. . . . It is the court's order approving the settlement that vests the guardian ad litem with the legal power to enforce the agreement." *Id.* (citations omitted). The court can remove or replace the guardian ad litem if he or she does not properly represent the ward's interests. *Neilson*, 199 F.3d at 652 (citing *Hull By Hull v. United States*, 53 F.3d 1125, 1127 n.1 (10th Cir. 1995), and *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989)).

The court may tax the fees of a guardian ad litem as costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). *See, e.g.*, *Gaddis v. United States*, 381 F.3d 444, 456–57 (5th Cir. 2004) (en banc); *Kollsman, a Div. of Sequa Corp. v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993); *Hull by Hull v. United States*, 971 F.2d 1499, 1510 (10th Cir. 1992); *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 853 (D.C. Cir. 1981), *abrogated on other grounds as*

2

*recognized in Williams Enterprises, Inc. v. Sherman R. Smoot Co.*, 938 F.2d 230, 237 (D.C. Cir. 1991). Generally speaking, "[t]o the extent the guardian ad litem acts as an officer of the court, looking after the interests of the [ward], compensation is taxable as costs. To the extent the guardian ad litem performs legal services as an attorney, compensation should be deducted as attorney's fees." *Hull*, 971 F.2d at 1510 (citing *duPont v. Southern Nat'l Bank*, 771 F.2d 874, 882–83 (5th Cir. 1985); *Schneider*, 658 F.2d at 854–55; and *Franz v. Buder*, 38 F.2d 605, 607 (8th Cir. 1930)).

II. <u>DISCUSSION</u>

In its previous order, the court considered three persons proposed as candidates to be guardian ad litem, but concluded none could be appointed. *See* Order Nov. 11, 2015, at 16–17 (declining to appoint Victoria Yeager, Jerry Karnow, and Tammy Karnow). Should a qualified candidate for guardian ad litem not be readily available, the court has several options at its disposal, including in this court consultation with Eastern District of California's Pro Bono Coordinator and inquiries with bar associations, law schools with clinical programs, or senior centers with social workers. *Davis*, 745 F.3d at 1311.

The court has consulted with the District's Pro Bono Coordinator and has identified James E. Houpt as a candidate to be General Yeager's guardian ad litem. Mr. Houpt is Senior Counsel in General Litigation in the Sacramento Office of Orrick, Herrington & Sutcliffe, LLP. He is a member of the California bar in good standing. He is admitted to practice before the courts of this District, the Ninth Circuit, and the Supreme Court. He is a 1992 law graduate of Harvard Law School. Before law school, he earned a Bachelor of Arts from California State University and worked as a radio and television reporter covering courts and legal issues. He also served in the United States Navy from 1970 to 1974 aboard the aircraft carrier U.S.S. Oriskany during and after the Vietnam conflict. Mr. Houpt has provided the court with a copy of his resume, which is filed in conjunction with this order.

Mr. Houpt and his firm conducted a conflicts check to ensure he would face no conflicts of interest were he appointed as General Yeager's guardian ad litem. The court is also aware of no conflicts of interest he or his firm would face were he appointed.

3

Mr. Houpt prepared a letter for General Yeager and Victoria Yeager to introduce himself and memorialize some aspects of his anticipated appointment.  He also clarified that his representation of General Yeager as guardian ad litem would be at no cost to General Yeager or the court and would not offset any award to which General Yeager would be entitled in this case.  The court has reviewed that letter and has determined Mr. Houpt will be truly dedicated to General Yeager's best interests, fulfilling the duties of a guardian ad litem, and serving as an officer of the court.  The letter will also be filed in conjunction with this order.

III.     CONCLUSION

In light of his qualifications and experience and in the absence of any conflict of interest, the court APPOINTS James E. Houpt as guardian ad litem for General Yeager in this case, No. 2:13-cv-0007-KJM-DAD.  The court also ORDERS AS FOLLOWS:

1.     Mr. Houpt will act as an officer of the court to undertake an investigation and submit a written report and recommendation, which may contain legal opinions, of any action or actions that the court may take to protect General Yeager's best interests in this case, and to ascertain and propose any means to secure the just, speedy, and inexpensive determination of this case.

2.     Consistent with the authority summarized above, Mr. Houpt is not appointed as General Yeager's or any other person's attorney in this action.  To be clear, as guardian ad litem, he does not represent General Yeager's interests as an attorney to a client or to litigate General Yeager's claims or defenses in this case or any related case, and the appointment does not create an attorney-client relationship between General Yeager and Mr. Houpt, or between any other party in this case and Mr. Houpt.

3.     Because communications between Mr. Houpt and any parties are not protected by attorney-client privilege, to the extent that Mr. Houpt believes in his discretion that he must protect any confidential information, Mr. Houpt is authorized to file a redacted report in the public docket of this case, and to concurrently provide the court with a sealed, unredacted report.  The court retains its authority to later file publicly all or part of the unredacted report, and any party-in-interest may move for disclosure of the unredacted report or any portion of it.  Mr.

1   Houpt may answer or appear to defend his decision to maintain the confidentiality of any
2   information.
3       4.    Mr. Houpt's role is limited to the consideration of General Yeager's
4   interests in this case, though the court recognizes that Mr. Houpt's investigation may require that
5   he review the docket and certain documents in related cases, and to interview certain parties and
6   counsel in those related cases.
7       5.    As an officer of the court, Mr. Houpt may request assistance of the court's
8   staff in his review of the dockets and documents filed in this case and related cases.  The parties
9   and counsel in this case and the related cases shall cooperate with Mr. Houpt in the investigation
10  of General Yeager's best interests.
11      6.    Mr. Houpt has agreed to act as guardian ad litem pro bono publico and
12  without fee for his time, though Mr. Houpt will be entitled to seek reimbursement from the court
13  for any reasonable expenses pursuant to local rules and practices of this court and as summarized
14  in this order.
15      7.    This Order may be modified only by the court after notice and an
16  opportunity for any interested party to be heard.
17      8.    A status conference is SET for January 7, 2016, at 3:30 p.m. in
18  Courtroom 3 before the undersigned.  The parties shall be prepared to discuss the schedule of this
19  case and the possible appointment of Mr. Houpt as guardian ad litem in the related case,
20  No. 2:14-cv-02544-KJM-CKD.
21      IT IS SO ORDERED.
22  DATED: December 28, 2015.

UNITED STATES DISTRICT JUDGE

5