1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AT&T MOBILITY, LLC,                        No.  2:13-cv-0007-KJM-DAD

12               Plaintiff,

13         v.

14   GENERAL CHARLES E. "CHUCK"
     YEAGER (RET.), et al.,
15
                 Defendants.
16

17

18         In a previous order, the court found the appointment of a guardian ad litem was

19   necessary to protect General Yeager's interest in this case.  Order Nov. 10, 2015, ECF No. 223.[1]

20   This order was issued following an evidentiary hearing on September 14, 2015.  *See* Minutes,

21   ECF No. 218.

22         On December 7, 2015, General Yeager and his wife, Victoria Yeager, jointly

23   moved for (1) the sealing of the November 10, 2015 order, (2) the sealing of all court records of

24   the September 14, 2015 evidentiary hearing, and (3) the issuance of "a HIPPA compliant

25   protective order requiring all of General Yeager's confidential health and medical documents be

26   either returned or destroyed, and otherwise prohibiting their use and any references thereto in any

27   ────────────────────

28         [1] The court now has appointed a guardian ad litem.  *See* ECF No. 227.

                                        1

1   matters outside the present litigation." Ex Parte App. Seal 1–2, ECF No. 225.  They argue these

2   measures are necessary "to protect General Yeager's privacy and other interests, to save him any

3   public discomfort and scrutiny, and to otherwise prevent the improper use and dissemination of

4   materials and protected information produced at and in conjunction with the September 14th

5   hearing."  *Id.* at 2–3.  Intervenor Parsons Behle & Latimer has filed objections to the Yeagers'

6   request.  ECF No. 226.

7           The court has determined a guardian ad litem must be appointed to protect General

8   Yeager's interests in this case.  This determination was based on, among other evidence,

9   testimony offered at the September 14, 2015 evidentiary hearing.  At the hearing, General Yeager

10  was unable to answer questions about other recent hearings, the contents of his filings, how he

11  prepared filings, how he made the court aware of matters generally, how his signature was

12  applied to filings, and about the overall history of this case.  *See* Order Nov. 10, 2015, at 8.  He

13  has also expressed surprise at the contents of filings bearing his signature.  *See id.* at 4.  In light of

14  this evidence, the court cannot conclude General Yeager is aware of the contents of the current ex

15  parte application, even though his electronic signature appears on its last page.

16          Mrs. Yeager's signature also appears on the pending ex parte application to seal.

17  But it is unclear what interest Mrs. Yeager has in the relief she seeks.  The ex parte application

18  requests sealing because

19
20
21
22
23

> There is a significant danger here that the Court's determination and the materials and information produced at the September 14th hearing upon which the Court's determination is based will be used for improper purposes and to the detriment of General Yeager and his interests in having such information and materials remain private, including harming his reputation, promoting scandal, and leading to libelous statements about his capacity as well as character and fitness.

24  Ex Parte App. 5.  The ex parte application also explains that "any dissemination of materials or

25  the hearing itself by others would be a violation of General Yeager's privacy interests."  *Id.* at 6.

26  Specifically, the ex parte application describes questions about General Yeager's ability to

27  proceed pro se and without a guardian ad litem in an appeal pending in California's fifth appellate

28  district, captioned *Yeager v. Wild, Carter & Tipton, et al.*, No. F070631.

1        The ex parte application does not explain what interest Mrs. Yeager has in the

2  application to seal.  Rather, she seeks to seal the records on General Yeager's behalf to protect his

3  privacy interests and his interests in the appeal pending in California state court.  The court

4  previously has concluded Mrs. Yeager cannot be appointed as General Yeager's guardian ad

5  litem in this case.  *See, e.g.*, Order Nov. 10, 2015, at 16.  Neither may she serve as his

6  representative in this ex parte application.

7        The ex parte application is therefore DENIED.

8        IT IS SO ORDERED.

9  DATED:  December 28, 2015.

10

11

12                        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28