UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY, LLC, | No. 2:13-cv-0007-KJM-DAD |
| Plaintiff, | ORDER |
| v. | |
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), et al., | |
| Defendants. | |

In a previous order, the court appointed James E. Houpt a guardian ad litem for General Charles E. "Chuck" Yeager (Ret.). Mr. Houpt recently made the court's staff aware of a concern voiced to him by Victoria Yeager, General Yeager's wife, that General Yeager is unable to protect his privacy interests in this litigation.

In federal court a guardian ad litem is appointed under Federal Rule of Civil Procedure 17(c). "The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). To accomplish this goal, guardians ad litem are often entrusted with wide-ranging authority, including the authority to engage counsel, file lawsuits, and control and direct litigation in an effort to assist the court in securing the just, speedy, and inexpensive determination of the action. *See, e.g.*, *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974) (per curiam); *Fong Sik Leung v. Dulles*, 226

1

1  F.2d 74, 82 (9th Cir. 1955) (Boldt, D.J., concurring).  The court reviewed these standards in more
2  detail in its previous order.  *See* Order Nov. 10, 2015, at 9–17, ECF No. 223.  Although no
3  authority seems to be squarely on point, the court concludes a guardian ad litem's authority may
4  encompass the discretion to move for the sealing or redaction of documents to protect the
5  incompetent person's privacy.
6         Here, having considered the federal rules, case law, the filings in this case, and the
7  issue identified by the Guardian ad Litem, the court clarified as follows:  The Guardian ad Litem
8  shall have authority to move for the sealing or redaction of any documents filed in this case to
9  protect General Yeager's privacy interests.  The decision whether to move for sealing or redaction
10  is within the Guardian ad Litem's discretion as an officer of the court.  To be clear, the Guardian
11  ad Litem's authority in this respect is limited to the protection of General Yeager's interests—not
12  those of Mrs. Yeager or another person, and creates neither an attorney, client relationship nor
13  attorney-client privilege.
14         IT IS SO ORDERED.
15  DATED: February 9, 2016

_____
UNITED STATES DISTRICT JUDGE