UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>Defendants,<br><hr><br>AND RELATED CROSS-CLAIMS. | No. 2:13-cv-00007-KJM-DB<br><br>ORDER |

In this interpleader action multiple parties have asserted rights to funds General Charles Yeager won in a trial in 2012 regarding the exploitation of his name and likeness. Before the court are three motions by defendants Connie Bowlin, the Estate of Ed Bowlin, Aviation Autographs, and Bowlin & Associates, Inc. (collectively "the Bowlins"). The Bowlins move to dismiss defendant-intervener Victoria Yeager's cross-complaint for lack of standing, failure to state a claim, and failure to join necessary parties. Mot. Dismiss, ECF No. 284. The Bowlins

also specially move to strike the cross-complaint under California's anti-SLAPP[1] statute. Mot. Strike, ECF No. 283. Lastly, the Bowlins move to declare Mrs. Yeager a vexatious litigant. Vex. Mot., ECF No. 288. Mrs. Yeager opposes all three motions. Dismissal Opp'n, ECF No 295; Strike Opp'n, ECF No. 296; Vex. Opp'n, ECF No. 297. The court submitted these matters without a hearing on October 31, 2016. Mins, ECF No. 305. As discussed below, the court DISMISSES Mrs. Yeager's cross-complaint against the Bowlins, with prejudice.

I. BACKGROUND

The court has outlined the facts and procedural history in prior orders, and limits this background section to the information relevant to understanding the instant motions.[2]

In November 2007, General Yeager filed a complaint, alleging AT&T Mobility, LLC (ATT) and others had unjustly enriched themselves by using his name to promote their products without his permission, in violation of the California common-law right to privacy, California Civil Code § 3344, and the federal Lanham Act (15 U.S.C. § 1125(a)). *Yeager v. AT&T Mobility, LLC*, No. 07-2517 (E.D. Cal. filed Nov. 21, 2007). At trial in 2012, the jury awarded General Yeager $135,000; following trial the court awarded him approximately $170,000 in attorneys' fees and costs. *See* Verdict, Case No. 07-2517, ECF No. 227; Order, Dec. 19, 2012, Case No. 07-2517, ECF No. 270.

In January 2013, AT&T filed this interpleader case and deposited the combined damages award and attorneys' fees with the court, explaining several people had come forward with competing claims to these funds. Compl., ECF No. 1. The Bowlins claim the rights to $275,597 of the interpleaded funds. *Id.* ¶ 15.

A. Mrs. Yeager's Intervention

Victoria Yeager has been active in several cases brought by General Yeager. Mrs. Yeager's cross-complaint against the Bowlins is the target of the instant motions. *See* Cross-Compl., ECF No. 270. Earlier in this case, Mrs. Yeager's moved to intervene. *See* Mot.

---

[1] Anti-strategic lawsuits against public participation.

[2] Unless otherwise noted, all electronic case (ECF) file numbers are to the docket in the case captioned above, Case No. 13-0007.

2

Intervene, ECF No. 248; Mem. P. & A. 2, ECF No. 248-1. Her intervention request was based on two grounds. First, she cited a written "assignment" of General Yeager's "rights and interests in his name, image, and trademarks as it relates to his claims and causes of action against and by AT&T" from himself to Mrs. Yeager and himself "in joint ownership with rights of survivorship." Yeager Decl. Ex. A, ECF No. 222. Second, Mrs. Yeager argued intervention was proper under California Code of Civil Procedure sections 370 and 371, which provide that a married person may "sue [] without his or her spouse being joined as a party" and "if one spouse neglects to defend, the other spouse may defend for that spouse's right also." Mot. Intervene at 6–7 (citing Cal. Civ. Proc. Code §§ 370–371).

On August 12, 2016, the court granted Mrs. Yeager's request, but expressly limited her intervention to the assignment of rights; the court rejected her argument that intervention was proper under California's Code of Civil Procedure by virtue of her marriage to General Yeager. Order 5, Aug. 12, 2016, ECF No. 263. The court also clarified Mrs. Yeager could intervene "as a joint representative of her interests with General Yeager," and not his substitute. *Id.* at 2.

   B.  <u>Mrs. Yeager's Cross-Complaint Against the Bowlins</u>

On August 28, 2016, Mrs. Yeager filed a cross-complaint against the Bowlins, alleging they over-collected on a judgment from a prior 2008 lawsuit. *See* Cross-Compl. In that 2008 lawsuit, General Yeager sued the Bowlins in this district alleging, in part, the Bowlins impermissibly used his name. *Id.* ¶ 17; *Yeager v. Bowlin*, E.D. Cal. Case No. 08cv00102-WBS-7 CKD. The court granted summary judgment for the Bowlins and awarded them more than $275,000 in attorneys' fees and costs. *Id.* The Bowlins collected on this judgment through a multi-year judicial collection process. Mot. Dismiss at 4. Judgment was ultimately satisfied through four judicially noticeable sources: (1) A lien on a settlement reached in *General Chuck Yeager, et. al. v. Munger, et al.*, Case No. CECG-08-02620 (Fresno Superior Ct.); (2) a lien in *Yeager v. Virgin America*, subsequently resolved through a declaratory relief action titled *Bowlin v. Yeager*, Case No. 13-148023 (Sac Superior Ct.); (3) a settlement a magistrate judge of this court supervised in this AT&T interpleader action, Mins. From Settlement Conf., ECF No 85;

and (4) payment on a lien from a settlement in *Yeager v. Wild, Carter & Tipton, et al.*, Case No. CGC 11-509156 (S.F. Super. Ct.).[3]

Mrs. Yeager now brings three claims based on the Bowlins' post-judgment collection efforts: (1) A claim for accounting, seeking copies of canceled checks, checks received, and correspondence; (2) a claim for expungement of the Bowlins' liens and judgments; and (3) a claim of unjust enrichment based on the Bowlins' allegedly unlawful and unscrupulous collection practices. Cross-Compl. at 10–11.

### C. The Bowlins' Motions

In response, the Bowlins have filed three motions. First, as noted, they move to dismiss Mrs. Yeager's cross-complaint for lack of standing, failure to state a claim, and failure to join General Yeager as a necessary party. Mot. Dismiss. Second, they move to strike Mrs. Yeager's cross-complaint under California's anti-SLAPP statute. Mot. Strike at 1 (citing Cal. Civ. Proc. Code § 425.16(b)(1)). Third, they move to declare Mrs. Yeager a vexatious litigant and to impose associated sanctions. Vex. Mot. Mrs. Yeager opposes all three motions, and the Bowlins filed replies to all three as well. Dismissal Opp'n; Strike Opp'n; Vex. Opp'n; Dismissal Reply, ECF No. 299; Strike Reply, ECF No. 300; Vex. Reply, ECF No. 298.

Because the Bowlins would be entitled to unique statutory remedies if they succeed on their anti-SLAPP motion, the court addresses that motion first.

## II. ANTI-SLAPP MOTION

The Bowlins argue Mrs. Yeagers' claims are designed to chill their "protected" judicial collection activities in violation of California's anti-SLAPP statute. Mot. Strike at 11. Under California's Code of Civil Procedure, a strategic lawsuit against public participation ("SLAPP") seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. *See* Cal. Civ. Proc. Code § 425.16; *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1055 (2006) (citation omitted). California's anti-SLAPP statute applies

---

[3] The court grants the Bowlins' request to judicially notice the existence of these court proceedings in accordance with Federal Rule of Evidence 201. *See* Request for Judicial Notice ("RJN"), ECF No. 285.

4

1 in federal court when, as here, the action is based on California state law and the court's power over the suit derives from diversity jurisdiction. *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003).

California first enacted its anti-SLAPP statute in 1992 "'to curtail the 'disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights to free speech and to petition the government for redress of grievances.'" *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1178–79 (C.D. Cal. 2006) (quoting Cal. Civ. Proc. Code § 425.16(a)). The statute provides, in relevant part, that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike . . . ." Cal. Civ. Proc. Code § 425.16 (b)(1). Anti-SLAPP motions, are "procedural remed[ies] for any person sued in a so-called 'strategic lawsuit against public participation,' or [SLAPP]." *Santana v. Cnty. of Yuba*, No. 2:15-CV-00794-KJM-EFB, 2016 WL 1268107, at *6 (E.D. Cal. Mar. 31, 2016) (citations omitted).

Courts use a two-tiered approach in evaluating anti-SLAPP motions. *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005). First, the court decides "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 278–79 (2006) (citations and internal quotation marks omitted). Second, if that showing is made, the court must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim. Cal. Civ. Pro. Code. § 425.16(b)(1). In other words, if the activity that gives rise to the claim is protected, plaintiff has the burden to show her claim is not frivolous. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2009); *Santana*, 2016 WL 1268107, at *6 (explaining section 425.16 is intended to give defendants a "cheap, early opportunity to squelch meritless litigation.") (citation omitted).

A. <u>Step One: Protected Activity</u>

To succeed on their motion, the Bowlins must first show Mrs. Yeager's cross-claims derive from protected activity. "The purpose of the anti-SLAPP statute, of course, is to

5

protect 'the valid exercise of the constitutional rights of speech and petition for the redress of grievances.'" *Flatley v. Mauro*, 39 Cal. 4th 299, 328 (2006) (quoting § 425.16 (a)). The burden is on the moving defendant to show the acts of which plaintiff complains were "in furtherance of the [defendant]'s right of petition or free speech under the United States" as defined in the statute. Cal. Civ. Proc. Code § 425.16 (b)(1). To do so, the defendant must show his or her actions fit one or more of the categories set out in section 425.16 (e). *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002).

Mrs. Yeager's cross-complaint attacks the Bowlins' allegedly unlawful filing, maintenance and enforcement of liens, and their over-collection on their district court and Ninth Circuit attorneys' fee and cost awards. *See* Cross-Compl. ¶¶ 10–11, 13, 18, 20–21, 25, 28–29. The Bowlins contend each action Mrs. Yeager complains of impinges on their First Amendment right to petition the court for the money judgment they won in a 2008 summary judgment order. *See* Strike Mot. at 11-13.

The anti-SLAPP statute applies to "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition . . . ." Cal. Civ. Proc. Code § 425.16 (b)(1). The right to petition includes any "written or oral statement or writing made in connection with an issue under . . . review by a . . . judicial body . . . ." Cal. Civ. Proc. Code § 425.16 (e)(2).[4] Courts view protected litigation-related activity for anti-SLAPP purposes expansively. *See Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002) (citation and quotation omitted). Protected activities include "the filing, funding, and prosecution of a civil action" and

---

[4] An "act in furtherance of" the right of petition or free speech includes the following:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16 (e).

6

"qualifying acts committed by attorneys in representing clients in litigation." *Rusheen*, 37 Cal. 4th at 1056 (internal citations omitted).

Here, section 425.16(e) of the anti-SLAPP statute protects the Bowlins' act of filing a civil action to pursue a judgment award and then using judicial channels to collect that judgment. Cal. Civ. Proc. Code § 425.16 (e)(1) (protective activity includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law"). . Mrs. Yeager does not contest this point. Instead, she argues the "gravamen" of her cross-complaint is not a challenge to the Bowlins' protected petitioning activity, but rather the unprotected, illegal and fraudulent practices the Bowlins used to over-collect on the judgment. Strike Opp'n 11. Mrs. Yeager's argument triggers two questions. First, whether Mrs. Yeager's cross-complaint "arises from" the Bowlins' protected activity, rather than simply mentioning such activity. Second, whether the Bowlins' collection activity is illegal as a matter of law such that it escapes anti-SLAPP protection.

1. The Gravamen of the Complaint

The anti-SLAPP statute distinguishes between a lawsuit that mentions protected activity and a lawsuit that "arises from" such protected activity. *Bergstein v. Stroock & Stroock & Lavan LLP*, 236 Cal. App. 4th 793, 803–04 (2015). If protected conduct is merely incidental to a claim, anti-SLAPP protections do not apply. *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 672–73 (2005). What matters is the basis of the "gravamen of the complaint." *Id.* at 671. To assess this basis, the court looks to the specific wrongdoing alleged and whether that wrongdoing was an act furthering the defendant's right of petition or free speech. *Id.*.

Here, as noted, Mrs. Yeager argues specifically that the gravamen of her cross-complaint is her challenge to the Bowlins' fraudulent over-collection on their 2008 judgment. Mrs. Yeager alleges the "method" the Bowlins used to collect their judgment was "unlawful." Cross-Compl. ¶¶ 11, 13. But the record demonstrates the Bowlins satisfied their judgment exclusively through counsel and through the courts. *See* RJN 2–4 (referencing the docket of each collection proceeding). Judicially-noticeable facts establish the "methods" Mrs. Yeager attacks

are court-approved collection methods.  Mrs. Yeager also argues the Bowlins wrongfully "over-collected" on their judgment, but by challenging the judicially-approved amount the Bowlins' collected, the cross-complaint necessarily challenges the Bowlins' acts in furtherance of their right to petition the court.  *See* Cross-Compl. ¶¶ 21, 28–30.  The gravamen of Mrs. Yeager's cross-complaint is based on protected court-petitioning activity.

Unless Mrs. Yeager can allege facts to bring this case within the very limited criminal conduct exception discussed below, the Bowlins satisfy the first of the two-step anti-SLAPP test.

### 2. <u>Exception for Criminal Conduct</u>

Where the defendant's allegedly protected conduct is indisputably unlawful, anti-SLAPP protections may not apply.  *Flatley*, 39 Cal. 4th at 328.  This exception's purpose is to suspend anti-SLAPP protections from blatantly unprotected criminal conduct.  *Id.*; *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 819 (1994) ("If the defendant's act is not constitutionally protected how can doing the act be 'in furtherance' of the defendant's constitutional rights?"), *overruled on other grounds by Equilon Enter. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002).

*Flatley*'s criminal conduct exception is extremely narrow.  California courts of appeal have interpreted the exception to apply only when the conduct at issue is criminal, not merely illegal.  *See, e.g., Mendoza v. ADP Screening and Selection Serv., Inc.*, 182 Cal. App. 4th 1644, 1654 (2010) ("[T]he Supreme Court's use of the phrase 'illegal' was intended to mean criminal, and not merely violative of a statute"); *Price v. Operating Engineers Local Union No. 3*, 195 Cal. App. 4th 962, 971 (2011) ( "The term 'illegal' in *Flatley* means criminal"); *see also Cross v. Cooper*, 197 Cal. App. 4th 357, 388–90 (2011) ("[U]nauthorized, but noncriminal, conduct would not preclude anti-SLAPP protection."); *Cabral v. Martins*, 177 Cal. App. 4th 471, 481 (2009) (explaining *Flatley* exception does not apply where allegedly unlawful actions "were neither inherently criminal nor otherwise outside the scope of normal, routine legal services").

/////

Also, for the *Flatley* exception to apply the defendant must concede, or the evidence must conclusively show, the asserted protected speech or petition activity is illegal; a mere likelihood that the conduct is illegal is not enough. *Flatley*, 39 Cal. 4th at 320; *see Gerbosi v. Gaims, Weil, West & Epstein, LLP*, 193 Cal. App. 4th 435, 446 (2011) (exception did not apply where defendant's assertedly protected activity "may or may not be criminal activity") (emphasis omitted); *Bergstein*, 236 Cal. App. 4th at 810; *Birkner v. Lam*, 156 Cal. App. 4th 275, 285 (2007) (simply alleging the defendant's activity was "unlawful or unethical" is not enough under *Flatley*; this exception applies only when the activity is unequivocally criminal) (citation and quotation marks omitted). In sum, the *Flatley* exception applies only if the defendant's otherwise protected activity is both "conclusively established" and "criminal." *Bergstein*, 236 Cal. App. 4th at 810.

Mrs. Yeager's "over-collection" allegations maintain the Bowlins unlawfully filed, pursued and enforced liens in pending actions, and then improperly delayed filing an Acknowledgment of Satisfaction of Judgment after they were paid in full. Cross-Compl. ¶¶ 10-11, 13, 18, 20–21, 25, 28–29. These accusations do not satisfy the very limited *Flatley* exception. A review of the alleged collection activities reveal the collection was done entirely through counsel and within the court system. *See* Serlin Decl., ¶ 3, RJN. Nothing in Mrs. Yeager's allegations reveals the kind of clear criminal conduct *Flatley* contemplates. No evidence conclusively establishes criminal conduct. Mrs. Yeager's accusations are in fact undercut by the dockets of each collection action the Bowlins prosecuted. *See* Mot. Strike at 4–11; *cf.* Cross-Compl. ¶ 13. The *Flatley* exception does not apply. The Bowlins have satisfied their burden to show the activity from which Mrs. Yeager's claims derive is protected.

B. <u>Step Two: Likelihood of Success on the Merits</u>

At step two of the inquiry, the burden shifts to the plaintiff to show her claims are not frivolous. *Soukup*, 39 Cal. 4th at 278–79. To make this determination, trial courts consider "'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" *Equilon Enterp.*, 29 Cal. 4th at 67 (quoting Cal. Civ. Pro. Code § 425.16(b)(2)). If the plaintiff shows a probability of prevailing on any part of its claim, the entire

cause of action stands. *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures*, 184 Cal. App. 4th 1539, 1554 (2010) (citation omitted).

The Bowlins first attack Mrs. Yeager's standing to bring any of her cross-claims. Without standing to sue, Mrs. Yeager cannot show a likelihood of prevailing on the merits.

### 1. Legal Standard for Standing

The Bowlins contend Mrs. Yeager's status as General Yeager's wife does not give her standing to bring her claims. *See* Mot. Dismiss at 4; Mot. Strike at 18.

A cause of action is presumed to lie outside this court's limited jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Standing, which is a necessary prerequisite for establishing a federal court's jurisdiction, asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing requires the plaintiff to show she suffered an injury-in-fact fairly traceable to the challenged acts of the defendants. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). The plaintiff herself must have suffered the injury she complains of because "[t]he Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party." *Warth*, 422 U.S. at 499; *see also Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972) ("[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.")

A plaintiff only has standing to vindicate the legal rights of a third party in limited circumstances. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 14 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014); *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 878-79 (9th Cir. 2011). One example is where "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Vermont Agency of Nat. Res. v. U.S. ex rel Stevens*, 529 U.S. 765, 773 (2000). If standing is based on an assignment of rights, the claim must be borne of the specific rights assigned. *See, e.g.*, *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*,

770 F.3d 1282, 1285 (9th Cir. 2014) (healthcare provider had standing to sue for members' healthcare benefits where members assigned their rights to provider for this specific purpose).

2.  Discussion

Mrs. Yeager does not assert standing as a judgment debtor and instead claims (1) her own interests were implicated by the collections process, (2) General Yeager assigned her the rights to bring these claims, and (3) California law permits husbands and wives to sue and defend each other. Dismissal Opp'n at 8–10; Strike Opp'n at 15.

First, Mrs. Yeager's contention that the Bowlins' conduct implicates her own interests does not confer standing. Mrs. Yeager was not a party to the collection proceedings she complains of, was not the judgment debtor, and has shown no claim to the specific funds collected. Judicially-noticeable facts show the Bowlins' judgment against General Yeager was satisfied more than a year before Mrs. Yeager filed her cross-complaint. *See* RJN 3–4 (citing *Bowlin*, Case No. 08-cv-00102, ECF Nos. 244, 270). During the Bowlins' collection efforts, Mrs. Yeager had no claim to the AT&T proceeds and she did not, herself, satisfy the Bowlins' judgment. Cross-Compl. ¶¶ 11, 20. Thus, to the extent the claims Mrs. Yeager pleads are cognizable, they may be maintained only by General Yeager.

Second, Mrs. Yeager cannot base her standing on the purported assignment of rights. General Yeager assigned to Mrs. Yeager certain rights to his name, image and trademarks "as it relates to his claims and causes of action against and by AT&T." General Yeager did not assign rights to Mrs. Yeager relating to the Bowlins' collection of his post-judgment debt from a case in 2008. Judicially-noticeable facts show the Bowlins' debt was satisfied and closed more than a year ago: General Yeager has no rights left to assign. RJN 2–3. General Yeager also expressly limited his assignment of rights to the interpleaded funds, which does not extend to unrelated claims borne out of cases resolved years ago. *See* Intervention Order at 6. Mrs. Yeager has not shown a direct relationship between her assignment of rights and her cross-claims.

Third, the court previously has rejected Mrs. Yeager's argument that California Code of Civil Procedure sections 370 and 371 confer on her the right to assert claims on her husband's behalf. *See id.* at 5. Section 370 provides that a married person "may be sued" and

"may sue" without his or her spouse. Cal. Civ. Proc. Code § 370. That is what happened here: AT&T named General Yeager as a defendant in interpleader, and Mrs. Yeager intervened; neither General Yeager's nor Mrs. Yeager's appearance was a prerequisite to the other's presence. Section 371 applies only "[i]f a husband and wife are sued together," Cal. Civ. Proc. Code § 371, unlike here. "Nothing in these sections suggests California law endows spouses with the substantive right to represent one another." Intervention Order at 5. These state rules of civil procedure are not loopholes through which Mrs. Yeager can jettison her burden to establish Article III standing in federal court.

Mrs. Yeager has not met her burden to establish standing. Accordingly, she cannot show a likelihood of prevailing on any of her claims against the Bowlins. The Bowlins satisfy the second step of the anti-SLAPP analysis.

The court GRANTS the Bowlins' anti-SLAPP motion to strike Mrs. Yeager's cross-complaint. When the entire complaint is based on protected activity, as here, the grant of an anti-SLAPP motion is akin to outright dismissal with prejudice; no amendment could change the fact that the entire complaint derives from protected activity. *See Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (state procedural rule of dismissal with prejudice in the context of anti-SLAPP motions trumps the federal civil procedure rules' lenient amendment policy); *see also* Fed. R. Civ. P. 15(a). The court therefore DISMISSES WITH PREJUDICE the cross-complaint. This resolution of the Bowlins' motion to strike moots their motion to dismiss.

C. Request for Attorneys' Fees

A "prevailing defendant" on an anti-SLAPP motion "shall be entitled to recover his or her attorney fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1134 (2001). This award is mandatory, but must be reasonable in light of the circumstances of the case. *See, e.g., Cabral v. Martins*, 177 Cal. App. 4th 471, 491 (2009); *Maughan v. Google Tech., Inc*., 143 Cal. App. 4th 1242, 1250–52 (2006). Here, the court will award the Bowlins statutorily mandated reasonable attorneys' fees after receiving additional briefing on the appropriate sum. *See* E.D. Cal. L.R. 293.

III. <u>VEXATIOUS LITIGANT</u>

The Bowlins' third motion seeks a court declaration that Mrs. Yeager is a "vexatious litigant" and associated sanctions in the form of a pre-filing review order and requirement of furnishing security to maintain her cross-claims.

A vexatious litigant is a "persistent and obsessive litigant[] who, repeatedly litigating the same issues through groundless actions, waste[s] the time and resources of the court system and other litigants." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011) (citation omitted). California Code of Civil Procedure section 391(b), incorporated by this court's Local Rule 151(b), outlines when a court may declare a litigant vexatious. Cal. Civ. Proc. Code § 391(b). Once so declared, that litigant is prohibited from filing any new litigation, *in propria persona*, in any courts within California without first obtaining leave of the presiding judge of the court where the litigation is pending or proposed. *Id.* § 391.7. The vexatious litigant's name is also added to a list on a public website, and the court may issue associated sanctions, including a pre-filing review requirement, and a requirement that the litigant furnish security to maintain his or her case. *Id.* § 391.7(a). California's vexatious litigant law is applied in both state and federal courts.

Mrs. Yeager concedes the Sacramento Superior Court declared her and Mr. Yeager vexatious litigants under California Civil Procedure Code § 391(b)(1) on March 18, 2016. *See* Vex. Opp'n at 7 ("the Sacramento Superior Court . . . improperly and without sufficient basis found both Mrs. Yeager and General Yeager to be a vexatious litigant [sic] under the Vexatious Litigant Statute."). *See also Yeager v. Gibson*, Case No. 34-2014-00169683 (Cal. Sup. Ct. 2016); Noonan Decl. Ex. A at 2, ECF No. 288-1. The court grants the Bowlins' request to judicially notice the docket of the state *Gibson* case under Federal Rule of Evidence 201. *See* RJN ¶ 1, ECF No. 288-2. With its declaration, the state court in *Gibson* issued a pre-filing review order that prohibits both Mrs. Yeager and General Yeager "from filing any new litigation in propria persona in the courts of this state, including the federal courts located in California, without first obtaining leave . . . ." Noonan Decl. Ex. B ¶ 3.

The Bowlins now ask this court, relying almost exclusively on the *Gibson* court's findings and pronouncements, to declare Mrs. Yeager a vexatious litigant in this court and to enforce two associated sanctions against her: (1) A pre-filing review restriction; and (2) an order to furnish security to maintain her cross-complaint. *See* Vex. Mot. at 10. First, the court DENIES as MOOT the Bowlins' request for an order to furnish security, as the court has now dismissed the cross-complaint with prejudice. Second, finding the Bowlins' briefing insufficient to declare Mrs. Yeager a vexatious litigant or to issue a pre-filing review restriction against her, the court nevertheless ORDERS further briefing to allow full consideration of the gist of the Bowlins' request. *See Delong v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990) ("A district court has inherent power to issue an order *sua sponte* prohibiting a vexatious litigant from filing any future suits without the court's permission.").

Two considerations drive this order for further briefing. First, notwithstanding principles of comity and deference when appropriate, the *Gibson* order cannot bind this court. That *Gibson*'s pre-filing review order facially declares its application to every federal court in California, without authority showing that order applies in this court, is not enough. Second, California law on vexatious litigant declarations does not support automatic adoption by this court of the *Gibson* court's conclusion. *Cf.* Cal. Code Civ. Proc. § 391(b)(4) (extending vexatious litigant determinations from other state or federal courts only "in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."). Third, the Bowlins provide insufficient analysis under any of the four relevant code subsections for this court to independently declare Mrs. Yeager a vexatious litigant. *See* Vex. Mot. at 10–11 (vaguely highlighting Mrs. Yeager's prior litigiousness and conclusively declaring "Mrs. Yeager meets each one of the several independent grounds supporting a finding that she is a vexatious litigant" without a clear analysis under any such grounds); *see also* Cal. Civ. P. Code § 391(b)(1)–(4). The Bowlins' response to this order is due within fourteen days. Mrs. Yeager's reply, if any, is due seven days thereafter.

/////

/////

## IV. CONCLUSION

As explained above the court adjudicates the Bowlins' motions insofar as it:

- ■ GRANTS the Bowlins' anti-SLAPP motion to strike Mrs. Yeager's entire cross-complaint and therefore DISMISSES the cross-complaint with prejudice.
- ■ ORDERS the Bowlins to file a brief with supporting declarations identifying the appropriate attorneys' fee award in connection with the anti-SLAPP motion within fourteen calendar days of this order. Mrs. Yeager's opposition is due seven days thereafter, and the Bowlins' reply seven days after the opposition.
- ■ DENIES as MOOT the Bowlins' motion to dismiss.
- ■ DENIES as MOOT the Bowlins' request to order Mrs. Yeager to furnish security to maintain her cross-complaint.
- ■ ORDERS the Bowlins to further brief the question of whether the court should not deny the motion to declare Mrs. Yeager a vexatious litigant and the associated request to issue a pre-filing review sanction against Mrs. Yeager. The Bowlins response to this order is due within fourteen days. Mrs. Yeager's reply, if any, is due seven days thereafter.

This resolves ECF Nos. 283, 284, and partially resolves ECF No. 288. The court will resolve the balance of ECF No. 288 once the further briefing ordered here is complete.

DATED: September 29, 2017.

_____
UNITED STATES DISTRICT JUDGE