| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>　　　　　Defendants,<br>_____<br><br>AND RELATED CROSS-CLAIMS. | No. 2:13-cv-00007-KJM-DB<br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　　Multiple parties assert rights to funds General Charles Yeager won in a trial five years ago. Mrs. Victoria Yeager, General Yeager's wife, has intervened and asserted cross-claims against some of those multiple parties, including Don Lesser doing business as Lesser Law Group ("Lesser"). Lesser now moves for summary judgment on Mrs. Yeager's cross-claims. Mot., ECF No. 316-1. Mrs. Yeager opposes. Opp'n, ECF No. 324. The motion hearing was on July 6,

1

2017; Daniel Kohls and Dacia Cenat appeared on Lesser's behalf; Mrs. Yeager did not appear. Mins, ECF No. 333. Mrs. Yeager later let the court know she had mistakenly calendared the hearing for a different day; in a document apologizing for her absence, she reiterates her arguments against summary judgment. *See* ECF No. 335. The court does not consider this late, essentially duplicative filing. As discussed below, the court GRANTS Lesser's motion.

I.  BACKGROUND

The court has outlined the facts and procedural history in prior orders and limits the background section here to what is relevant to understanding Lesser's motion.[1] The court treats the facts noted here as undisputed. While Mrs. Yeager says she disputes UMF 4, 7 and 9, her disputes are merely argument; she cites no evidence contradicting the asserted material facts. *See* Lesser's Reply to Mrs. Yeager's Objections at 3-7, ECF No. 329.

A.  Procedure

The parties have a long litigation history. In November 2007, General Yeager sued AT&T Mobility, LLC ("AT&T") and others for unjustly enriching themselves by using his name to promote their products without his permission, alleging this violated California common-law rights to privacy and the federal Lanham Act. *Yeager v. AT&T Mobility, LLC*, No. 2:07-cv-2517 (E.D. Cal. filed Nov. 21, 2007). At a trial in 2012, the jury awarded General Yeager $135,000, and the court later awarded him approximately $170,000 in attorneys' fees and costs. *See* Verdict, Case No. 07-2517, ECF No. 227; Order, Dec. 19, 2012, Case No. 07-2517, ECF No. 270. A month later, AT&T filed this interpleader case and deposited the full sum it owed with the court, claiming several parties, including Lesser, had asserted competing claims to these funds. *See* Compl., ECF No. 1. Lesser's lien is for $145,976.91. Undisputed Material Facts ("UMF") 11, ECF No. 316-2.

Mrs. Yeager later intervened in this interpleader action "as a joint representative of her interests with General Yeager." Order Aug. 16, 2016, ECF No. 263. She then filed cross-

---

[1] Unless otherwise noted, all case file numbers are to the docket in the above-captioned case, Case No. 2:13-cv-00007.

2

claims against Lesser for professional negligence, legal malpractice and breach of fiduciary duty. Cross-Compl., ECF No. 270, at 14-16 (filed August 28, 2016). The Cross-Complaint contends Lesser "mishandl[ed] legal actions" on the Yeagers' behalf and "falsely claim[ed] a lien" on General Yeager's judgment award in *Yeager v. AT&T Mobility*. Cross-Compl. at 11:28-12:1-5[2]; *see also* UMF 14. The alleged mishandling of legal actions happened when Lesser represented the Yeagers from late 2009 to late 2010 in the following cases (the "Five Cases"):

> *Wild, Carter & Tipton v. Yeager*, California Superior Court, Fresno County ("WCT Fresno action")[3];
>
> *Yeager v. Wild, Carter & Tipton*, California Superior Court, Sacramento County ("WCT Sacramento action");
>
> *Pavone v. Yeager*, California Superior Court, San Diego County ("Pavone action");
>
> *Yeager v. Bowlin*, Case No. 2:08-CV-00102-WBS-JFM (E.D. Cal. filed Jan. 14, 2008) ("Bowlin action"); and
>
> *Yeager v. Yeager*, Case No. 2:06-cv-0196-JAM-EFB (E.D. Cal filed June 1, 2006).

*See* Compl. at 12-3; UMF 1-3, 14. This is not the first time the Yeagers have accused Lesser of incompetently representing them: They previously sued Lesser in state court based on acts they say he committed while representing them from late 2009 to late 2010. *See Yeager v. Lesser*, Sacramento County Superior Court, Case No. 34-2011-00109638 (filed Aug. 23, 2011) ("State Case"). The court grants Lesser's request to judicially notice the pleadings and procedural history in the State Case, including the existence of and allegations within the Yeagers' initial complaint and first amended complaint in the State Case. Fed. R. Evid. 201(b); Req. for Judicial Notice ("RJN"), Exs. 20-23, 24, ECF No. 319. The state court dismissed the Yeagers' complaint because the case did not go to trial within the mandatory five-year statutory period. RJN Ex. 24. But Lesser's later cross-claim for $145,976.91 in unpaid legal fees did go to trial, which ended on

---

[2] Instead of continuing the paragraph numbering scheme from the answer to the separate cross-claims, Mrs. Yeager begins the numbers anew for each section. To avoid ambiguity, this order cites the Cross-Complaint's page and line numbers, not the paragraph numbers.

[3] Neither party includes a case number or filing date for the first three cases on this list, but that information is not required to resolve the pending motion.

3

July 3, 2017, in a $243,769.95 verdict for Don Lesser. . Lesser has filed the State Case judgment, which the court now judicially notices. *See* Ex. 32-33 to Lesser's Suppl. RJN, ECF No. 334.

Lesser moves for summary judgment on the entire Cross-Complaint, arguing Mrs. Yeager's three cross-claims are all barred. To the extent they derive from Lesser's legal representation in the Five Cases, he says they are barred by the statute of limitations; to the extent they derive from Lesser's allegedly falsely claimed lien, they are barred by the litigation privilege. As discussed below, the court agrees with Lesser.

II. SUMMARY JUDGMENT

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Then the burden shifts to the nonmovant to show "a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . . ; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmovant] must do more than simply show that there is some metaphysical doubt as to the material facts"). Also, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48.

In deciding a summary judgment motion, the court draws all inferences and views all evidence in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587-88. But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-

4

moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

STATUTE OF LIMITATIONS

Lesser argues Mrs. Yeager's Cross-Complaint is indisputably time barred to the extent it derives from Lesser's professional services. The parties dispute what statute of limitations applies to Mrs. Yeager's cross-claims and whether the applicable limitations period has run. Lesser argues the limitations period is one year and that it has run because Mrs. Yeager discovered Lesser's allegedly wrongful acts over five years ago, Mot. at 8-9; Mrs. Yeager argues the limitations period is three to four years and is still active because Lesser continues to breach his fiduciary duty, Opp'n at 10. As explained below, the court agrees with Lesser.

    A. Applicable Statute of Limitations

Mrs. Yeager's cross-claims for professional negligence, legal malpractice and fiduciary breach each are based on Lesser's alleged mishandling of legal actions while representing the Yeagers in the Five Cases. UMF 14. California Code of Civil Procedure section 340.6 applies a one-year limitations period to all claims clients bring against their counsel arising out of professional services, except actual fraud. Cal. Civ. Proc. Code § 340.6[4]; *Levin v. Graham & James*, 37 Cal. App. 4th 798, 805 (1995) ("In all cases other than actual fraud, whether the theory of liability is based on the breach of an oral or written contract, a tort, or a breach of fiduciary duty, the one-year statutory period applies.") (citation omitted). The actual fraud exception applies only to intentional fraud, "not constructive fraud resulting from negligent misrepresentation." *Quintilliani v. Mannerino*, 62 Cal. App. 4th 54, 69-70 (1998); *see Stoll v. Superior Court*, 9 Cal. App. 4th 1362, 1368 (1992) (concluding one-year statute of limitations governed malpractice claims even if characterized as breach of fiduciary duty) (citation omitted).

Here, Mrs. Yeager's three cross-claims arise from the provision of professional legal services; not one involves actual fraud. *See* Cross-Compl. at 11-16. Mrs. Yeager alleges

---

[4] "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission . . . ." Cal. Civ. Proc. Code § 340.6.

5

"Lesser failed to exercise reasonable care and skill, failed to represent clients' interests zealously, diligently, competently, and honestly, among other failures, in undertaking to perform such legal services for the Yeagers." *Id.* at 13. Thus, her claims based on legal services are limited by the one-year limitations period.

### B. Accrual and Tolling

The parties also dispute when the statute of limitations accrued. Lesser argues the limitations period accrued in August 2011 when Mrs. Yeager discovered the allegedly wrongful acts and suffered the requisite harm, Mot. at 8-11; Mrs. Yeager argues the limitations period is ongoing because "Lesser continues to breach his fiduciary duty by aiding other attorneys opposed to the Yeagers," Opp'n at 10 (citing Victoria Yeager Decl. ¶ 22, ECF No. 324-2). Under California law, the statutory period accrues once two conditions are met: (1) The client has a "general awareness" of the alleged wrongs or omissions on which she bases her claims; and (2) the client suffers "actual harm" from the alleged wrongs or omissions. *See* Cal. Civ. Proc. Code § 340.6(a). As discussed below, the claims here accrued in late 2011.

#### 1. Discovering Relevant Facts

To ascertain the accrual date for a claim based on professional services, the court must assess when the client knew or should have known about the allegedly wrongful acts. Cal. Civ. Proc. Code § 340.6 (action must be commenced "within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission"). "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988) ("So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her."). As such, courts have interpreted this section to mean the limitations period accrues as a matter of law when the client has a "general awareness" of the alleged wrongs or omissions on which she bases her claims. *Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 875 (1983) (citation omitted) ("[I]f [the claimant] became aware of facts which would make a reasonably

prudent person suspicious, she had a duty to investigate further and she was charged with knowledge of matters which would have been revealed by such investigation.").

Here, the undisputed facts show Mrs. Yeager knew about Lesser's alleged misconduct in late 2011, but she then waited five years, until August 28, 2016, to file the instant cross-claims. Mrs. Yeager's Cross-Complaint contends Lesser committed legal malpractice professional negligence and fiduciary breaches while representing the Yeagers in the Five Cases. UMF 14. Lesser represented the Yeagers in these cases from late 2009 to late 2010. UMF 3; Lesser Decl. ¶ 6, Ex. C (Lesser's letter to the Yeagers terminating their legal representation).[5] At the latest, and beyond any dispute, Mrs. Yeager was legally on notice of facts giving rise to her claims by August and if not by then by October 2011 at the latest, which is when the Yeagers filed an initial and then a first amended complaints against Lesser in state court alleging essentially the same claims as Mrs. Yeager asserts here. *See* State Case.

The Yeagers' State Case complaint and Mrs. Yeager's Cross-Complaint here highlight virtually identical facts. In the State Case, the Yeagers alleged Lesser incompetently represented them in the Five Cases. UMF 4-9. *Compare* State Case Initial Compl. ¶ 1 (RJN Ex. 20) *and* State Case First Am. Compl. ("State FAC") ¶¶ 1, 5 (RJN Ex. 21), *with* Instant Cross-Compl. at 13:1-7, 14:18-22. The Yeagers specifically alleged Lesser committed the following misconduct: In the WCT Fresno action, Lesser filed a cross-complaint that halted the related WCT Sacramento action and significantly damaged the Yeagers; in the WCT Sacramento action, Lesser negligently named attorney George A. Roberts as a defendant rather than initiating fee arbitration; in the *Pavone* action, Lesser did not depose the plaintiff, did not raise an unconscionability defense, negligently omitted a fiduciary breach claim, inadequately educated

---

[5] Lesser's evidence shows the legal relationship between Lesser and the Yeagers ended by November 4, 2010. Mrs. Yeager offers no rebuttal evidence, yet her professional negligence cross-claim alleges the misconduct happened "in or about January 2011." *See* Cross-Compl. at 13:17-18. Neither Mrs. Yeager's Cross-Complaint nor her opposition brief cites any factual allegations to show Lesser provided the Yeagers any representation in 2011. *See generally* Cross-Compl.; Opp'n. At hearing, the court asked whether this citation to 2011 was intentional, but Mrs. Yeager was not present. Accordingly, because evidence directly contradicts this bald allegation, the court deems this reference to 2011 at page 13 lines 17-18 of Mrs. Yeager's Cross-Complaint a typographical error.

the successor counsel, and defectively pled misappropriation; in the *Bowlin* action, Lesser omitted crucial deposition testimony and evidence that the plaintiffs changed their website; and, in *Yeager v. Yeager*, Lesser jeopardized General Yeager's appeal as to some defendants. *See* State Case Initial Compl. ¶ 5(A)-(B), (D), and State FAC ¶ 5 (B), (D)-(J).

> It is undisputed that Mrs. Yeager's cross-claims against Lesser here derive from the Five Cases. Although the cross-claims themselves are vague as to which cases they reference, the Cross-Complaint's introduction mentions the overlap, *see* Cross-Compl. at 13:3-7, and Mrs. Yeager admits the overlap in her response to Lesser's statement of facts, *see* ECF No. 324-1 at 20 (Mrs. Yeager responds "admit" to UMF 14, which lists the Five Cases as the basis for her cross-claims). Mrs. Yeager's cross-claims allege the following:
>
> Lesser failed to exercise reasonable care and skill, failed to represent clients' interests zealously, diligently, competently, and honestly, among other failures, in undertaking to perform such legal services for the Yeagers; Lesser breached [its] duty of care . . . [by f]ailing to provide timely, competent and correct advice necessary to enable the Yeagers to make informed decisions . . . [or] to prosecute and defend litigation claims diligently, competently and in a timely manner . . . [and f]ailing to put forth evidence in support of their client's position . . .[and] failing to disclose conflicts of interest [and] lack of competence in fields of law relevant to the matters . . . .

*See* Cross-Compl. ¶¶ 17-18, 22.

The State Case complaints and the Cross-Complaint here derive from the same cases and overlap substantially. Thus, the State Case initial complaint and first amended complaint together show Mrs. Yeager was "generally aware" of Lesser's alleged misconduct by August 2011, and was aware of all relevant facts by October 2011 at the latest. Even if Mrs. Yeager did not know of all the wrongful conduct in which Lesser allegedly engaged, and even if the Yeagers' various complaints differed, those differences are irrelevant when evaluating when the statute of limitations accrued. What matters is when Mrs. Yeager had the requisite "general awareness" of Lesser's allegedly wrongful conduct. She had that awareness by August 2011, and the statute of limitations thus accrued at that time.

### 2. Suffering Requisite Harm

The claimant must not only have general knowledge of the wrongdoing for a professional services claim to accrue, but must also have suffered actual harm from the alleged

misconduct.  *Budd v. Nixen*, 6 Cal. 3d 195, 203 (1971), *superseded on other grounds as recognized in Laird v. Blacker*, 2 Cal. 4th 606, 611 (1992).  Actual injury in this context occurs when the client suffers any loss or injury legally cognizable as damages in a legal malpractice action.  *Jordache Enterp., Inc.*, *v. Brobeck*, *Phleger & Harrison*, 18 Cal. 4th 739, 743 (1998); *see also Budd*, 6 Cal. 3d at 201.  Any legally cognizable injury is "actual injury" for section 340.6 purposes.  *Jordache*, l8 Cal.4th at 743.  The injury need not be defined in monetary terms, *id.* at 750; *Laird*, 2 Cal. 4th at 613, and the client need not have suffered "all or even the greater part" of the injury the attorney's alleged negligence causes, *Laird*, 2 Cal. 4th at 613 (citing *Budd*, 6 Cal. 3d at 201); *accord Sirott v. Latts*, 6 Cal. App. 4th 923, 930 (1992).  That an injury occurred is the determining factor, not the extent of the injury.  *See Laird*, 2 Ca1. 4th at 613.

Here, Mrs. Yeager contends that because "Lesser continues to breach his fiduciary duty . . . there are triable issues of material fact as to when Lesser breached his fiduciary duty, [and] when he committed legal malpractice and professional negligence."  Opp'n at 12,.  Stated differently, Mrs. Yeager argues, because the alleged harm is still happening, the limitations period either never accrued or has yet to run.

Both arguments are unavailing.  First, Mrs. Yeager suffered actual harm by August 2011 sufficient to trigger accrual.  Her Cross-Complaint alleges that, had Lesser exercised proper care and skill in the Five Cases, the Yeagers would not have suffered adverse judgments and damages awards.  Cross-Compl. at 14:6-11, 15:8-10.  The Yeagers alleged the same harm in August 2011 when they filed their initial complaint in the State Case.  *See* State Case Initial Compl. ¶¶ 7-9, 27 (claiming Lesser caused plaintiffs to lose potentially valid claims and suffer adverse judgments amounting to over $276,000.00).  This duplication alone satisfies section 340.6's actual injury requirement because it shows the requisite legally-cognizable harm existed by August 2011.  *See Jordache*, 18 Cal. 4th at 743 (explaining damages constitute "actual injury" when they could establish "a legal malpractice cause of action.").  Indeed, in her responses to Lesser's statement of facts, Mrs. Yeager concedes she sustained the injuries giving rise to her claims by August and no later than October 12, 2011.  *See* ECF No. 324-1 at 18-19 (admitting the underlying facts in UMF 5, 6, 7, 8, though objecting to each as irrelevant).  Because Mrs. Yeager

was not only aware of Lesser's alleged misconduct by August and October 2011, but also suffered her alleged injuries at that time, the one-year statute of limitations thus began accruing at the very latest, in October 2011. Mrs. Yeager's cross-claims therefore must have been raised within a year of that date, unless the limitations period was tolled.

Mrs. Yeager's tolling-related argument, that Lesser "continue[s] to breach his fiduciary duty" even though Lesser has not represented the Yeagers in seven years, is unavailing. *See* Opp'n at 16. Only certain scenarios can toll a legal malpractice claim. Not one applies here. The statute of limitations tolls if (1) the plaintiff has not yet sustained actual injury, (2) the attorney continues to represent the plaintiff regarding the specific subject in which the alleged wrongful act occurred, (3) the attorney willfully conceals the facts constituting the wrongful act or omission, (4) the plaintiff is under a legal or physical disability that restricts the plaintiff's ability to commence legal action. Cal. Civ. Proc. Code § 340.6.

Mrs. Yeager cites no support for her legal conclusion that "Lesser has continued to breach his fiduciary duty" and cites no tolling provision to which this argument pertains. *See* Opp'n at 10 (citing Victoria Yeager Decl. ¶ 28). Mrs. Yeager declares "Lesser has continued to breach his fiduciary duty by writing to AT&T and falsely claiming a lien . . . aid[ing] parties and attorneys opposing General Yeager and Mrs. Yeager" and] "warn[ing] the Yeagers if they tried to sue him he would 'open up the floodgates' against the Yeagers." Victoria Yeager Decl. ¶ 28. The statement pertaining to the lien, as discussed below, is barred by the litigation privilege. The accusation of aiding and abetting other attorneys, without any support, is a bare legal conclusion that cannot create a genuine issue for trial. *See Matsushita*, 475 U.S. at 586 ("[the nonmovant] must do more than simply show that there is some metaphysical doubt as to the material facts"). As to any "floodgates," Mrs. Yeager has not explained how this threat, if it was made, could possibly amount to a breach of fiduciary duty under governing law, let alone one related to Lesser's prior representation of the Yeagers. *See Anderson*, 477 U.S. at 247-48 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Thus, Mrs. Yeager's unsupported declarations of ongoing misconduct create no genuine issue for trial.

10

What matters here is that Lesser stopped representing the Yeagers more than a year before Mrs. Yeager filed her Cross-Complaint, *see* UMF 3, and Mrs. Yeager suffered actual injury more than a year before filing her Cross-Complaint, as discussed above. Not one of section 340.6's tolling provisions apply here.

    C. <u>Statute of Limitations Conclusion</u>

Mrs. Yeager's cross-claims deriving from Lesser's provision of legal services are subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340.6. Because the statute of limitations here accrued in late 2011 and no tolling provisions apply, Mrs. Yeager needed to have brought her cross-claims by the end of 2012. Instead she waited until August 2016 to do so. The claims are time barred.

III. <u>LITIGATION PRIVILEGE</u>

Mrs. Yeager also asserts that Lesser falsely claimed a lien over the funds General Yeager won in *Yeager v. AT&T*. Cross-Compl. at 12:4-5. This claim is barred by the litigation privilege. *See* Cal. Civ. Code § 47(b).

The litigation privilege provides a complete defense to a person asserting a lien claim. *See* Cal. Civ. Code § 47(b). To warrant such protection, Lesser's claim to a lien need only be communicative conduct made in connection with a judicial proceeding. Cal. Civ. Code § 47(b).[7] Indeed, California courts have consistently found that asserting a lien is communicative conduct protected by the litigation privilege. *See, e.g.*, *Olszewski v. Scripps Health*, 30 Ca1.4th 798, 832 (2003) ("[A]ssertion of liens as authorized by validly enacted California statutes is shielded by the litigation privilege"); *Frank Pisano & Assoc. v. Taggart*, 29 Cal App. 3d 1, 25 (1972) ("[T]he filing of a claim of mechanic's lien in conjunction with a judicial proceeding to enforce it is privileged . . ."). The lien's ultimate validity does not determine its protection: The litigation privilege shields the lien, even if it was improperly asserted. *Olszewski*, 30 Cal. 4th at 832.

---

[7] " A privileged publication or broadcast is one made—(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . ." Cal. Civ. Code § 47(b).

11

Here, Mrs. Yeager's opposition focuses only on the validity of Lesser's lien. Opp'n at 6. But the lien's validity is irrelevant; Lesser's lien claim is communicative conduct in a judicial proceeding and the litigation privilege thus completely shields this conduct. Cal. Civ. Code § 47(b). Mrs. Yeager cannot base her claims on this protected conduct. Accordingly, the court GRANTS summary judgment for Lesser on Mrs. Yeager's claims attacking Lesser's assertion of rights to a lien in this court.

IV. CONCLUSION

The undisputed material evidence establishes that, to the extent Mrs. Yeager's cross-claims derive from Lesser's professional misconduct, they are time barred; and, to the extent they derive from Lesser's attempt to collect on a judgment lien, they are barred by the litigation privilege. Because Mrs. Yeager alleges no other basis for her claims, summary judgment is appropriate as to all three claims. Accordingly, the court GRANTS summary judgment for Lesser as to Mrs. Yeager's entire Cross-Complaint. Upon the resolution of the pending vexatious litigant motion raised separately by the Bowlins, the court will set a status conference with the parties to discuss the status of the case.

IT IS SO ORDERED

This resolves ECF No. 316.

DATED: September 30, 2017.

_____
UNITED STATES DISTRICT JUDGE