UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>Defendants,<br><br>AND RELATED CROSS-CLAIMS. | No. 2:13-cv-00007-KJM-DB<br><br>ORDER |

One of several motions contesting certain filings of defendant-intervenor Mrs. Victoria Yeager is before the court. Parsons Behle & Latimer, PLC ("PB&L"), plaintiff-intervenor, moves to strike Mrs. Yeager's Answer and Cross-Complaint. Mot., ECF No. 278; Mem., ECF No. 278-1. Mrs. Yeager opposes. Opp'n, ECF No. 294. The court submitted the matter without a hearing on October 31, 2016. Mins., ECF No. 305. As discussed below, the court GRANTS PB&L's motion.

1

I.  BACKGROUND

The court has outlined the facts and procedural history of this case in prior orders and so limits this background section to the information relevant to understanding the instant motion.

In 2007, General Yeager sued AT&T Mobility, LLC ("AT&T") and others for unjustly enriching themselves by using his name, without his permission, to promote their products. *Yeager v. AT&T Mobility, LLC*, No. 07-2517 (E.D. Cal. filed Nov. 21, 2007). At trial in 2012, General Yeager was represented by PB&L; he prevailed in part and was awarded damages, costs and fees. *See* Case No. 07-2517, ECF Nos. 227, 270. In January 2013, AT&T deposited the combined award with the court and filed this interpleader case, noting several people had come forward with competing claims to these funds. ECF No. 1. In April 2014, the court granted PB&L's request to intervene to assert a claim for $106,408.53 of the deposited funds based on General Yeager's allegedly unpaid legal fees. ECF No. 91 (order granting intervention); ECF No. 93 (PB&L Complaint). In June 2014, General Yeager answered PB&L's complaint-in-intervention and asserted affirmative defenses against PB&L. ECF No. 95.

In March 2015, this court granted Mrs. Yeager a limited right to intervene in the interpleader action on her own behalf. Order, ECF No. 164. The court expressly forbade her from speaking for General Yeager or asserting claims on General Yeager's behalf. *Id.* at 6. In December 2015, after a hearing regarding General Yeager's competency to proceed with litigation, the court appointed James E. Houpt as General Yeager's guardian ad litem. Order Dec. 28, 2015, ECF No. 227. Over a year later, Mrs. Yeager moved to broaden her intervention rights to assert claims and defenses on General Yeager's behalf as well. ECF No. 248. She based her request on a written "assignment" of General Yeager's rights and interests. *Id.* The court granted Mrs. Yeager's intervention request, but only to protect rights and interests General Yeager expressly assigned to her; namely, rights and interests pertaining to "[General Yeager's] name, image, and trademarks as it relates to his claims and causes of action against and by AT&T." Intervention Order, ECF No. 263, at 5 (filed Aug. 12, 2016); *see also* Assignment, Ex. A, ECF No. 222 at 4. Three months later the court dismissed General Yeager from this action without

2

prejudice, deeming Mrs. Yeager his substitute; at the same time the court relieved Mr. Houpt as guardian ad litem. Substitution Order, ECF No. 306 ("[Mrs. Yeager] steps into General Yeager's shoes from the date of this order forward.").

Mrs. Yeager then filed answers and cross-complaints against multiple parties. *See* ECF Nos. 270, 271. As relevant here, one of her filings was another answer to PB&L's complaint-in-intervention, which asserted three cross-claims against PB&L. Answer, ECF No. 271, at 5-11; Cross-Compl., ECF No. 271, at 1-5. PB&L moves to strike this new filing as beyond the permissible scope of Mrs. Yeager's intervention. PB&L Mem. at 5-13.

## II. LEGAL STANDARD

A district court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]") (citations and quotation marks omitted).

The court may also strike filings and pleadings under its "inherent power to control [its] docket." *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (citation and quotations marks omitted); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586-88 (9th Cir. 2008) (discussing district court's ability to strike exhibits to a motion); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224-26 (9th Cir. 2005) (affirming district court's decision to strike deposition corrections and a declaration); *cf. Carrigan v. Cal. State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959) (discussing inherent power to strike briefs and pleadings that are "scandalous, impertinent, scurrilous, and/or without relevancy").

It is "universally acknowledged" that courts may exercise this inherent power as "necessary to the exercise of all others," including the "power to impose silence, respect, and decorum." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations and quotation marks omitted). This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

III. DISCUSSION

    A. Answer

Mrs. Yeager's additional Answer to PB&L's complaint will be stricken. Nothing in this court's intervention or substitution orders permitted Mrs. Yeager to file additional pleadings, either on her own behalf or on General Yeager's behalf. By not filing a complaint-in-intervention, Mrs. Yeager limited her intervention request to existing pleadings; granting her request thus did not signal an opportunity to litigate new claims and raise new affirmative defenses. *See generally* Intervention Order. Also, by subsequently substituting Mrs. Yeager and granting her the right to step into General Yeager's shoes for all remaining purposes, the court expressly bound Mrs. Yeager to General Yeager's prior decisions and filings. Substitution Order at 1.

To ensure intervenors remain within the permissible scope of intervention, Federal Rule of Civil Procedure 24 requires intervention motions to "be accompanied by a complaint in intervention "that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *Landry's, Inc. v. Sandoval*, No. 2:15-cv-01160-GMN-PAL, 2016 WL 1239254, at *3 (D. Nev. Mar. 28, 2016). Without such a complaint, a court generally grants intervention only when the purpose of intervention is to stand on the existing pleadings. *Landry's*, 2016 WL 1239254, at *3. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (noting intervention motions have been approved without a pleading when the motion sufficiently apprised the court of the grounds for intervention); *Bushansky v. Armacost*, No. 12-CV-01597-JST, 2014 WL 5335255, at *2 (N.D. Cal. Oct. 17, 2014) (permitting a party to intervene without filing a proposed pleading when the intervenor adopted the existing pleadings); *Munoz v. PHH Corp.*, No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054, at *5 (E.D. Cal. July 29, 2013) ("If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical.") (citation omitted).

Here, the court granted Mrs. Yeager a limited right to step into General Yeager's shoes and vindicate the specific rights assigned to her. At the time, General Yeager had answered

PB&L's complaint more than two years earlier, while he was still legally competent to do so. ECF No. 95 (filed June 10, 2014); *see also* Order, ECF No. 85 (discussing in May 2015 initial concerns as to General Yeager's competency). Mrs. Yeager did not request and was never granted the right to file another answer to PB&L's complaint. *See Summit Canyon Res., LLC v. Barker*, No. 215CV2167JADGWF, 2016 WL 740420, at *2 (D. Nev. Feb. 23, 2016) (internal quotation marks, footnotes, and alterations omitted) (quoting *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000)) (substituted defendant bound by substituted-for defendant's prior decision); *see also Collateral Control Corp. v. Deal*, 638 F.2d 1362, 1364 (5th Cir.1981) ("[the rule permitting party substitution] is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands."). Accordingly, the court STRIKES this additional Answer from the record.

     B.  Cross-Complaint

    Citing the same rationale, PB&L moves to strike Mrs. Yeager's Cross-Complaint. As explained above, Mrs. Yeager's substitution into this case did not give her free reign to file additional pleadings on General Yeager's behalf; rather she is bound by his former filings. Also, her cross-claims exceed her circumscribed intervention rights. She includes cross-claims for professional negligence, legal malpractice and breach of fiduciary duty based on PB&L's representation of the Yeagers in the underlying 2007 case referenced above. Cross-Compl. at 8. Not one of the cross-claims concerns General Yeager's "rights and interests in his name, image, and trademarks as it relates to claims and causes of action against and by AT&T." Assignment at 1. That *Yeager v. AT&T* pertained to this general topic of no moment. The claims Mrs. Yeager now asserts are not "against or by AT&T."

    Even if the court found the claimed rights related to Mrs. Yeager's assigned rights, the rights she seeks to vindicate by her cross-claims still exceed the scope of intervention because General Yeager could not legally assign those rights to anybody. California law governs the Assignment. *See id.* at 4 (stating California law governs). Under California law, claims for malpractice, professional negligence and breach of fiduciary duty arising out of the attorney-client relationship are generally non-assignable. *See Musser v. Provencher*, 28 Cal. 4th 274, 287

(2002) (discussing policy rationales for deeming legal malpractice claims non-assignable); *Goodley v. Wank & Wank, Inc.*, 62 Cal. App. 3d 389, 396-97 (1976) ("An attorney has but one intended beneficiary, his client[.]") (citation omitted). Mrs. Yeager's cross-claims derive from PB&L's representation of General Yeager in *Yeager v. AT&T*. Because PB&L represented only General Yeager and not Mrs. Yeager in that case, General Yeager could not assign to Mrs. Yeager the rights she now claims she has. *See* Letter of Representation, Ex. B, ECF No. 278-4.[1] Mrs. Yeager's cross-claims will be stricken.

IV. CONCLUSION

Mrs. Yeager's Answer and Cross-Complaint contained within ECF No. 271 exceed the limited filing rights this court afforded her both as an intervenor and as General Yeager's substitute. No amendment could bring her claims and defenses within the scope. Accordingly, exercising its "inherent power to control [its] docket," the court STRIKES this filing, with prejudice. *Atchison*, 146 F.3d at 1074.

IT IS SO ORDERED

This resolves ECF No. 278.

DATED: November 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although the letter references the law firm "Zarian Midgley & Johnson, PLLC," that firm has since merged with PB&L, and so for this analysis only, the firm names are synonymous.