UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP ; LESSER LAW GROUP,<br><br>Defendants. | No. 2:13-cv-00007-KJM-DB<br><br>ORDER |

The Bowlin defendants move this court for an order declaring intervener Mrs. Victoria Yeager a vexatious litigant and an order instituting pre-filing review restrictions against her. Mot., ECF No. 288. Mrs. Yeager opposes. Opp'n, ECF No. 353. The court submitted the motion in October 2016 and partially adjudicated the motion in September 2017.[1] The court then

---

[1] After dismissing Mrs. Yeager's cross-complaint against the Bowlins with prejudice, the court denied as moot the portion of the instant motion requesting that Mrs. Yeager furnish security to maintain that cross-complaint. *See* Order, ECF No. 338 at 14.

1

ordered supplemental briefing. *See* Order, ECF No. 338 at 15; Bowlins Suppl. Br., ECF No. 243; Mrs. Yeager Suppl. Br., ECF No. 353. As explained below, the court now GRANTS the remainder of the Bowlins' motion and DECLARES Mrs. Yeager a vexatious litigant, with an order to follow that imposes pre-filing review restrictions.

I. BACKGROUND

Multiple orders in this case detail relevant background information. *See* ECF Nos. 263, 306, 338-39, 357. The court therefore relies on those prior orders and dispenses with a review of the background here.

II. VEXATIOUS LITIGANT STANDARD

A vexatious litigant is generally a "persistent and obsessive litigant[] who, repeatedly litigating the same issues through groundless actions, waste[s] the time and resources of the court system and other litigants." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011). California's vexatious litigant statute, incorporated as a procedural rule by Eastern District Local Rule 151(b),[2] specifically defines scenarios in which a court may deem a litigant vexatious. *See* Cal. Civ. Proc. Code § 391(b)(1)-(4). As relevant here, a court may deem a litigant vexatious if she "repeatedly files unmeritorious motions, pleadings, or other papers" or "engages in other tactics that are frivolous or solely intended to cause unnecessary delay." *Id.* § 391(b)(3). What constitutes "repeatedly" and "unmeritorious" is left to the sound discretion of the trial court. *Holcomb v. U.S. Bank Nat. Ass'n*, 129 Cal. App. 4th 1494, 1505-06 (2005). As explained below, Mrs. Yeager satisfies the criteria set forth in section 391(b)(3).

/////
/////
//////

---

[2] Local Rule 151(b), titled "Security," reads in pertinent part:
The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

2

1      III.      <u>VEXATIOUS LITIGANT ANALYSIS</u>

Mrs. Yeager, often jointly with her husband General Charles Yeager,[3] has repeatedly filed *in pro per* pleadings, motions and papers in other cases, as well as the instant case, that are either unmeritorious or the cause of unnecessary delay such that Mrs. Yeager meets the definition of a vexatious litigant under California Code of Civil Procedure section 391(b)(3). Each docket listed below is judicially noticeable as a public record, the accuracy of which cannot be reasonably disputed. *See* Fed. R. Evid. 201(b); Bowlins' Initial Req. for Judicial Notice ("RJN"), ECF No. 288-2; Bowlins' Suppl. RJN, ECF No. 345; *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 756 n.1 (9th Cir. 2014).

     A.   <u>State Court Filings</u>

The court begins by judicially noticing a March 2016 state court order in *Yeager v. Gibson*, which declared both General Yeager and Mrs. Yeager vexatious litigants based on their meritless *in pro per* filings over the preceding seven years. Suppl. RJN # 1 (docket filings in *Yeager v. Gibson*, Sacramento Superior Court, Case No. 34-2014-00169683 (Oct. 8, 2014)); *see also* Noonan Decl. Ex. B, ECF No. 288-1 at 8-12 (vexatious litigant order dated Mar. 18, 2016).

The court also judicially notices the Yeagers' frivolous, *in pro per* filings in two other state cases. In August 2011, the Yeagers jointly sued, each *in pro per*, their former attorney Donald Lesser in state court. Suppl. RJN # 5; Loyd Decl. Exs. D-K, ECF No. 344 (docket filings in *Yeager v. Lesser* (*Lesser I*), Sacramento County Superior Court, Case No. 2011-00109638 (Aug. 23, 2011)). The Yeagers' case was ultimately dismissed on May 10, 2017, because it did not proceed to trial within the mandatory five-year statutory period. Loyd Decl., Ex. D at 13 (dismissal at Dkt. No. 498). Before dismissal, the Yeagers unsuccessfully, to the state court's displeasure, filed vague and harassing subpoenas against two attorneys, Mr. Todd Noonan, and Mr. Daniel Wilcoxen, both of which were met with motions to quash. Loyd Decl., Exs. E & F

---

[3] That Mrs. Yeager filed some motions or pleadings jointly with General Yeager does not impact the court's vexatious litigant analysis as to Mrs. Yeager; what matters is that each filing was initiated without legal representation. *Cf. Hupp v. Solera Oak Valley Greens Ass'n*, 12 Cal. App. 5th 1300, 1315-16 (2017) (examining vexatious litigant's *in pro per* filings separately from those of a corporation with which she tried to jointly file), *rev. denied* (Sept. 20, 2017).

(*Lesser I*, motions to quash, docket filings 322-23). Mrs. Yeager immediately withdrew one subpoena, but the court granted the remaining motion to quash, sanctioning the Yeagers $2,060 and noting with strong disapproval the Yeagers' "penchant for engaging in unreasonable and harassing discovery against a variety of third parties" and noting that the case had been "plagued . . . with an inordinate amount of law & motion." Loyd Decl., Ex. H at 1-2 (*Lesser* I, docket filing 339).

Then in July 2017, after Lesser's cross-complaint for outstanding legal fees against the Yeagers proceeded to trial, with a resulting verdict for Lesser, the Yeagers filed, *in pro per*, a notice of appeal.[4] *See* Suppl. RJN # 6; Loyd Decl., Ex. L (docket filings in *Yeager v. Lesser*, California Court of Appeal (3rd Dist.), Case No. C085065 (July 11, 2017)). The appeal was dismissed on October 4, 2017, for appellants' failure to provide the court with required documents. Loyd Decl. Ex. L (dismissal based on California Rule of Court 8.140).

### B.  Federal Court Filings

The court also judicially notices Mrs. Yeagers' frivolous *in pro per* filings in two federal cases: This case, and *Yeager v. Bowlin*, Case No. 2:08-CV-00102 (E.D. Cal. 2008), brought before a different judge within this district. *See* Suppl. RJN # 3 (citing docket filings in *Yeager v. Bowlin*, Case No. 2:08-CV-00102 (E.D. Cal. 2008)).

*Yeager v. Bowlin* was brought initially by General Yeager and his nonprofit foundation against the same Bowlin defendants as in this case. *Bowlin*, ECF No. 1. After the court entered judgment for the Bowlins, which was affirmed on appeal, the Bowlins filed a memorandum of costs to support a fee award. *Id.*, ECF Nos. 136 (judgment), 180 (judgment affirmed), and 240 (memorandum of costs). Mrs. Yeager was not a party to the action. Nevertheless, the Yeagers jointly filed, *in pro per*, two motions to strike the memorandum of costs. *See id*, ECF Nos. 245, 266 (both signed by both Yeagers, *in pro per*). The court dismissed both motions, noting they "have no merit." *Id.*, ECF No. 267. Afterwards, Mrs. Yeager filed *in*

---

[4] This filing occurred after the court in the instant case appointed a guardian ad litem for General Yeager based on findings of incompetence. *See* ECF No. 237 (Jan. 25, 2016). Because the pending motion is not directed at General Yeager, the court does not address any issues that may be raised by General Yeager's *in pro per* filings in *Lesser I* or its corresponding appeal.

4

*pro per* an application to intervene, which the court struck for failure to comply with court rules. *Id.*, ECF No. 269.

In this case, Mrs. Yeager has also filed several frivolous requests. After Mrs. Yeager was granted a limited right to intervene, ECF No. 263, she filed a cross-complaint against Mr. Lesser, repeating her malpractice allegations from the *Lesser I* case. Cross-complaint, ECF No. 270 at 11-16. Finding each cross-claim barred as a matter of law, the court granted Mr. Lesser's summary judgment motion. ECF No. 339 (Oct. 13, 2017).

Also in this case, Mrs. Yeager has burdened the Bowlins specifically over the past year, and the court as well, by filing a frivolous cross-complaint against the Bowlins, which the court dismissed with prejudice under California's Anti-SLAPP statute.[5] *See* ECF No. 270 (cross-complaint against Bowlins); Order, ECF No. 338 (striking cross-complaint and noting Bowlins' statutory entitlement to attorneys' fees). Beyond the cross-complaints noted above, Mrs. Yeager has also filed several other motions and requests, *in pro per*, that have delayed resolution of this case and diverted the court's attention from reaching the merits, in part because a number of her motions have overreached. *See, e.g.*, ECF No. 162 (ex parte application to intervene); ECF Nos. 195-96 (motion to recuse the undersigned); ECF No. 248 (second motion to intervene); ECF No. 267 (motion to substitute); ECF No. 320 (ex parte application); ECF No. 347 (ex parte application); ECF No. 349 (notice of appeal); ECF Nos. 350-51 (multiple supplements to notice of appeal); ECF No. 364 (motion for leave to file motion for fund distribution). These motions were either denied, granted with significant restriction, or are still pending. *See* ECF No. 204 (denying motion to recuse); ECF Nos. 164, 263, 306 (granting but significantly limiting scope of Mrs. Yeager's intervention and substitution).

C. <u>Vexatious Litigant Conclusion</u>

In sum, the court finds Mrs. Yeager's filings identified above to be "repeated." Many if not most also have been "unmeritorious." *See* Cal. Civ. Proc. Code § 391(b)(3). The

---

[5] Under California's Code of Civil Procedure, a strategic lawsuit against public participation ("SLAPP"), seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. *See* Cal. Civ. Proc. Code § 425.16.

5

court further finds these filings have caused unnecessary delay. As noted, what counts as "repeated" or "unmeritorious" is left to the sound discretion of the trial court, *Holcomb*, 129 Cal. App. 4th at 1505-06, a discretion this court exercises conservatively and only after careful consideration. Because Mrs. Yeager satisfies subsection (b)(3) of section 391, the court DECLARES her a vexatious litigant.

### IV. PRE-FILING REVIEW ORDER

Once declared a vexatious litigant, California's vexatious litigant statute permits courts to impose certain restrictions on that litigant's ability to file additional, *in pro per* requests or claims. Cal. Civ. Proc. Code § 391.7; *Shalant*, 51 Cal. 4th at 1169. Even as Local Rule 151(b) has adopted as a procedural rule California's vexatious litigant statute, the Ninth Circuit has imposed additional requirements before a federal court may enforce pre-filing restrictions. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (acknowledging the "inherent power of federal courts to regulate the activities of abusive litigants" but restricting this power to imposing only "carefully tailored restrictions under the appropriate circumstances"). These requirements include (1) notice and a chance to be heard before the pre-filing review order is entered; (2) "an adequate record for review"; (3) substantive findings on the record as to the frivolous or harassing nature of the plaintiff's litigation activities; and (4) a vexatious litigant order that is "narrowly tailored to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long*, 912 F.2d at 1147-48); *see also Tyler v. Knowles*, 481 F. App'x 355, 356 (9th Cir. 2012) (reversing trial court's vexatious litigant determination under California law for the court's failure to comply with *De Long's* procedural requirements).

Here, the court conducts the following analysis to assure itself that the four *De Long* factors are satisfied.

#### A. Notice

As to the first factor, Mrs. Yeager has been on notice since October 3, 2016 that the court has been considering imposing a pre-filing review restriction, *see* ECF No. 288, and she had an opportunity and did file both an initial and a supplemental opposition. *See* Opp'n; Mrs.

Yeager Suppl. Br. *De Long* appears to require that Mrs. Yeager also be given an opportunity to oppose the entry of a pre-filing review order itself before it is imposed. *See De Long*, 912 F.2d at 1147 ("The first problem we see with the instant order is that De Long was not provided with an opportunity to oppose the order before it was entered."); *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (reversing where record showed no opportunity to defend against imposition of pre-filing restrictions). Accordingly, the court will give Mrs. Yeager fourteen days to oppose the restrictions reflected in the court's proposed order attached. *See* Ex. A (attached to this order).

### B. Record and Findings

As to the second and third factors, the court has endeavored to create an adequate record for review and has made substantive findings as to Mrs. Yeager's litigious and frivolous filing history. *De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."). The court above has outlined many of Mrs. Yeager's filings *in pro per* from 2014 until the present, in several other cases as well as this case, all of which inform the proposed pre-filing restrictions. *See supra* Part III.

### C. Narrow Tailoring

As to the fourth and final factor, the court must narrowly tailor the pre-filing review restriction to fit the vice. The vice here is Mrs. Yeager's frequent *in pro per* filings, which have imposed unnecessary expense on other parties, frequently diverted courts from the merits of the cases at hand, and in this case specifically, delayed resolution of what appears to be a relatively straightforward interpleader action.[6] To address this vice, the court will restrict Mrs. Yeager from filing any further requests or motions *in pro per* in a federal court within this district without first obtaining the court's permission to do so. This directive is not overly broad considering Mrs. Yeager's litigiousness has impacted not only this case, but several others, and

---

[6] In making this statement, the court disregards delays occasioned by the court's taking time to assess General Yeager's competency and appoint a guardian ad litem for him once competency was in doubt.

7

not only the Bowlins or this court, but also several other parties and courts. *Cf. DeLong*, 912 F.2d at 1148 (finding order enjoining any future filing by plaintiff in any case was overly broad where not restricted to actions with issues parallel to those that plaintiff persisted in litigating); *see also Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (court order preventing plaintiff from filing any actions without leave of court deemed overly broad where plaintiff had only been overly litigious as to one group of defendants).

When requesting permission to file a new request or motion *in pro per* in this district, the court anticipates requiring Mrs. Yeager to (1) attach a copy of the pre-filing review order, a proposed copy of which is attached as "Exhibit A," which the court will issue in final form after considering any objections; (2) attach a declaration under penalty of perjury averring that the proposed filing is neither frivolous nor made in bad faith; and, (3) furnish security to maintain a proposed filing that the court deems frivolous or made in bad faith. *See* Cal. Civ. Proc. Code § 391.3 (permitting imposition of security furnishing requirement for frivolous filings); L.R. 151(b) (adopting California's security furnishing requirement); *cf. Wolfe v. George*, 486 F.3d 1120, 1126 (9th Cir. 2007) (explaining why California's vexatious litigation statute, including pre-filing requirement to furnish security, is constitutional and "rationally related to a legitimate state purpose") (citation omitted). These restrictions are narrowly tailored to specifically address the vice of Mrs. Yeager's litigiousness.

V. CONCLUSION

The court DECLARES Mrs. Yeager a vexatious litigant under the California statute, incorporated in Local Rule 151(b). In connection with this declaration, the court proposes pre-filing review restrictions designed to curb Mrs. Yeager's litigiousness in this court. These restrictions, set forth in the proposed order attached as Exhibit A, will be imposed in a formal order to follow, which may be modified after taking into account Mrs. Yeager's objections. Mrs. Yeager's objections, if any, must be filed within fourteen days.

IT IS SO ORDERED.

This resolves ECF No. 288.

DATED: March 30, 2018.

_____
UNITED STATES DISTRICT JUDGE