UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL CHARLES E. "CHUCK"YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>    Defendants. | No. 2:13-cv-00007 KJM DB<br><br>ORDER |

California law mandates an attorney fee and cost award to the prevailing defendants on a special motion to strike. Cal. Civ. Proc. Code § 425.16(c). The court previously granted the special motion to strike filed by cross-defendants Connie Bowlin, the Estate of Ed Bowlin, Aviation Autographs, and Bowlin & Associates, Inc. (collectively "Bowlins"). Order, ECF No. 338 (granting ECF No. 283). The Bowlins now seek an award totaling $49,892.33. *See* Mot., ECF No. 340; Reply, ECF No. 358.

1

The party responsible for paying any awarded fees, Victoria Yeager, opposes, arguing the Bowlins are entitled to no more than $1,506.50. Opp'n, ECF No. 354. As explained below, the court AWARDS the Bowlins $20,053.43 in fees and costs.

I. BACKGROUND

Multiple orders in this case detail relevant background information. *See* ECF Nos. 263, 306, 338-39, 357. The court therefore dispenses with a background section here, and relies on the information in the prior orders.

II. LEGAL STANDARD

As noted, the Bowlins succeeded on their special anti-SLAPP[1] motion to strike and are thus statutorily entitled to a cost and fee award. Cal. Civ. Proc. Code § 425.16(c) (providing "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."). It is the court's job to calculate a "reasonable" sum. *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995). California law governs the inquiry. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221-22 (S.D. Cal. 2002); *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. CIV. S-14-0666 KJM, 2014 WL 5698448, at *1 (E.D. Cal. Nov. 4, 2014). California courts calculate a reasonable statutory fee award in an anti-SLAPP case using the familiar lodestar figure, which multiplies the number of hours counsel "reasonably expended" litigating the motion by counsel's "reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000). The lodestar figure is presumptively reasonable, *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988), but may be adjusted based on "such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002) (citations omitted).

Here, the Bowlins submit bills showing they incurred $49,892.33 in legal fees and costs litigating both the anti-SLAPP motion and the instant motion for fees. Mot. at 13 (initial

---

[1] SLAPP is shorthand for a strategic lawsuit against public participation—a lawsuit designed to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. *See* Cal. Civ. Proc. Code § 425.16.

2

sum of $47,204.33); Reply at 5, 11 (adding $2,688.00 incurred in drafting the reply).[2] As noted, Mrs. Yeager contends the Bowlins are entitled to no more than $1,506.50. Opp'n at 11. The court's independent analysis demonstrates an award between these two sums is justified.

### III. LODESTAR CALCULATION

#### A. Reasonable Number of Hours

The first step in the lodestar analysis is determining how many hours counsel reasonably expended drafting the motions at issue. As the prevailing party, the Bowlins have the "burden of submitting billing records to establish that the number of hours [they have] requested [is] reasonable." *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citation omitted).

The Bowlins submit billing records for two attorneys, Mr. Todd Noonan and Ms. Jaqueline Loyd, and one paralegal, Mr. Thomas McManus. Mot. at 8-9; Noonan Decl., ECF No. 341, ¶¶ 12-13. The Bowlins request fees for 92.3 hours total: 64.3 hours of Mr. Noonan's time; 17.7 hours of Ms. Loyd's time; and 10.3 hours of Mr. McManus's time. Noonan Decl. ¶ 13; Reply at 11.

Although the billing records are the "starting point" for the "hours reasonably expended" component of the lodestar calculation, the court is not bound by this number or this evidence. *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1324 (2008) (citation and quotation marks omitted); *see Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (The court "'has a great deal of discretion'" in determining reasonableness of the hours claimed) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)); *cf.* Ketchum v. Moses, 24 Cal. 4th 1122, 1138 (2001) ("To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether."). The court may, for instance, "reduce the hours if it concludes the attorneys performed work unrelated to the motion at issue, or work that was unnecessary, excessive or

---

[2] As explained below, the Bowlins attach no declaration or billing invoice to support the additional hours purportedly incurred in drafting the reply. *See* Reply at 11.

duplicative in light of the issues presented." *569 E. Cty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 440 (2016) (citation omitted).

Here, the court elects to reduce the claimed hours. The Bowlins were litigating three motions simultaneously. *See* ECF Nos. 283, 284, 288 (motion to dismiss, anti-SLAPP motion, and motion to declare Victoria Yeager a vexatious litigant, all filed on Oct. 3, 2017). As detailed below, several of the Bowlins' billing entries conflate counsel's work on the motions such that the court cannot with precision ascertain what percentage of the billing entries are "inextricably intertwined" with the anti-SLAPP motion. The lack of precision alone can support a reduction in a requested award. *See Backcountry Against the Dump*, 6 Cal. App. 5th at 440 ("[The court] may reduce the hours if it concludes the attorneys performed work unrelated to the anti-SLAPP motion" or "work that was unnecessary or duplicative or excessive in light of the issues fairly presented.") (citations omitted), *as modified on denial of reh'g* (Dec. 29, 2016); *cf. Fitbit, Inc. v. Laguna 2, LLC*, No. 17-CV-00079-EMC, 2018 WL 306724, at *8-9 (N.D. Cal. Jan. 5, 2018) (noting same concern where work on anti-SLAPP motion overlapped with motion to dismiss), *reconsideration denied*, 2018 WL 620121 (N.D. Cal. Jan. 30, 2018); *Uriarte v. Bostic*, No. 15CV1606-MMA (PCL), 2017 WL 3387612, at *3 (S.D. Cal. Aug. 7, 2017) (noting where parties litigate several related motions, the risk of inefficient or duplicative efforts is heightened as is the need for thorough fee documentation).

Specifically, the following billing entries do not clearly identify compensable work dedicated to the anti-SLAPP motion alone: Mr. Noonan reportedly spent 3.5 hours reviewing "prior docket entries and Yeager filings"; outlining and refining "potential defenses, including potential SLAPP and vexatious litigant motions"; and outlining a "letter to V. Yeager re same." Ex. D, ECF No. 341-4 at 2. Mr. Noonan also reportedly spent 3.4 hours revising a "demand letter to V. Yeager"; corresponding with "V. Yeager . . . C. Bowlin . . . and M. Serlin[3]"; analyzing "AT&T docket and procedural defenses"; outlining "responsive motions"; drafting a "stipulation to extend time to respond"; and holding a "telephone conference with M. Serlin" and another

---

[3] Connie Bowlin hired attorney Mark Serlin in a previous collection action against the Yeagers. Noonan Decl. ¶ 18.

4

"with V. Yeager re requested dismissal of action." Ex. G, ECF No. 341-7 at 2. Ms. Loyd reportedly spent 5.6 hours meeting with Mr. Noonan "re: upcoming motions, including SLAPP motion and Rule 12(b) motion"; reading "relevant background pleadings"; and revising the "motion to dismiss and related sections of SLAPP motion." Ex. E, ECF No. 341-5 at 2.

Because these billing entries are too vague to attribute to preparation of the anti-SLAPP motion, separate from the other simultaneously prepared motions, the court deducts these hours from the lodestar calculation. *See Lee-Tzu*, 2014 WL 5698448, at *5 (deciding the same); *Braden v. BH Fin. Servs., Inc.*, C 13–02287 CRB, 2014 WL 892897, at *5 (N.D. Cal. Mar.4, 2014) (same); *see also Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 689 (2000) (if billing entries are vague, the trial may "simply cast them aside."); *accord Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210, *amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1986) ("Those hours may be reduced by the court where documentation of the hours is inadequate").

Additionally, because the Bowlins attach no billing invoice or declaration pertaining to the additional four hours of Mr. Noonan's time and one hour of Mr. McManus's time claimed in drafting the reply brief, *see* Reply at 11, the court further subtracts these five hours from the requested total. *See also* Noonan Decl. ¶ 12 (listing hours spent on anti-SLAPP briefing and initial attorney fee motion, but not the attorney fee reply brief, which was not yet drafted).

These deductions reduce Mr. Noonan's hours from 64.3 to 53.4, Ms. Loyd's hours from 17.7 to 12.1, and Mr. McManus's hours from 10.3 to 9.3. The total hours expended on the anti-SLAPP motion and instant attorney fee motion, including paralegal time, is thus reduced from 92.3 to 74.8. This total, while on the high end, is reasonable in the context of this heavily litigated case. *See Lee-Tzu*, 2014 WL 5698448, at *4-7 (awarding legal fees for 71.66 hours incurred anti-SLAPP motion and noting such awards vary across cases from 40 hours to 75 hours); *see also Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242 (2006) (finding "a reasonable time" spent on anti-SLAPP motion and fees motion is "approximately 50 hours or one attorney work week").

/////

B. Reasonable Hourly Rate

Having determined counsel's reasonably expended hours, the court assesses the reasonable hourly rate. The Bowlins again have the burden to show their requested hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The "relevant community" for the purposes of the lodestar calculation is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (citation and quotation marks omitted).

Here, the relevant forum is Sacramento. The Bowlins seek an hourly rate of $600 for Mr. Noonan, $369 for Ms. Loyd, and $288 for Mr. McManus. *See* Noonan Decl. ¶ 16. At all relevant times, Mr. Noonan was a partner with approximately 23 years of complex civil litigation experience; Ms. Loyd was an associate who graduated from law school in 2015; Mr. McManus was a paralegal with over three decades of experience. Noonan Decl. ¶¶ 19-21. As explained below, each requested rate is unreasonably high.

1. Mr. Noonan: Experienced Partner

The requested hourly rate of $600 for Mr. Noonan is unreasonably high for this forum. To support this rate, the Bowlins cite almost exclusively class-action suits involving complexities exceeding this case. *See* Mot. at 9-10. Even in complex class-action lawsuits, local courts consider $600 a high hourly rate. *See, e.g.*, *Ontiveros v. Zamora*, 303 F.R.D. 356, 374 (E.D. Cal. 2014) (listing cases and noting in complex class action, the requested rates of $495 to $650 "are high for even the most experienced attorneys in the Eastern District"). Case law determining reasonable hourly rates in anti-SLAPP cases within the court's Sacramento division is sparse, but the court may nonetheless assign a fee based on its own knowledge and familiarity with the legal market, factoring in the attorney's experience and skill; the difficulty or complexity of the litigation to which that skill was applied; and the rates determined reasonable in other cases. *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (2013) (citations omitted); *accord Moreno v. City of Sacramento*, 534 F.3d 1106, 1114-15 (9th Cir. 2008).

Here, the court finds $300 is the appropriate hourly rate for Mr. Noonan. *See O'Campo v. Ghoman*, No. 2:08-CV-1624-KJM-DB(PS), 2017 WL 3225574, at *7 (E.D. Cal. July 31, 2017) (awarding $300 rate for lead attorney with 35-years' experience in ADA case; noting "the overwhelming, if not unanimous, weight of authority . . . is that the current prevailing market hourly rate in this community for similar work performed by attorneys of comparable skill, experience, and reputation . . . is $250-$300 per hour"), *report and recommendation adopted*, 2017 WL 6502778 (E.D. Cal. Sept. 28, 2017); *see Johnson v. Patel*, No. 2:15-cv-2298-MCE-EFB, 2017 WL 999462, at *3 (E.D. Cal. Mar. 15, 2017) (finding "the prevailing Sacramento rate" to be $250-$300; noting the court has "no reason to believe" the rate had "measurably increased" over last two years); *McCarty v. Humphrey*, No. 2:13-CV-00431-KJM-AC, 2016 WL 4899194, at *5 (E.D. Cal. Sept. 15, 2016) (determining $300 hourly rate is reasonable for attorney with extensive experience who founded the law firm); *Johnson v. San*, No. 15-162, 2015 WL 7188245, at *5 (E.D. Cal. Nov. 16, 2015) (same), *report and recommendation adopted*, 2016 WL 659791 (Feb. 18, 2016); *Lee-Tzi Lin*, 2014 WL 5698448, *3-4 (awarding $350 hourly rate in anti-SLAPP case); *Crowe v. Gogineni*, 2:11–CV–3438-JAM-DAD, 2014 WL 130488, at *4 (E.D. Cal. Jan. 13, 2014) (same; noting lead partner frequently filed anti-SLAPP motions to strike), *report and recommendation adopted,* 2014 WL 1513277 (E.D. Cal. April 16, 2014); *cf. Backcountry Against the Dump*, 6 Cal. App. 5th at 437 (affirming $275 hourly rate for "seasoned attorneys" in anti-SLAPP case in San Diego, a more expensive market than Sacramento).

Here, the anti-SLAPP motion was not particularly complex. *See* ECF No. 283 (25 pages but analysis largely mirroring related dismissal motion, ECF No. 284). The motion was based on a Cross-Complaint filed by *pro se* litigant Victoria Yeager, which the court deemed to be a frivolous filing. *See* Order, ECF No. 338, at 12 (dismissing cross-claims as frivolous). Mr. Noonan effectively concedes an associate could have done the work on this motion, but given his familiarity and history with this case he elected to be the primary attorney "despite his seniority." Noonan Decl. ¶¶ 3-4. Thus, while acknowledging Mr. Noonan has 23 years of experience, this particular motion does not showcase the skill and expertise sufficient to depart from the prevailing rates for legal work of similar complexity. *See Johnson v. Guedoir*, No. 2:14-CV-

00930-TLN-AC, 2017 WL 3172994, at *5 (E.D. Cal. July 26, 2017) (deciding similarly). This matter warrants an hourly rate of no more than $300.

2. Ms. Loyd: Junior Associate

The requested hourly rate of $398 for Ms. Loyd is also high. Ms. Loyd is a junior associate who graduated from law school in the last three years. Noonan Decl. ¶ 20. The Bowlins include no information as to the date Ms. Loyd became a licensed attorney. The court judicially notices the State Bar of California website, which shows Ms. Loyd was admitted to practice on November 25, 2015, *see* http://members.calbar.ca.gov/fal/Member/Detail/305126 (last accessed Mar. 30, 2018), and therefore had been an associate for under a year when she billed the hours claimed here. *See* Exs. E & F, ECF No. 341 (invoicing Loyd's hours from September and October 2016); *see also TBK Bank, SSB v. Singh*, No. 1:17-CV-00868-LJO-BAM, 2018 WL 1064357, at *8 (E.D. Cal. Feb. 23, 2018) (judicially noticing attorney's admittance date from state bar website).

In the Sacramento division, the average rate for junior associates is between $150 and $175. *See, e.g.*, *Johnson v. Saleh*, No. 2:16-CV-00617-JAM-KJN, 2018 WL 1157494, at *3 (E.D. Cal. Mar. 5, 2018) (awarding $150 hourly rate for junior associate in Sacramento); *Johnson v. Borbeau*, No. 2:14-CV-1730 JAM-EFB, 2017 WL 6379605, at *2 (E.D. Cal. Dec. 11, 2017) (same); *Ontiveros*, 303 F.R.D. at 374 ("a reasonable rate for associates working in this community is typically between $150 and $175 per hour"); *Johnson v. Wayside Prop., Inc.*, No. 2:13-cv-1610-WBS-AC, 2014 WL 6634324, at *8 (E.D. Cal. Nov. 21, 2014) (awarding $150 hourly rate for associate with under two years' experience; finding $150 to $175 is the generally accepted local rate). Ms. Loyd's reasonable hourly rate is $150.

3. Mr. McManus: Experienced Paralegal

The requested hourly rate of $288 for Mr. McManus is likewise too high. The court instead applies the reasonable hourly rate for paralegals in this division, which is $100. *See Rashid v. Dep't of Homeland Sec.*, No. 2:14-CV-2109-JAM-KJN, 2017 WL 4959430, at *6 (E.D. Cal. Nov. 1, 2017) (awarding $100 hourly rate for paralegals); *Lara v. Berryhill*, No. 2:16-CV-0034 DB, 2017 WL 4679989, at *3 (E.D. Cal. Oct. 18, 2017) (listing cases, and holding "the

prevailing market rate for work performed by paralegals in this district is $100 per hour."); *McCarty v. Humphrey*, No. 2:13-cv-0431 KJM AC, 2016 WL 4899194, at *5 (E.D. Cal. Sept. 15, 2016) (awarding paralegal rates of $85 and $100 per hour).

### C. Lodestar Conclusion

The reasonable hourly rates of $300 for Mr. Noonan, $150 for Ms. Loyd and $100 for Mr. McManus multiplied by the reasonable hours determined above yields a lodestar calculation as follows: $16,020.00 for Mr. Noonan (53.4 hours x $300 rate); $1,815.00 for Ms. Loyd (12.1 hours x $150 rate); and $930.00 for McManus (9.3 hours x $100 rate), for a combined lodestar sum of $18,765.00.

If warranted, the court may further adjust this lodestar. *See Ketchum*, 24 Cal.4th at 1132, 1138. The court finds no further adjustment warranted here. The lodestar adequately compensates the Bowlins' counsel for the skill, experience, and performance required to defend the Bowlins here. *See Elem Indian Colony of Pomo Indians of the Sulphur Bank Rancheria v. Ceiba Legal, LLP*, 230 F. Supp. 3d 1146, 1154-55 (N.D. Cal. 2017) (deciding similarly).

## IV. FEES AND COSTS

California's anti-SLAPP statute mandates a cost award in addition to legal fees. Cal. Civ. Proc. Code § 425.16(c) (mandating award for "attorney's fees and costs"). Here, the Bowlins request $1,151.08 in related legal expenses and $137.35[5] in costs, and attach an invoice supporting each listed expense. *See* Mot. at 12-13; Noonan Decl. ¶ 34 & Exs. E & F (invoicing $101.15 for ordering transcript of proceeding before magistrate judge; $36.20 Pacer charge for downloading docket filings; $1,151,08 in Westlaw charges for research on October 1, 2016, related to anti-SLAPP motion). Here, Mr. Noonan allocates the research fees between those incurred for the anti-SLAPP motion and the other two simultaneously litigated motions. Noonan Decl. ¶ 34 ("Bowlin seeks recovery of $1,151.08 in Westlaw expenses . . . out of the total of $2,723.38 in legal research expenses" as that is the portion "directly allocable to research used in

---

[5] The Bowlins have referenced this figure as $137.35 (Mot. at 2), $137.45 (Reply at 11) and $137.50 (Mot. at 13). The court uses $137.35, which is the figure that matches the associated invoice ($101.15 + $36.20).

connection with the SLAPP Motion."); *see also Trustees of Const. Ind. & Laborers v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006) (noting the "growing circuit consensus" that "reasonable charges for computerized research may be recovered as attorney's fees"). The court accepts these claims as well-supported and reasonable.

V. CONCLUSION

The court GRANTS the Bowlins' motion for attorneys' fees, but ADJUSTS the lodestar figure to find reasonable an attorney fee award of $18,765.00, plus $1,151.08 in related legal expenses, and $137.35 in costs. The total sum awarded is therefore $20,053.43 with payment due to the Bowlins by **May 4, 2018**.

IT IS SO ORDERED.

This resolves ECF No. 340.

DATED: March 30, 2018.

UNITED STATES DISTRICT JUDGE