UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN & ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,<br><br>Defendants. | No. 2:13-cv-00007-KJM-DB<br><br>ORDER |

On March 30, 2018, this court declared Intervenor Victoria Yeager a vexatious litigant and outlined proposed pre-filing restrictions. Prior Order, ECF No. 375; Ex. A, ECF No. 375-1 (proposed restrictions). Before adopting the proposed restrictions, the court gave Mrs. Yeager an opportunity to object. Prior Order at 7-8. Mrs. Yeager filed her objections on April 13, 2018. Objections, ECF No. 377. Having considered her objections, and as explained below, the court IMPOSES the pre-filing restrictions as reflected in the separate order docketed concurrently with this one.

////

1

## I. BACKGROUND

A vexatious litigant is generally a "persistent and obsessive litigant[] who, repeatedly litigating the same issues through groundless actions, waste[s] the time and resources of the court system and other litigants." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011). California's vexatious litigant statute defines scenarios in which a court may deem a litigant vexatious. *See* Cal. Civ. Proc. Code § 391(b)(1)-(4). In its Prior Order, the court exercised its discretion to declare Mrs. Yeager a vexatious litigant under section 391(b)(3) based on her "repeated[]" and often "unmeritorious" filings, several of which have unnecessarily delayed this litigation. Prior Order at 5-6.

Once a person is declared a vexatious litigant, California's vexatious litigant statute permits courts to restrict that litigant's ability to file additional requests or claims *in pro per*. *Id.* at 6 (citing Cal. Civ. Proc. Code § 391.7; *Shalant*, 51 Cal. 4th at 1169). The Ninth Circuit requires the court to satisfy five requirements before imposing restrictions. *See De Long v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990). These requirements include (1) giving the litigant notice and a chance to be heard before imposing pre-filing restrictions; (2) creating "an adequate record for review"; (3) making substantive findings on the record as to the frivolous or harassing nature of the plaintiff's litigation activities; and (4) narrowly tailoring the restrictions "to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long*, 912 F.2d at 1147-48).

In its Prior Order, the court determined each requirement was satisfied, while affording Mrs. Yeager time to object to the propose pre-filing restrictions. *See* Prior Order at 6-9 (noting restrictions would "be imposed in a formal order to follow, which may be modified after taking into account Mrs. Yeager's objections"). The restrictions as proposed would prohibit Mrs. Yeager "from filing any further requests or motions *in pro per* in a federal court within this district without first obtaining the court's permission to do so." *Id.* at 7.

Mrs. Yeager objects on three grounds. She argues (1) the vexatious litigant determination was based on matters of which she had no notice or opportunity to respond; (2) the vexatious litigant determination lacks adequate substantive findings of frivolousness; and (3) the

court's proposed pre-filing restrictions are overly broad. Objections at 1-8. The court addresses each in turn below.

## II. DISCUSSION

### A. First Two Objections (Notice, Unsupported Findings)

Mrs. Yeager's first two objections challenge the court's vexatious litigant determination.

Mrs. Yeager first argues that the court's order declaring her a vexatious litigant "relied upon numerous matters and issues not raised in th[e] [defendants'] moving papers," which denied her sufficient notice and opportunity to respond. *Id.* at 2. This argument is unavailing. Defendants' motion provided Mrs. Yeager with sufficient notice that she may be declared a vexatious litigant and have a pre-filing order entered against her. *See* ECF No. 288 (motion); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (finding plaintiff was provided sufficient notice "because the district court's order was prompted by a motion filed by the defendants and served on [plaintiff]'s counsel"). That motion, accompanied by requests for judicial notice, provided numerous examples of Mrs. Yeager's history of frivolous actions, many of which this court relied on in the Prior Order. *See* ECF No. 288 at 6-8 (identifying Mrs. Yeager's history of frivolous litigation); ECF No. 288-2 (request for judicial notice); Noonan Decl. Ex. B, ECF No. 288-1 at 8-12 (state court order declaring General Yeager and Mrs. Yeager vexatious litigants and identifying prior frivolous actions); ECF No. 343-45 (supplemental filings). In addition to relying on these filings in its Prior Order, the court also cited several of Mrs. Yeager's filings in the instant case, which Mrs. Yeager now claims denied her sufficient notice. *See* Prior Order at 5 (identifying Mrs. Yeager's frivolous filings in this case); Objections at 1. Mrs. Yeager has not identified any authority restricting this court's vexatious litigant analysis, including its "creat[ion] of an adequate record for review," to the contents of a party's motion. *See De Long*, 912 F.2d at 1147. In any event, Mrs. Yeager was afforded and took advantage of an opportunity to respond to defendant's motion, *see* ECF No. 353 (Mrs. Yeager's opposition), and she now has taken advantage of the opportunity to respond to the court's

proposed pre-filing order before that order is entered. In sum, she has not shown she was denied "an opportunity to oppose the order before it [is] entered." *See De Long*, 912 F.2d at 1147.

Further, to the extent Mrs. Yeager challenges the court's vexatious litigant designation, the Prior Order did not invite such challenges; it invited Mrs. Yeager to object to the pre-filing restrictions only. *See* Prior Order at 7 ("[T]he court will give Mrs. Yeager fourteen days to oppose the restrictions reflected in the court's proposed order attached."). Construing Mrs. Yeager's challenge as requesting the court to reconsider its vexatious litigant determination under Rule 59(e), the court finds Mrs. Yeager has not identified a valid basis for reconsideration. *See* Fed. R. Civ. P. 59(e) (a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment). Specifically, she identifies no newly discovered evidence, intervening changes in the law, clear error or manifest injustice. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (listing Rule 59(e) reconsideration bases). Rather, she disagrees with the court's determination that she meets the definition of a vexatious litigant and argues she lacked sufficient opportunity to contest the findings upon which that determination was based. Objections at 2-7[1]; *see also Holcomb v. U.S. Bank Nat. Ass'n*, 129 Cal. App. 4th 1494, 1499 (2005) (what constitutes "repeated" and "unmeritorious" filings sufficient to declare a litigant vexatious is left to sound discretion of trial court).

Stated differently, Mrs. Yeager asks the court "to rethink what the Court has already thought through" because she disagrees with the result. *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Such arguments do not warrant reconsideration. *Id.*; *cf. Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting Rule 59(e) relief is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources") (citation and quotations omitted).

---

[1] To the extent Mrs. Yeager argues the court's order reflects bias against her as a pro se litigant, she is incorrect. The court's use of the words "pro se" or "in pro per" to describe Mrs. Yeager or her filings simply clarifies the court's reference to filings Mrs. Yeager has made herself, in contrast to filings made in her name or General Yeager's name by former counsel. Moreover, the state vexatious litigant statute provides a remedy directed to filings in pro per, and so her pro per status is relevant to the vexatious litigant analysis.

4

Finding no basis upon which to reconsider the court's vexatious litigant determination, the court declines to do so here. Accordingly, the court overrules Mrs. Yeager's first two objections.

### B. Third Objection (Overbreadth)

In her third objection, Mrs. Yeager contends the court's proposed pre-filing restriction is "overly broad." *See* Objections at 8-9. Specifically, she argues the proposed restriction, which would require her to seek leave of court before filing *in pro per* within this district, "unduly restrict[s] [her] from pursuing completely unrelated litigation, with unrelated parties, and on unrelated issues, merely because the jurisdiction for those cases happens to rest with the Eastern District." *Id.* at 8. She contends this review does not fit any "vice" posed by her litigation activities. *Id.* at 8-9.

Contrary to Mrs. Yeager's assertions, the court's proposed restrictions do not conflict with the teachings of *De Long*, 912 F.2d at 1148. There, the district court enjoined the plaintiff "from filing any further action or papers in this court without first obtaining leave of the general duty judge of this court." *Id.* (quoting district court's order). The Ninth Circuit found the restriction overbroad because it captured far more litigation than was necessary to curb the plaintiff's vexatious filings. *Id.*; *cf. Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (court order preventing plaintiff from filing any action without leave of court was overly broad where plaintiff was overly litigious as to only one group of defendants and lacked "a general history of litigious filing").

Plaintiff De Long, unlike Mrs. Yeager, filed requests that affected only one case before one judge and one set of defendants. *See DeLong*, 912 F.2d at 1145-46 (noting De Long petitioned court for habeas relief, then moved for reconsideration and to vacate the court's denial of those petitions, then moved disqualify judge). Here, as noted in the Prior Order, "Mrs. Yeager's litigiousness has impacted not only this case, but several others, and not only the Bowlins or this court, but also several other parties and courts." Prior Order at 7-8; *see also id.* at 3-5 (listing Mrs. Yeager's frequent and unmeritorious filings in three state actions and a federal

action within this district).  The particular vice Mrs. Yeager's litigiousness poses cannot adequately be remedied by an order restricted to this case or its parties, or this judge.

Nor can the court adequately address the vice here through a pre-filing restriction tailored to a specific subject or type of claim.  Mrs. Yeager's filings across the four other cases identified in the prior order, as well as her filings in the instant interpleader action, have not been restricted to a type of claim, a set of facts, a point in time or a subject.  *See* Prior Order at 3-6 (describing filings).

In sum, broad pre-filing restrictions are necessary to prevent Mrs. Yeager from unnecessarily taxing the resources of this district.  Prior Order at 7.  Mrs. Yeager has identified no authority under which such restrictions are unwarranted in addressing litigation activity as broad and wide as hers.

At the same time, having carefully considered Mrs. Yeager's objections and reexamined the Ninth Circuit's guidance, the court provides the following clarification:  From this date forward, Mrs. Yeager must seek leave of court before initiating an action *in pro per* in the Eastern District of California if the action substantially overlaps with any claim, motion or request she has filed in this interpleader action or in any of the four cases that inform this court's vexatious litigant determination: (1) *Yeager v. Gibson*, Sacramento Superior Court, Case No. 34-2014-00169683 (Oct. 8, 2014); (2) *Yeager v. Lesser*, Sacramento County Superior Court, Case No. 2011-00109638 (Aug. 23, 2011); (3) *Yeager v. Lesser*, California Court of Appeal (3rd Dist.), Case No. C085065 (July 11, 2017); (4) *Yeager v. Bowlin*, Case No. 2:08-CV-00102 (E.D. Cal. 2008).  *See* Prior Order at 3-5 (listing cases).

When requesting leave to file a complaint making claims that substantially overlap with any of the above cases, Mrs. Yeager must (1) include a copy of the pre-filing order, attached as Exhibit A to this order, and (2) include a declaration under penalty of perjury averring that her proposed action is neither frivolous nor made in bad faith.  If these requirements are not met, the court may disregard her proposed complaint.  If Mrs. Yeager complies with these requirements, the clerk shall open the matter as a miscellaneous case to be considered by the general duty judge of this court.  The judge will issue necessary orders after determining whether the proposed filing

6

is frivolous or made in bad faith and may also determine whether Mrs. Yeager should be required to furnish security. *See* Cal. Civ. Proc. Code § 391.3 (permitting imposition of security furnishing requirement for frivolous filings); L.R. 151(b) (adopting California's security furnishing requirement); *cf. Wolfe v. George*, 486 F.3d 1120, 1126 (9th Cir. 2007) (explaining why California's vexatious litigation statute, including pre-filing requirement to furnish security, is constitutional and "rationally related to a legitimate state purpose") (citation omitted).

III. CONCLUSION

In connection with the court's determination that Mrs. Yeager is a vexatious litigant, and having carefully considered her objections, the court ADOPTS the pre-filing restrictions as described above and reflected in a separate order being filed concurrently herewith.

IT IS SO ORDERED.

DATED: October 23, 2018.

_____
UNITED STATES DISTRICT JUDGE