UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AT&T MOBILITY LLC,

Plaintiff,

v.

GENERAL CHARLES E. "CHUCK" YEAGER (RET.); ED BOWLIN; CONNIE BOWLIN; AVIATION AUTOGRAPHS; BOWLIN AND ASSOCIATES, INC.; LAW OFFICES OF JOANNA R. MENDOZA, P.C.; DE LA PENA & HOLIDAY, LLP; LESSER LAW GROUP,

Defendants.

PARSONS BEHLE & LATIMER, PLC,

Plaintiff-in-Intervention,

v.

GENERAL CHARLES E. "CHUCK" YEAGER (RET.),

Defendant-in-Intervention.

No. 2:13-cv-00007-KJM-DAD

No. 2:14-cv-02544-KJM-DB

ORDER

Plaintiff-in-Intervention Parsons Behle & Latimer, PLC ("Parsons Behle") moves to enforce a global settlement agreement in two related cases stemming from Gen. Charles E. Yeager's underlying case against AT&T for infringing his right to publicity. Mot. Enforce Settlement, *AT&T Mobility, LLC v. Yeager et al.,* No. 2:13-cv-00007-KJM-DAD ("Interpleader Case"), ECF No. 410; Mot. Enforce Settlement, *Yeager et al. v. Parsons Behle & Latimer et al.*, 2:14-cv-02544-KJM-DB ("Malpractice Case"), ECF No. 92. Defendants-in-Intervention and plaintiffs General Charles E. "Chuck" Yeager (Ret.) and Victoria Yeager ("the Yeagers") oppose. Interpleader Opp'n, ECF No. 411; Malpractice Opp'n, ECF No. 93. Parsons Behle replied.

Interpleader Reply, ECF No. 414; Malpractice Reply, ECF No. 96. The matter was submitted without oral argument. Having considered the moving papers, both motions are GRANTED.

I. FACTUAL BACKGROUND

These cases arise from an earlier right-of-publicity suit, in which General Yeager prevailed in part. Compl., Interpleader Case, ECF No. 1. After years of litigation, the final remaining parties to the two related actions, Parsons Behle and the Yeagers, reached what Parsons Behle represents is a global settlement of the Interpleader Case and the Malpractice Case at a settlement conference facilitated by Magistrate Judge Kendall Newman on April 23, 2019. Tr. Settlement Conf., Malpractice Case, ECF No. 83. The terms of the settlement were reaffirmed at a status conference with Magistrate Judge Newman on July 18, 2019. Tr. Status Conf., Malpractice Case, ECF No. 84.

Parsons Behle then prepared a settlement agreement incorporating the terms of the settlement memorialized at the April 23 settlement conference. Mot. Enforce Settlement, Ex. A (Settlement Agreement), ECF No. 92-3.[1] The parties agreed Parsons Behle would pay the Yeagers $175,000.00 and the court would release the interpleader funds to the Yeagers, in exchange for the Yeagers dismissing both cases with prejudice and a full, mutual release of liability between the parties. *Id.* (incorporating by reference Tr. Settlement Conf. at 5–6). The agreement preserves the Yeagers' right to appeal Victoria Yeager's designation as a vexatious litigant and the court's prior anti-SLAPP determination, both of which were made in the interpleader case, with all other matters finally settled. Tr. Settlement Conf. at 6-7. At the settlement conference, Victoria Yeager repeatedly affirmed her understanding that the settlement was effective as of the time of the settlement conference. *Id.* at 14:14-25, 15:1-19. On September 29, 2019, Victoria Yeager signed the written settlement agreement incorporating the transcript of the hearing by reference, signing both for herself and for General Yeager. Settlement Agreement at 3.

[1] Unless otherwise indicated, the court references the docket in the Malpractice Case for ease of citation. The motion and other papers are identical to those in the Interpleader Case and the court's analysis applies with equal force in that action.

Parsons Behle offered to draft dispositional documents at the settlement conference on April 23, 2019. Tr. Settlement Conf. at 9. Victoria Yeager affirmed her understanding at the follow-up status conference that Parsons Behle would draft the stipulated dismissals incorporating the transcript of the settlement conference. Tr. Status Conf. at 27. The parties then began the process of reviewing and revising dispositional documents, which continued through September 2019. Declaration of Cory D. Sinclair ("Sinclair Decl."), ECF No. 92-2; Mot. Enforce Settlement, Ex. E, F, G, H, I, J, ECF Nos. 92-7, 92-8, 92-9, 92-10, 92-11, 92-12 (email correspondence).

On September 30, 2019, Victoria Yeager signed both the written settlement agreement and the stipulated dismissal in the Malpractice Case and emailed both documents to counsel for Parsons Behle. Sinclair Decl., Ex. L, M. She also agreed to the ultimate form of the stipulated dismissal in the interpleader action. *Id.* Victoria Yeager also contacted Magistrate Judge Newman by email on September 30, 2019, copying all counsel, asking for guidance on when to file dismissals in relation to the settlement payment from Parsons Behle. Sinclair Decl., Ex. N. She also represented, "We have stipulated to the interpleader request for dismissal and agreed Parsons could affix our internet signature." *Id.*

On October 2, 2019, Magistrate Judge Newman held an informal telephonic conference with the parties. Sinclair Decl., Ex. O. He ordered the parties to file all dispositional documents by October 8, 2019. *Id.* ¶ 25. He suggested to Parsons Behle that it file a motion to enforce the settlement agreement if dispositional documents were not filed by October 8, 2019. *Id.* He also instructed the Yeagers not to negotiate the settlement check before dispositional documents were filed. *Id.* Cory Sinclair, general counsel to Parsons Behle who attended the settlement, status and informal telephonic conferences, declares all parties agreed and understood the instructions. *Id.*

On October 2, 2019, Parsons Behle sent the $175,000.00 settlement payment to the Yeagers. Sinclair Decl. ¶ 8. It was delivered on October 3; contrary to Magistrate Judge Newman's instructions, the Yeagers negotiated the check on October 7. *Id.*, Sinclair Decl., Ex. C, D.

On October 3, 2019, Magistrate Judge Newman issued a written order requiring the parties to file dispositional documents by October 8, 2019. Order, ECF No. 88.

On October 7, 2019, Victoria Yeager emailed Sinclair expressing concern that a dismissal in the case, as opposed to a judgment, would pose problems for an appeal. Sinclair Decl., Ex. Q. Sinclair replied by email with an updated stipulated dismissal and proposed order clarifying that all claims in the action would be dismissed with prejudice but entering final judgment to preserve the Yeagers' rights to appeal as reserved in the settlement agreement. Sinclair Decl., Ex. R. Sinclair's email also asked Mrs. Yeager to confirm she granted Parsons Behle authority to file the stipulated dismissal on her behalf. *Id.*

On October 8, 2019, Victoria Yeager replied to Sinclair's email, "This is fine." Sinclair Decl., Ex. S. She also attached a stipulated dismissal and proposed order for the Malpractice Case that, for the first time, reserved the Yeagers' rights vis-à-vis a dispute regarding their client files allegedly retained by Parsons Behle, and also entered final judgment for the Yeagers. *Id*. At approximately the same time, Victoria Yeager emailed Magistrate Judge Newman, cc'ing Parsons Behle, requesting permission to file the dismissal. Sinclair Decl., Ex. T. Sinclair promptly replied to all, objecting that Victoria Yeager did not have Parsons Behle's authority to file the request for dismissal, as it was at variance with the terms of the settlement, which required dismissal of the Malpractice Case with prejudice and no rights reserved. Sinclair Decl., Ex. U. Yeager responded, claiming the parties had not agreed to the form of dismissal in the Malpractice Case. Sinclair Decl. Ex. V. Magistrate Judge Newman replied to all that he thought the parties already agreed to the language of the dismissals and clarified that dismissal in the Malpractice Case was to be with prejudice with no admission of liability and no reservation of rights. Sinclair Decl. Ex. W.

On October 8, 2019, Parsons Behle filed the Stipulation for Dismissal and Proposed Order in the Interpleader Case. Req. for Dismissal, Interpleader Case, ECF No. 407. On October 9, 2019, this court issued a minute order requesting confirmation in writing from Victoria Yeager that she had authorized Parsons Behle to sign the stipulated dismissal on her behalf. Interpleader Case, ECF No. 408. Victoria Yeager filed a letter in response stating she did

not stipulate to dismissal if it was possible the court might take the funds, as her understanding was that no claimants would then remain in the case. Yeager Letter, Interpleader Case, ECF No. 409. She also wanted the case to remain open so she could request the court to vacate one or more orders based on new evidence. *Id.* She expressed that ultimately, her goal was for the Yeagers to receive the interpleaded funds and get a final judgment in the matter. *Id.*

Victoria Yeager filed the disputed Stipulation for Dismissal and Proposed Order in the Malpractice Case on October 8, 2019. Req. for Dismissal, Malpractice Case, ECF No. 89. Defendants objected on October 9, 2019. Obj., Malpractice Case, ECF No. 90.

On October 11, 2019, Parsons Behle moved for enforcement of the settlement agreement in both cases. Interpleader Case, ECF No. 410; Malpractice Case, ECF No. 92. Victoria Yeager opposed. Interpleader Case, ECF No. 411; Malpractice Case, ECF No. 93. Parsons Behle replied. Interpleader Case, ECF No. 414; Malpractice Case, ECF No. 96.

## II. LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.* 876 F.2d 702, 709 (9th Cir. 1989). The "court's enforcement power include[s] authority to award damages" or specific performance. *T.N.T. Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (citations omitted). "[T]he district court may enforce only *complete* settlement agreements." *Callie*, 829 F.2d at 890 (emphasis in original) (citations omitted). A complete agreement requires (1) accord on all material terms; and (2) the intent of the parties to bind themselves. *Id.* at 891. Intent is established "[i]f the record . . . show[s] that the [parties] had agreed to the settlement, or that the attorneys had authority to settle the suit and dismiss the action. . . . " *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144 (9th Cir. 1977).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Federal district courts in California apply California law on

formation and interpretation of contracts to determine whether a legally enforceable settlement agreement was reached. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992); *see also Harrop*, 550 F.2d at 1145.

In California, oral settlement agreements made before the court are enforceable. *See* Cal. Code Civ. Proc. § 664.6; Cal. Civ. Code § 1622. Mutual assent to a contract is determined under an objective standard applied to the outward manifestations of the parties, "i.e. the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006) (quoting *Alexander v. Codemasters Group Ltd.*, 104 Cal. App. 4th 129, 141 (2002)).

III. DISCUSSION

Here, the April 23, 2019 settlement conference transcript unequivocally shows accord on the material terms and the intent of the parties to agree to the settlement. Magistrate Judge Newman recited the proposed terms in detail on the record. The terms are that Parsons Behle would release and withdraw any claim to the funds in the interpleader action. As the sole remaining defendants in the interpleader action, the Yeagers would then be entitled to the full amount of the interpleader funds. Tr. Settlement Conf. at 5:22-6:5. Parsons Behle further agreed to pay the Yeagers $175,000.00. *Id.* at 6:6-8. The Yeagers would agree to release any and all claims against Parsons Behle and all of its current or former employees, with no admission of liability and a dismissal with prejudice. *Id.* at 6:9-19. The parties further agreed that Victoria Yeager would preserve her right to appeal her designation as a vexatious litigant, as well as any right to appeal an award of attorney's fees resulting from an anti-SLAPP motion in separate litigation between the Yeagers and their former attorney Don Bowlin. *Id.* at 6:20-7:10.

Victoria Yeager affirmed that Magistrate Judge Newman's recital of material terms accurately stated her understanding of the settlement. *Id.* at 7:20-22. The court conducted a brief colloquy explaining that the claims expressly released were not exclusive and that the settlement released all claims not related to the two issues preserved for appeal:

> THE COURT: So – and, and just to make clear, there were a number of matters that got brought up, for example, in the Yeagers' settlement conference statement, other matters where there were

> some allegations about an agreement to represent them, Mr. Zarian or his predecessor firm or Parsons Behle, but this wraps up everything related to any of the representations.
>
> So it's not even just the matters identified in the settlement agreement, but it precludes the Yeagers from coming forward and saying, "Oh, wait. There was a matter involving U-Haul," or anything else that the Parsons Behle Firm was involved in or Mr. Zarian. No. This, this will conclude any claims, representations, working relationship, etc.
>
> MRS. YEAGER: I understand that, your Honor. And the 1547 applies to all parties. So it also –
>
> THE COURT: 1542.

The court again confirmed Ms. Yeager's understanding:

> THE COURT: Now with that said, Mrs. Yeager, do you understand the material terms of the settlement?
>
> MRS. YEAGER: Yes, your Honor.
>
> THE COURT: And you understand I'm wearing this robe. This is being recorded. While there are documents to follow—candidly, those documents are pretty straightforward. It's the releases and the dismissal with prejudice—you understand we will have a settlement as of now?
>
> MRS. YEAGER: Yes, your Honor.
>
> THE COURT: And it's not a basis for you to refuse to sign the documents because you've had second thoughts or you have talked to another attorney or you've talked to a cousin who watches Judge Judy. We will have a settlement as of now. Do you understand that?
>
> MRS. YEAGER: Yes, your Honor.

*Id.* at 14:12-15:1.

Magistrate Judge Newman's repetition that Mrs. Yeager was agreeing to a "settlement as of now," makes it unmistakable: the settlement was effective on April 23, 2019. Mrs. Yeager did not hedge or equivocate. If she held an understanding at variance with Parsons Behle or Magistrate Judge Newman, she did not voice it.

In her opposition, Victoria Yeager states she would not agree to a stipulated dismissal "without a gun to her head," in other words, on pain of sanctions. Opp'n at 3-4. She is apparently referring to Magistrate Judge Newman's mention of sanctions in the informal telephonic conference on October 2, 2019. *See* Sinclair Decl. ¶ 25. Mrs. Yeager was under no


such threat of sanctions at the April 23, 2019 settlement conference. The record shows that at that time, she freely agreed to a stipulated dismissal in both cases. Tr. Settlement Conf., 13-15.

Mrs. Yeager also takes issue with the form of the stipulated dismissal in the interpleader case. Yeager Letter, Interpleader Case. She claims the procedure by which the Yeagers and Parsons Behle jointly stipulate to dismiss the Complaint-in-Intervention is incorrect, leaving the possibility the court would retain the interpleader funds as no claimants would remain in the case. Yeager Letter at 2. This is plainly contradicted by the stipulation, which states, "The parties further stipulate and agree that a Final Judgment be entered authorizing that the interpleader funds held by the Court be released in full to General and Victoria Yeager at the Court's earliest convenience." Stip. Dismissal, Interpleader Case, ECF No. 407.

Interpleader is fundamentally an equitable remedy and is governed by equitable principles. *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1012 (9th Cir. 2012) (citations omitted). It would be inequitable to produce a result contrary to the expressed intention of both parties. Courts should not construe stipulations to achieve results not contemplated by the parties. *Jeff D.*, 899 F.2d at 760 (citation omitted). The court cannot and will not countenance procedural sleight of hand to confound the clear intent of the parties. Mrs. Yeager's concerns are unfounded. The Yeagers will receive the interpleader funds as contemplated by the settlement.

Mrs. Yeager also concludes the stipulated dismissal in the interpleader case does not include her as an individual, leaving her claims live. Mrs. Yeager correctly notes the stipulated dismissal does not list her as a signatory on her own behalf. Opp'n at 7. But Mrs. Yeager agreed to the settlement on her own behalf as well. Tr. Settlement Conf. at 15:17–19 ("THE COURT: All right. And with that said, do you agree to the terms of the settlement on your own behalf? MRS. YEAGER: Yes, your Honor."). This error in the form of the stipulation does nothing to change Mrs. Yeager's clear assent to the settlement on April 23, 2019. Because Mrs. Yeager specifically agreed the settlement would bind her as an individual at the settlement conference, the court enforces the settlement as to her individually here, disregarding a minor flaw in the form of the stipulation to focus on the substance.

/////

In their opposition to the motion to enforce the settlement in the Malpractice Case, the Yeagers claim Parsons Behle agreed on the record at the July 18, 2019 settlement conference to provide them with client files. Opp'n to Mot. to Enforce Settlement at 3, Malpractice Case, ECF No. 93. The Yeagers claim this agreement was an omitted material term of the settlement agreement effective April 23, 2019. *Id.* The hearing transcript from the settlement conference belies this argument. The Yeagers did not raise the client file issue at all on April 23, 2019. *See generally* Tr. Settlement Conf.

At the status conference on July 23, 2019, Magistrate Judge Newman asked if Parsons Behle had any objection to providing the entire file to the Yeagers, "if it hasn't already done so." Tr. Status Conf. at 5:11-15. Raymond Etcheverry confirmed on behalf of Parsons Behle that the firm had in fact already provided the Yeagers' client file in multiple formats. *Id.* at 5:16-19. Nothing about the exchange indicates a mutual intent to make the provision of the client file a term of the settlement retroactively effective to the date of the settlement conference. Mrs. Yeager even indicated at the later hearing she intended the earlier hearing transcript, which omitted the file issue, to be the entirety of the agreement. *Id.* at 13:23-25, 14:1-7. The court will not make an exception to the complete release of claims memorialized in the settlement for a peripheral, and apparently moot, issue about the release of client files. *See* Tr. Settlement Conf. at 6:9-19 ("As part of this resolution, the Yeagers give up any claims that they have or could have brought against the Parsons Behle Form [sic], Firm, any of its current or former employees, including, but not limited to, Mr. Zarian and his former firm, Zarian Midgely, any claims for misrepresentation, legal malpractice, failing to take any actions in any of the matters representing the Yeagers, any claims for alleged misuse of General Yeager's name, likeness, anything else. So a complete resolution of these entire matters, along with a, no admission of liability and a dismissal with prejudice.").

The court's enforcement of the settlement agreement will give the Yeagers what they profess to want: The release of all interpleader funds to them and a final judgment reserving the right to appeal the vexatious litigant designation and attorney's fees motion in the Bowlin matter.

Parsons Behle devotes a single line of its motion to requesting whatever sanctions the court deems appropriate against the Yeagers. *See* Interpleader Mot. at 8; Malpractice Mot. at 7. Absent a reasoned argument and appropriate legal authority, the court will not sanction the Yeagers at this time.

IV. CONCLUSION

For the foregoing reasons, Parsons Behle's motions to enforce the settlement agreement are GRANTED. All claims in the Complaint-in-Intervention (ECF No. 93) are DISMISSED with prejudice with each party to bear its own attorneys' fees and costs. The court enters FINAL JUDGMENT in *AT&T Mobility, LLC v. Yeager et al.*, No. 2:13-cv-00007-KJM-DAD, granting General Yeager and Victoria Yeager exclusive rights to the interpleader funds held by the court and directing that such funds be released to the Yeagers upon entry of this FINAL ORDER AND JUDGMENT.

*Yeager v. Parsons Behle & Latimer, LLP, et al.*, No. 2:14-cv-02544-KJM-DB is DISMISSED with prejudice with each party to bear its own attorneys' fees and costs.

In the No. 2:13-cv-00007 action, this order resolves ECF No. 410. The motions for electronic filing privileges and to amend the answer pending at ECF No. 391 and ECF No. 392 are denied as moot.

In the No. 2:14-cv-02544 action, this order resolves ECF No. 92. The motion to dismiss at ECF No. 71 is denied as moot.

IT IS SO ORDERED

DATED: October 6, 2020.

CHIEF UNITED STATES DISTRICT JUDGE